1  NICOLA T. HANNA
   United States Attorney
2  BRANDON D. FOX
   Assistant United States Attorney
3  Chief, Criminal Division
   BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
4  Assistant United States Attorney
   General Crimes Section
5       1200 United States Courthouse
        312 North Spring Street
6       Los Angeles, California 90012
        Telephone: (213) 894-3819
7       Facsimile: (213) 894-0141
        E-mail:    brian.faerstein@usdoj.gov
8
   Attorneys for Plaintiff
9  UNITED STATES OF AMERICA

10              UNITED STATES DISTRICT COURT

11         FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 UNITED STATES OF AMERICA,          No. CR 19-00343-GW

13          Plaintiff,                STIPULATION AND JOINT REQUEST FOR
                                      A PROTECTIVE ORDER REGARDING
14          v.                        DISCOVERY CONTAINING PERSONAL
                                      IDENTIFYING INFORMATION AND
15 TRAVIS SCHLOTTERBECK,              CONFIDENTIAL INFORMANT INFORMATION
   JAMES BRADLEY VLHA, and
16 JACOB DEKONING,

17          Defendants.

18

19      Plaintiff, United States of America, by and through its counsel

20 of record, the United States Attorney for the Central District of

21 California and Assistant United States Attorney Brian R. Faerstein;

22 defendant Travis Schlotterbeck ("defendant Schlotterbeck"), by and

23 through his counsel of record, Robison D. Harley, Jr.; defendant

24 James Bradley Vlha ("defendant Vlha"), by and through his counsel of

25 record, Jerome J. Haig; and defendant Jacob Dekoning ("defendant

26 Dekoning," and together with defendant Schlotterbeck and defendant

27 Vlha, "defendants" or "the defense"), by and through his counsel of

28 record, Peter Swarth (collectively the "parties"), for the reasons

set forth below, hereby stipulate, agree, and request that the Court enter a protective order in this case restricting the use and dissemination of (1) personal identifying information of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1); and (2) information related to confidential informants, undercover agents, and/or cooperating witnesses who may testify at the trial in this case, as set forth below.

1.    On June 11, 2019, the grand jury returned an indictment against defendants in United States v. Travis Schlotterbeck, James Bradley Vlha, and Jacob Dekoning, CR 19-343-GW.  Defendants are all charged with violations of 18 U.S.C. §§ 371 and 922(a)(1)(A) (conspiracy to engage in the business of manufacturing and dealing in firearms without a license); and 18 U.S.C. §§ 922(a)(1)(A) and 2(a) (engaging in the business of manufacturing and dealing in firearms without a license and aiding and abetting the same). Defendant Schlotterbeck is also charged with a violation of 18 U.S.C. § 922(d) (sale of a firearm to a felon).

2.    As part of its investigation in the above-captioned case, the government is in possession of documents and other materials related to the charges against defendants, and seeks to provide those documents to counsel for defendants (although some of the materials may exceed the scope of the government's discovery obligations).

3.    The government intends to produce to the "defense team" (defined below) for all defendants materials related to personal identifying information of real persons that may include, among other things, personal names, addresses, Social Security numbers, and/or bank account numbers.  The purpose of the proposed protective

2

order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal identifying information of others.  If this information is disclosed to defendants without limitation, it will risk the privacy and security of the information's legitimate owners.  The government has an ongoing obligation to protect these victims and/or third parties.  The government cannot simply produce to defendants an unredacted set of discovery containing this information.

4.   Personal identifying information makes up a portion of the discovery in this case and such information itself, in many instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and defense counsel would not be able to adequately evaluate the case, advise their clients, or prepare for trial.

5.   In addition, the government intends to produce to the "defense team" (defined below) for all defendants materials related to confidential informants, cooperating witnesses, or undercover law enforcement agents who participated in the investigation of this case and who may testify at trial (collectively referred to as the "CI Protected Information").  The CI Protected Information could be used to identify the confidential informants, cooperating witnesses, or undercover law enforcement agents.  The purpose of this proposed protective order is to prevent the unauthorized dissemination or distribution of this CI Protected Information, which dissemination

3

the government believes may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her/them to potential safety risks.

