NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3819
     Facsimile: (213) 894-0141
     E-mail:    brian.faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-00343-GW |
| Plaintiff, | [PROPOSED] PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND CONFIDENTIAL INFORMANT INFORMATION |
| v. | |
| TRAVIS SCHLOTTERBECK, JAMES BRADLEY VLHA, and JACOB DEKONING, | |
| Defendants. | |

The Court has read and considered the Stipulation and Joint Request for a Protective Order Regarding Discovery Containing Personal Identifying Information and Confidential Informant Information, filed by the government, defendant Travis Schlotterbeck ("defendant Schlotterbeck"), defendant James Bradley Vlha ("defendant Vlha"), and defendant Jacob Dekoning ("defendant Dekoning," and together with defendant Schlotterbeck and defendant Vlha, "defendants" or "the defense") in this matter on August 27, 2019, which this Court incorporates by reference into this order,

and FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1. The government's discovery in this case relates to defendants' alleged crimes, that is violations of 18 U.S.C. §§ 371 and 922(a)(1)(A) (conspiracy to engage in the business of manufacturing and dealing in firearms without a license); 18 U.S.C. §§ 922(a)(1)(A) and 2(a) (engaging in the business of manufacturing and dealing in firearms without a license and aiding and abetting the same); and 18 U.S.C. § 922(d) (sale of a firearm to a felon).

2. The discovery may contain the personal identifying information of real persons, including, among other things, personal names, addresses, Social Security numbers, and/or bank account numbers.

3. If the government were to redact all personal identifying information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and defense counsel would not be able to adequately evaluate the case, advise their clients, or prepare for trial.

4. In addition, certain parts of the discovery in this case relate to the identity and/or history of confidential informants, cooperating witnesses, and/or undercover law enforcement agents involved in the investigation of this case, and as such the discovery contains personal identifying information. The dissemination or distribution of these materials could compromise the ability of the confidential informants, cooperating witnesses,

and/or undercover law enforcement agents to participate effectively in future investigations in an undercover capacity, and it could expose them to potential safety risks.

5. The Court finds it is appropriate, therefore, for (1) the government to produce unredacted discovery that contains personal identifying information, but preserves the privacy and security of victims and third parties; and (2) a Protective Order that would allow the government to produce discovery related to the confidential informants, cooperating witnesses, and/or undercover law enforcement agents, but places limitations on defendants' access to the discovery without defense counsel present.

6. The Court agrees that a protective order as requested by the parties will serve the government's interest in (1) maintaining the privacy and security of victims and third parties while permitting the defense to understand the government's evidence; and (2) preserving the effectiveness and safety of confidential informants, cooperating witnesses, and/or undercover law enforcement agents, while permitting the defense to understand the government's evidence against defendants.

7. Accordingly, the discovery containing personal identifying information and the discovery related to confidential informants, cooperating witnesses, and/or undercover law enforcement agents that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

    a. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone

number, account number, or personal identification number.  The term "PII Protected Information" refers to materials containing PII that the government produces to the defense pursuant to the Protective Order.

      b.    For purposes of the Protective Order, the term "confidential materials" includes any information relating to a confidential informant's, cooperating witness's, or undercover law enforcement agent's identity, prior history of cooperation with law enforcement, prior criminal history, and/or any other information that could be used to identify a confidential informant, cooperating witness, or undercover law enforcement agent, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number.  The term "CI Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order.

      c.    For purposes of the Protective Order, the term "defense team" refers to (1) each defendant's counsel of record, (2) other attorneys at each defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to each defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to each defendant's counsel of record that they agree to be bound by the terms of the Protective

Order.  The term "defense team" does not include defendants, their family members, or any other associates of defendants.

      d.    Each defendant's counsel of record agrees to advise all members of the respective defense teams of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

      e.    The government is authorized to provide each defendant's counsel of record with PII Protected Information marked with the following legend: "CONTENTS SUBJECT TO PII PROTECTIVE ORDER."  The government is further authorized to provide each defendant's counsel of record with CI Protected Information marked with the following legend: "CONTENTS SUBJECT TO CI PROTECTIVE ORDER."  If any defendant objects to any such designation, such defendant may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

      f.    Defendants may review PII Protected Information in this case only in the presence of a member of the defense team, and their counsel of record shall ensure that defendants are never left alone with any discovery subject to the Protective Order. Defendants may see and review PII Protected Information in the presence of a member of the defense team, but defendants may not copy, keep, maintain, or otherwise possess any of such PII Protected Information in this case at any time.  Defendants must return any PII Protected Information to the defense team at the conclusion of any meeting at which defendants are permitted to view the PII Protected Information.  Defendants may not take any PII Protected

