NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3819
     Facsimile: (213) 894-0141
     E-mail:    brian.faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00343-GW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| TRAVIS SCHLOTTERBECK, JAMES BRADLEY VLHA, and JACOB DEKONING, | |
| Defendants. | **CURRENT TRIAL DATE:** 9/24/2019<br>10/1/2019<br>**PROPOSED TRIAL DATE:** 3/3/2020 |

    Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brian R. Faerstein; defendant Travis Schlotterbeck ("defendant Schlotterbeck"), by and through his counsel of record, Robison D. Harley, Jr.; defendant James Bradley Vlha ("defendant Vlha"), by and through his counsel of record, Jerome J. Haig; and defendant Jacob Dekoning ("defendant Dekoning," and together with defendant Schlotterbeck and defendant

Vlha, "defendants"), by and through his counsel of record, Peter Swarth, hereby stipulate as follows:

1. The Indictment in this case was made public on August 13, 2019. Defendant Schlotterbeck and defendant Vlha first appeared before a judicial officer of the court in which the charges in this case were pending on August 13, 2019. Defendant Dekoning first appeared before a judicial officer in the United States District Court for the District of Arizona on August 14, 2019, and made his first appearance before a judicial officer of the court in which the charges in this case were pending on August 20, 2019. With respect to defendant Schlotterbeck and defendant Vlha, the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 22, 2019. With respect to defendant Dekoning, the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 29, 2019.

2. On August 13, 2019, the Court set a trial date of September 24, 2019, with a status conference date of August 29, 2019, for defendant Schlotterbeck and defendant Vlha. The status conference date was later continued by the Court to September 12, 2019. On August 20, 2019, the Court set a trial date of October 1, 2019, for defendant Dekoning. On August 26, 2019, the Court set a status conference date of September 12, 2019, for defendant Dekoning.

3. Defendants are released on bond pending trial. The parties estimate that the trial in this matter will last approximately three days. All defendants are joined for trial and a severance has not been granted.

4. By this stipulation, defendants move to continue the trial date to March 3, 2020, and the status conference date to September 26, 2019. This is the first request for a continuance.

5. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are all charged with violations of 18 U.S.C. §§ 371 and 922(a)(1)(A) (conspiracy to engage in the business of manufacturing and dealing in firearms without a license); and 18 U.S.C. §§ 922(a)(1)(A) and 2(a) (engaging in the business of manufacturing and dealing in firearms without a license and aiding and abetting the same). Defendant Schlotterbeck is also charged with a violation of 18 U.S.C. § 922(d) (sale of a firearm to a felon). Thus far, the government has produced just under 2,000 pages of discovery to the defense, including over 600 pages of written reports as well as photographs, search warrant materials, and other documents relating to the investigation in this case. On August 27, 2019, the parties filed a stipulation and proposed protective order that will govern additional discovery to be produced by the government in this case once a protective order is entered by the Court, including, among other things, a significant number of audio and video recordings and draft transcripts regarding the same and other voluminous data obtained pursuant to search warrants in this case.

    b. Defense counsel for defendant Schlotterbeck is presently scheduled to be in trial on the following days: August 30, 2019, in a three-week conspiracy trial in California state court (People v. Aubrey, No. 17ZF0001); September 20, 2019, in a two-week assault, sexual battery, and false imprisonment trial in California

3

state court (People v. Lugarda, No. 19CF1108); September 24, 2019, in a three-week drug trafficking conspiracy trial in federal court (United States v. Salgado et al., No. CR 18-213-AG); September 27, 2019, in a two-week assault with great bodily injury trial in California state court (People v. Salines, No. 18CF2347); October 7, 2019, in a three-week attempted murder case in California state court (People v. Mosqueda, No. 18zf0003); October 22, 2019, in an eight-week mail and wire fraud trial in federal court (United States v. Michaels et al., No. CR 16-00076-JVS); December 3, 2019, in a two-week methamphetamine trafficking trial in federal court (United States v. Jurado, No. CR 18-00073-JVS); and January 21, 2020, in a two-week firearm possession and methamphetamine trafficking trial in federal court (United States v. Gomez, No. CR 17-00145-CJC). Accordingly, counsel for defendant Schlotterbeck represents that he will not have the time that he believes is necessary to prepare for and be available to try this case on the current trial date.

   c. Defense counsel for defendant Vlha is presently scheduled to be in trial on the following days: October 1, 2019, in a five-day bank fraud and identity theft trial in federal court (United States v. Kinyada Johnson, No. CR 18-856-MWF); October 30, 2019, in a four-week double murder trial in California state court (People v. Rene Salas, No. BA452909-01); December 20, 2019, in a two-week murder trial in California state court (People v. Edgar Espinoza, No. NA104747-02); and January 20, 2019, in a three-week fraud and identity theft case in federal court (United States v. Jivan Hakhazaryan, No. CR 19-287-DMG). Accordingly, counsel for defendant Vlha represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

