```
 1  NICOLA T. HANNA
    United States Attorney
 2  BRANDON D. FOX
    Assistant United States Attorney
 3  Chief, Criminal Division
    BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
 4  Assistant United States Attorney
    General Crimes Section
 5       1200 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-3819
 7       Facsimile: (213) 894-0141
         E-mail:    brian.faerstein@usdoj.gov
 8
    Attorneys for Plaintiff
 9  UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00343-GW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR <u>(1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> |
| v. | |
| TRAVIS SCHLOTTERBECK, JAMES BRADLEY VLHA, and JACOB DEKONING, | |
| Defendants. | **CURRENT TRIAL DATE:** 3/3/2020<br>**PROPOSED TRIAL DATE:** 8/25/2020 |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brian R. Faerstein; defendant Travis Schlotterbeck ("defendant Schlotterbeck"), by and through his counsel of record, Robison D. Harley, Jr.; defendant James Bradley Vlha ("defendant Vlha"), by and through his counsel of record, Jerome J. Haig; and defendant Jacob Dekoning ("defendant Dekoning," and together with defendant Schlotterbeck and defendant

Vlha, "defendants"), by and through his counsel of record, Peter Swarth, hereby stipulate as follows:

1. The Indictment in this case was made public on August 13, 2019. Defendant Schlotterbeck and defendant Vlha first appeared before a judicial officer of the court in which the charges in this case were pending on August 13, 2019. Defendant Dekoning first appeared before a judicial officer in the United States District Court for the District of Arizona on August 14, 2019, and made his first appearance before a judicial officer of the court in which the charges in this case were pending on August 20, 2019. With respect to defendant Schlotterbeck and defendant Vlha, the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 22, 2019. With respect to defendant Dekoning, the Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 23, 2019.

2. On August 13, 2019, the Court set a trial date of September 24, 2019, with a status conference date of August 29, 2019, for defendant Schlotterbeck and defendant Vlha. The status conference date was later continued by the Court to September 12, 2019. On August 20, 2019, the Court set a trial date of October 1, 2019, for defendant Dekoning. On August 26, 2019, the Court set a status conference date of September 12, 2019, for defendant Dekoning.

3. Defendants are released on bond pending trial. The parties estimate that the trial in this matter will last approximately four days. All defendants are joined for trial and a severance has not been granted.

4. The Court has previously continued the trial dates in this case from September 24, 2019 (defendants Schlotterbeck and Vlha), and

October 1, 2019 (defendant Dekoning), to March 3, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. The Court also previously continued the date for a status conference in this proceeding from September 12, 2019, to February 20, 2020.

    5. By this stipulation, defendants move to continue the trial date to August 25, 2020, and the status conference to a date to be set by the Court. This is the second request for a continuance.

    6. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

        a. Defendants are all charged with violations of 18 U.S.C. §§ 371 and 922(a)(1)(A) (conspiracy to engage in the business of manufacturing and dealing in firearms without a license); and 18 U.S.C. §§ 922(a)(1)(A) and 2(a) (engaging in the business of manufacturing and dealing in firearms without a license and aiding and abetting the same). Defendant Schlotterbeck is also charged with a violation of 18 U.S.C. § 922(d) (sale of a firearm to a felon). Thus far, the government has produced seven tranches of discovery consisting of over 5,200 pages to the defense, including over 600 pages of written reports as well as photographs, text messages, call records, draft transcripts of audio and video files, witness statements, defendant interviews, law enforcement records and query materials, materials relating to eight search warrants, and other documents relating to the allegations in this case. The government has also produced over 150 audio and video files pertaining to recorded meetings and calls during the underlying investigation. There are over 2,400 pages of draft transcripts corresponding to

those files that the parties will be reviewing for accuracy in due course.  In addition, the government has produced the responsive contents of seven electronic devices seized pursuant to the execution of search warrants in this case.  The voluminous files on those devices are not included in the approximate page count provided above.  The parties have met and conferred telephonically regarding discovery on two occasions during the pendency of this case (August 21, 2019, and January 8, 2020).  During these teleconferences, the parties have discussed, among other things, the existence of additional discovery the government intends to produce should the parties not resolve the charges in this case prior to trial.  The parties have conferred on a tentative schedule for the production of these additional materials based off of the August 25, 2020, trial date proposed through this stipulation.