6.   The parties recognize that the materials containing personal identifying information and the CI Protected Information that the government produces to the defense pursuant to the proposed protective order are solely for the use of defendants, defendants' attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case.

7.   Accordingly, the parties jointly request a protective order that will permit the government to produce (1) discovery that is unredacted, but preserves the privacy and security of victims and third parties while placing limitations on defendants' access to the discovery without the defense team present; and (2) discovery related to the confidential informants, cooperating witnesses, or undercover law enforcement agents, but preserves the security of the confidential informants, cooperating witnesses, or undercover law enforcement agents by placing limitations on the use of discovery and on defendants' access to the discovery without defense counsel present.

8.   The parties agree that the following conditions, if ordered by the Court in the proposed protective order (the "Protective Order"), (1) will serve the government's interest in maintaining the privacy and security of victims and third parties, while permitting the defense to understand the government's evidence against defendants; and (2) will serve the government's interest in preserving the effectiveness and safety of confidential informants, cooperating witnesses, and/or undercover law enforcement agents,

4

while permitting the defense to understand the government's evidence against defendants:

a.    For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number.  The term "PII Protected Information" refers to materials containing PII that the government produces to the defense pursuant to the Protective Order.

b.    For purposes of the Protective Order, the term "confidential materials" includes any information relating to a confidential informant's, cooperating witness's, or undercover law enforcement agent's identity, prior history of cooperation with law enforcement, prior criminal history, and/or any other information that could be used to identify a confidential informant, cooperating witness, or undercover law enforcement agent, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number.  The term "CI Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order.

c.    For purposes of the Protective Order, the term "defense team" refers to (1) each defendant's counsel of record, (2) other attorneys at each defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and

(5) paralegals, legal assistants, and other support staff to each defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to each defendant's counsel of record that they agree to be bound by the terms of the Protective Order. The term "defense team" does not include defendants, their family members, or any other associates of defendants.

d. Each defendant's counsel of record agrees to advise all members of the respective defense teams of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

e. The government is authorized to provide each defendant's counsel of record with PII Protected Information marked with the following legend: "CONTENTS SUBJECT TO PII PROTECTIVE ORDER." The government is further authorized to provide each defendant's counsel of record with CI Protected Information marked with the following legend: "CONTENTS SUBJECT TO CI PROTECTIVE ORDER." If any defendant objects to any such designation, such defendant may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

f. Defendants may review PII Protected Information in this case only in the presence of a member of the defense team, and their counsel of record shall ensure that defendants are never left alone with any discovery subject to the Protective Order. Defendants may see and review PII Protected Information in the presence of a member of the defense team, but defendants may not

copy, keep, maintain, or otherwise possess any of such PII Protected Information in this case at any time.  Defendants must return any PII Protected Information to the defense team at the conclusion of any meeting at which defendants are permitted to view the PII Protected Information.  Defendants may not take any PII Protected Information out of the room in which that defendant is meeting with the defense team.  Defendants may not write down or memorialize any PII contained in the PII Protected Information.  At the conclusion of any meeting with defendants, the member of the defense team present shall take with him or her all PII Protected Information. At no time, under no circumstance, will any PII Protected Information be left in the possession, custody, or control of defendants, whether defendants are incarcerated or not.

g.    Defendants may review CI Protected Information in this case only in the presence of their counsel of record, or a paralegal and/or investigator on the defense team working with their counsel of record, and each defendant's counsel of record shall ensure that each defendant is never left alone with any discovery subject to the Protective Order.  Defendants may see and review CI Protected Information in the presence of their counsel of record, or a paralegal and/or investigator on the defense team working with their counsel of record, but defendants may not copy, keep, maintain, or otherwise possess any of such CI Protected Information in this case at any time.  Defendants must return any CI Protected Information to their counsel of record, or a paralegal and/or investigator on the defense team working with their counsel of record, at the conclusion of any meeting at which defendants are permitted to view the CI Protected Information.  Defendants may not

take any CI Protected Information out of the room in which that defendant is meeting with their counsel of record, or a paralegal and/or investigator on the defense team working with their counsel of record.  Defendants may not write down or memorialize any confidential materials contained in the CI Protected Information. At the conclusion of any meeting with defendants, each defendant's counsel of record, or a paralegal and/or investigator on the defense team working with their counsel of record, shall take with them all CI Protected Information.  At no time, under no circumstance, will any CI Protected Information be left in the possession, custody, or control of defendants, whether defendants are incarcerated or not.