Information out of the room in which that defendant is meeting with the defense team.  Defendants may not write down or memorialize any PII contained in the PII Protected Information.  At the conclusion of any meeting with defendants, the member of the defense team present shall take with him or her all PII Protected Information.  At no time, under no circumstance, will any PII Protected Information be left in the possession, custody, or control of defendants, whether defendants are incarcerated or not.

      g.   Defendants may review CI Protected Information in this case only in the presence of their counsel of record, or a paralegal and/or investigator on the defense team working with their counsel of record, and each defendant's counsel of record shall ensure that each defendant is never left alone with any discovery subject to the Protective Order.  Defendants may see and review CI Protected Information in the presence of their counsel of record, or a paralegal and/or investigator on the defense team working with their counsel of record, but defendants may not copy, keep, maintain, or otherwise possess any of such CI Protected Information in this case at any time.  Defendants must return any CI Protected Information to their counsel of record, or a paralegal and/or investigator on the defense team working with their counsel of record, at the conclusion of any meeting at which defendants are permitted to view the CI Protected Information.  Defendants may not take any CI Protected Information out of the room in which that defendant is meeting with their counsel of record, or a paralegal and/or investigator on the defense team working with their counsel of record.  Defendants may not write down or memorialize any confidential materials contained in the CI Protected Information.

At the conclusion of any meeting with defendants, each defendant's counsel of record, or a paralegal and/or investigator on the defense team working with their counsel of record, shall take with them all CI Protected Information.  At no time, under no circumstance, will any CI Protected Information be left in the possession, custody, or control of defendants, whether defendants are incarcerated or not.

    h. The defense team shall not permit anyone other than the defense team to have possession of PII Protected Information or CI Protected Information, including defendants themselves.

    i. The defense team shall access and use PII Protected Information and CI Protected Information for the sole purpose of preparing for trial or any related proceedings in this case.  The defense team may review PII Protected Information and CI Protected Information with a witness or potential witness in this case, including defendants, subject to the requirement above that defense counsel must be present if CI Protected Information is being shown to defendants.  Before being shown any portion of PII Protected Information or CI Protected Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No witness or potential witness may retain PII Protected Information or CI Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

    j. The defense team shall maintain PII Protected Information and CI Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendants as restricted above to see PII Protected

7

Information or CI Protected Information, (2) not divulging to anyone the contents of PII Protected Information or CI Protected Information, and (3) not permitting PII Protected Information or CI Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

   k. To the extent that notes are made that memorialize, in whole or in part, the PII in any Protected Information or the confidential materials in any CI Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become PII Protected Information or CI Protected Information, respectively, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

   l. The defense team shall use PII Protected Information and materials otherwise identified as containing PII, and CI Protected Information and materials otherwise identified as containing confidential materials, only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by any defendant and any motion filed by any defendant pursuant to 28 U.S.C. § 2255.  In the event that defendants need to file PII Protected Information, materials otherwise identified as containing PII, CI Protected Information, or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal, unless government counsel agrees in writing that the filing need not be sealed.  In the event government counsel needs to file material containing PII or materials containing confidential materials with the Court, the

filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford the parties an opportunity to object or otherwise respond to such intention. If the other parties do not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

      m. The parties also agree that any PII or confidential materials produced in the course of discovery in the above-captioned matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

      n. Upon the final disposition of this case, any PII Protected Information, materials otherwise identified as containing PII, CI Protected Information, or materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return PII Protected Information and materials otherwise identified as containing PII to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall

return CI Protected Information and materials otherwise identified as containing confidential materials to the government or certify that such materials have been destroyed.

      o.  In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any PII Protected Information, materials otherwise identified as containing PII, CI Information, or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel.  New defense counsel then will become the defense team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for (1) returning to the government, certifying the destruction of, or retaining pursuant to the Business and Professions Code and the Rules of Professional Conduct all PII Protected Information and materials otherwise identified as containing PII; and (2) returning to the government or certifying the destruction of all CI Protected Information and materials otherwise identified as containing confidential materials.

    IT IS SO ORDERED.

| DATE | HONORABLE GEORGE H. WU<br>UNITED STATES DISTRICT JUDGE |
|---|---|

Presented by:

         /s/
BRIAN R. FAERSTEIN
Assistant United States Attorney