1              d.    Defense counsel for defendant Dekoning is presently
2  scheduled to be in trial on the following days: September 17, 2019,
3  in a five-day trial in federal court (United States v. Jalbert, No.
4  CR 09-1175-GW-2); October 15, 2019, in a three-week trial in federal
5  court (United States v. Lu, No. CR 15-662-ODW-5); October 22, 2019,
6  in a four-day trial in federal court (United States v. McLemore, No.
7  CR 18-455-JAK-5); October 29, 2019, in a three-day trial in federal
8  court (United States v. Chavarria, No. CR 18-371-JAK-3); December 17,
9  2019, in a four-day trial in federal court (United States v. Bell,
10 No. CR 17-529-MWF-1); and January 28, 2020, in a one-week trial in
11 federal court (United States v. Rucker, CR 17-132-JVS-1).
12 Accordingly, counsel for defendant Dekoning represents that he will
13 not have the time that he believes is necessary to prepare to try
14 this case on the current trial date.
15             e.    In light of the foregoing, counsel for defendants also
16 represent that additional time is necessary to confer with
17 defendants, conduct and complete an independent investigation of the
18 case, conduct and complete additional legal research including for
19 potential pre-trial motions, review the discovery and potential
20 evidence in the case, including additional discovery that will be
21 produced by the government upon the Court's entry of a protective
22 order in this case, and prepare for trial in the event that a
23 pretrial resolution does not occur.  Counsel for defendants represent
24 that failure to grant the continuance would deny them reasonable time
25 necessary for effective preparation, taking into account the exercise
26 of due diligence.

    f. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

    g. The government does not object to the continuance.

    h. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

  6. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of September 24, 2019, to March 3, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  7. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: August 28, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

               /s/
BRIAN R. FAERSTEIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am defendant Schlotterbeck's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 3, 2020, is an informed and voluntary one.

_/s/ Robison D. Harley_      8/30/19
ROBISON D. HARLEY, JR.      Date
Attorney for Defendant
TRAVIS SCHLOTTERBECK

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 3, 2020. I understand that I will be ordered to appear in Courtroom 9D of the

```
 1  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
 2  September 26, 2019, at 8:00 a.m., and March 3, 2020, at 9:00 a.m.
 3
 4  _____        8/30/2019
    TRAVIS SCHLOTTERBECK                Date
 5  Defendant
 6
 7       I am defendant Vlha's attorney.  I have carefully discussed
 8  every part of this stipulation and the continuance of the trial date
 9  with my client.  I have fully informed my client of his Speedy Trial
10  rights.  To my knowledge, my client understands those rights and
11  agrees to waive them.  I believe that my client's decision to give up
12  the right to be brought to trial earlier than March 3, 2020, is an
13  informed and voluntary one.
14
15  _____        _____
    JEROME J. HAIG                       Date
    Attorney for Defendant
16  JAMES BRADLEY VLHA
17
18       I have read this stipulation and have carefully discussed it
19  with my attorney.  I understand my Speedy Trial rights.  I
20  voluntarily agree to the continuance of the trial date, and give up
21  my right to be brought to trial earlier than March 3, 2020.  I
22  understand that I will be ordered to appear in Courtroom 9D of the
23  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
24  September 26, 2019, at 8:00 a.m., and March 3, 2020, at 9:00 a.m.
25
26  _____        _____
    JAMES BRADLEY VLHA                   Date
27  Defendant
28
```

Federal Courthouse, 350 W. 1st Street, Los Angeles, California on September 26, 2019, at 8:00 a.m., and March 3, 2020, at 9:00 a.m.

_____   _____
TRAVIS SCHLOTTERBECK                              Date
Defendant

I am defendant Vlha's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than March 3, 2020, is an informed and voluntary one.

_____   August 30, 2019
JEROME J. HAIG                                      Date
Attorney for Defendant
JAMES BRADLEY VLHA

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than March 3, 2020. I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on September 26, 2019, at 8:00 a.m., and March 3, 2020, at 9:00 a.m.

_____   8-29-19
JAMES BRADLEY VLHA                              Date
Defendant

8

1  I am defendant Dekoning's attorney. I have carefully discussed
2  every part of this stipulation and the continuance of the trial date
3  with my client. I have fully informed my client of his Speedy Trial
4  rights. To my knowledge, my client understands those rights and
5  agrees to waive them. I believe that my client's decision to give up
6  the right to be brought to trial earlier than March 3, 2020, is an
7  informed and voluntary one.

_____     9-4-19
PETER SWARTH                          Date
Attorney for Defendant
JACOB DEKONING

12  I have read this stipulation and have carefully discussed it
13  with my attorney. I understand my Speedy Trial rights. I
14  voluntarily agree to the continuance of the trial date, and give up
15  my right to be brought to trial earlier than March 3, 2020. I
16  understand that I will be ordered to appear in Courtroom 9D of the
17  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
18  September 26, 2019, at 8:00 a.m., and March 3, 2020, at 9:00 a.m.

X _____     9/4/19
JACOB DEKONING                        Date
Defendant