   b. Defense counsel for defendant Schlotterbeck is presently scheduled to be in trial on the following days: (1) January 27, 2020, in a multi-defendant homicide jury trial in California state court, estimated to last three-to-four weeks (People v. Ruiz, No. 19CF2150); (2) February 6, 2020, in an attempt to solicit a crime jury trial in California state court, estimated to last two weeks (People v. Foley, No. 18CF11764); (3) February 11, 2020, in a methamphetamine trafficking jury trial in federal court, estimated to last one week (United States v. Jurado, No. CR 18-00073-JVS); (4) February 20, 2020, in a possession of controlled substance and fireworks jury trial in California state court, estimated to last three weeks (People v. Duff, Nos. 17NF2129 and 17NF2018); (5) February 25, 2020, in a human trafficking jury trial in California state court, estimated to last three weeks (People v.

Johnson, No. 18CF0043); (6) March 17, 2020, in a possession of controlled substance and child abuse jury trial in California state court, estimated to last one week (People v. Cuevas, No. 16CF2742); (7) March 24, 2020, in a methamphetamine trafficking jury trial in federal court, estimated to last two weeks (United States v. Velasquez, No. CR 19-00113-DOC); (8) April 21, 2020, in a methamphetamine trafficking jury trial in federal court, estimated to last two weeks (United States v. Rascon, No. CR 18-00213-AG); (9) May 12, 2020, in a narcotics trafficking jury trial in federal court, estimated to last two weeks (United States v. Cardenas, No. CR 19-00510-CAS); (10) June 2, 2020, in a methamphetamine trafficking jury trial in federal court, estimated to last one week (United States v. Gomez, No. CR 17-00145-CJC); and (11) August 11, 2020, in a methamphetamine trafficking jury trial in federal court, estimated to last approximately one week (United States v. Flores, No. CR 19-00168-DOC). Counsel for Schlotterbeck also represents that he has previously scheduled a pre-paid international trip from July 5 through July 26, 2020. Accordingly, counsel for defendant Schlotterbeck represents that he will not have the time that he believes is necessary to prepare for and be available to try this case on the current trial date.

   c. Defense counsel for defendant Vlha is presently scheduled to be in trial on the following days: (1) January 21, 2020, in a special circumstances murder jury trial in California state court, estimated to last four weeks (People v. Rene Salas, No. BA452909); (2) February 27, 2020, in a special circumstances murder jury trial in California state court, estimated to last three weeks (People v. Edgar Espinoza, No. NA104747); (3) April 14, 2020, in a

fraud and money laundering jury trial in federal court, estimated to last two months (United States v. Valentine Iro, No. CR 19-380-MWF); (4) May 19, 2020, in a drug conspiracy jury trial in federal court, estimated to last two weeks (United States v. Denny Vuoug, No. CR 19-275-ODW); and (5) July 21, 2020, in a bank fraud jury trial in federal court, estimated to last three weeks (United States v. Jivan Hakhnazaryan, No. CR 19-287-DMG). Accordingly, counsel for defendant Vlha represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

       d.    Defense counsel for defendant Dekoning is presently scheduled to be in trial on the following days: (1) February 18, 2020, in a money laundering conspiracy jury trial, estimated to last over three weeks (United States v. Lu, CR-15-662-ODW-5); (2) February 25, 2020, in a narcotics conspiracy jury trial estimated to last over two weeks (United States v Love, CR-18-430-SJO-2); (3) February 25, 2020, in a robbery jury trial estimated to last three days (United States v Baker, CR-18-779-PA-1); (4) March 17, 2020, in an armed bank robbery jury trial estimated to last two-to-three days (United States v Baker, CR-18-777-PA-1); (5) March 24, 2020, in a tax fraud jury trial estimated to last four days (United States v. Rucker, CR-17-132-JVS-1); (6) March 24, 2020, in a mail theft jury trial estimated to last two days (United States v Chavarria, CR-18-371-JAK-3); (7) March 31, 2020, in a narcotics distribution jury trial estimated to last five days (United States v Gonzalez, CR-18-810-MWF-2); (8) March 31, 2020, in a bank fraud jury trial estimated to last three days (United States v Tumambing, 19-375-ODW-2); (9) April 7, 2020, in a narcotics distribution jury trial estimated to last two days (United States v Williams, 19-363-AG-2); (10) April 14, 2020, in

a fraud and money laundering jury trial estimated to last more than four weeks (United States v Iro, 19-380-VAP-6); (11) May 12, 2020, in a felon in possession of firearm jury trial estimated to last one day (United States v Sandoval, CR-19-617-GW-1); (12) May 19, 2020, in a narcotics conspiracy jury trial estimated to last three weeks (United States v Lim, 19-275-ODW-15); and (13) June 16, 2020, in a wire fraud and identity theft jury trial estimated to last six days (United States v Bell, CR-17-529-MWF-1).  Accordingly, counsel for defendant Dekoning represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

   e. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Counsel for defendants represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   f. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

   g. The government does not object to the continuance.