h.   The defense team shall not permit anyone other than the defense team to have possession of PII Protected Information or CI Protected Information, including defendants themselves.

i.   The defense team shall access and use PII Protected Information and CI Protected Information for the sole purpose of preparing for trial or any related proceedings in this case.  The defense team may review PII Protected Information and CI Protected Information with a witness or potential witness in this case, including defendants, subject to the requirement above that defense counsel must be present if CI Protected Information is being shown to defendants.  Before being shown any portion of PII Protected Information or CI Protected Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No witness or potential witness may retain PII Protected Information or CI Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

8

j.   The defense team shall maintain PII Protected Information and CI Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendants as restricted above to see PII Protected Information or CI Protected Information, (2) not divulging to anyone the contents of PII Protected Information or CI Protected Information, and (3) not permitting PII Protected Information or CI Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

k.   To the extent that notes are made that memorialize, in whole or in part, the PII in any PII Protected Information or CI Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become PII Protected Information or CI Protected Information, respectively, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

l.   The defense team shall use PII Protected Information and materials otherwise identified as containing PII, and CI Protected Information and materials otherwise identified as containing confidential materials, only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by any defendant and any motion filed by any defendant pursuant to 28 U.S.C. § 2255.  In the event that defendants need to file PII Protected Information, materials otherwise identified as containing PII, CI Protected Information, or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court

filings, the filing should be made under seal, unless government counsel agrees in writing that the filing need not be sealed. In the event government counsel needs to file material containing PII or materials containing confidential materials with the Court, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford the parties an opportunity to object or otherwise respond to such intention. If the other parties do not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

m. The parties also agree that any PII or confidential materials produced in the course of discovery in the above-captioned matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

n. Upon the final disposition of this case, any PII Protected Information, materials otherwise identified as containing PII, CI Protected Information, or materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return PII Protected Information and materials otherwise identified as containing PII to the government, certify that such

10

materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.  Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return CI Protected Information and materials otherwise identified as containing confidential materials to the government or certify that such materials have been destroyed.

o.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any PII Protected Information, materials otherwise identified as containing PII, CI Information, or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel.  New defense counsel then will become the defense team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for (1) returning to the government, certifying the destruction of, or retaining pursuant to the Business and Professions Code and the Rules of Professional Conduct all PII Protected Information and materials otherwise identified as containing PII; and (2) returning to the government or certifying the destruction of all CI Protected Information and materials otherwise identified as containing confidential materials.

9.   Defense counsel for each defendant has conferred with the respective defendants regarding this stipulation and the proposed order thereon, and defendants agree to the terms of the proposed order.

10.   Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: August 27, 2019       NICOLA T. HANNA
                             United States Attorney

                             BRANDON D. FOX
                             Assistant United States Attorney
                             Chief, Criminal Division


                             _/s/ *Brian R. Faerstein*_____
                             BRIAN R. FAERSTEIN
                             Assistant United States Attorney

                             Attorneys for Plaintiff
                             UNITED STATES OF AMERICA


DATED: August 21, 2019       _/s/ *email authorization 8/21/19*_
                             ROBISON D. HARLEY, JR.
                             Attorney for Defendant
                             TRAVIS SCHLOTTERBECK


DATED: August 22, 2019       _/s/ *email authorization 8/22/19*_
                             JEROME J. HAIG
                             Attorney for Defendant
                             JAMES BRADLEY VLHA


DATED: August 26, 2019       _/s/ *email authorization 8/26/19*_
                             PETER SWARTH
                             Attorney for Defendant
                             JACOB DEKONING