   h. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the

part of the attorney for the government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 3, 2020, to August 25, 2020, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//
//
//
//
//
//
//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: January 22, 2020         Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


                                        /s/
BRIAN R. FAERSTEIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1  I am defendant Schlotterbeck's attorney. I have carefully
2  discussed every part of this stipulation and the continuance of the
3  trial date with my client. I have fully informed my client of his
4  Speedy Trial rights. To my knowledge, my client understands those
5  rights and agrees to waive them. I believe that my client's decision
6  to give up the right to be brought to trial earlier than August 25,
7  2020, is an informed and voluntary one.

*/s/ Rob Harley*   1/27/2020
ROBISON D. HARLEY, JR.   Date
Attorney for Defendant
TRAVIS SCHLOTTERBECK

I have read this stipulation and have carefully discussed it
with my attorney. I understand my Speedy Trial rights. I
voluntarily agree to the continuance of the trial date, and give up
my right to be brought to trial earlier than August 25, 2020. I
understand that I will be ordered to appear in Courtroom 9D of the
Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
August 25, 2020, at 9:00 a.m.

*/s/*   1/27/2020
TRAVIS SCHLOTTERBECK   Date
Defendant

//
//
//
//
//
//
//

10

1  I am defendant Vlha's attorney. I have carefully discussed
2 every part of this stipulation and the continuance of the trial date
3 with my client. I have fully informed my client of his Speedy Trial
4 rights. To my knowledge, my client understands those rights and
5 agrees to waive them. I believe that my client's decision to give up
6 the right to be brought to trial earlier than August 25, 2020, is an
7 informed and voluntary one.

8  _____     January 23, 2020
9  JEROME J. HAIG                     Date
   Attorney for Defendant
10 JAMES BRADLEY VLHA

11

12  I have read this stipulation and have carefully discussed it
13 with my attorney. I understand my Speedy Trial rights. I
14 voluntarily agree to the continuance of the trial date, and give up
15 my right to be brought to trial earlier than August 25, 2020. I
16 understand that I will be ordered to appear in Courtroom 9D of the
17 Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
18 August 25, 2020, at 9:00 a.m.

19  _____     Jan 23, 2020
    James B Vlha (Jan 23, 2020)
20  JAMES BRADLEY VLHA                 Date
    Defendant
21
22 //
23 //
24 //
25 //
26 //
27 //
28 //

11

1    I am defendant Dekoning's attorney. I have carefully discussed
2    every part of this stipulation and the continuance of the trial date
3    with my client. I have fully informed my client of his Speedy Trial
4    rights. To my knowledge, my client understands those rights and
5    agrees to waive them. I believe that my client's decision to give up
6    the right to be brought to trial earlier than August 25, 2020, is an
7    informed and voluntary one.

_____           1/29/20
PETER SWARTH                            Date
Attorney for Defendant
JACOB DEKONING

12   I have read this stipulation and have carefully discussed it
13   with my attorney. I understand my Speedy Trial rights. I
14   voluntarily agree to the continuance of the trial date, and give up
15   my right to be brought to trial earlier than August 25, 2020. I
16   understand that I will be ordered to appear in Courtroom 9D of the
17   Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
18   August 25, 2020, at 9:00 a.m.

_____           1-29-20
JACOB DEKONING                          Date
Defendant