NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3819
     Facsimile: (213) 894-0141
     E-mail:    brian.faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00343-GW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA, | |
| Defendants. | **CURRENT TRIAL DATE:** 8/25/2020<br>**PROPOSED TRIAL DATE:** 4/13/2021 |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brian R. Faerstein; defendant Travis Schlotterbeck ("defendant Schlotterbeck"), by and through his counsel of record, Robison D. Harley, Jr.; and defendant James Bradley Vlha ("defendant Vlha," and together with defendant Schlotterbeck, "defendants"), by and through his counsel of record, Jerome J. Haig, hereby stipulate as follows:

1. The Indictment in this case was made public on August 13, 2019. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on August 13, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 22, 2019.

2. On August 13, 2019, the Court set a trial date of September 24, 2019, with a status conference date of August 29, 2019. The status conference date was later continued by the Court to September 12, 2019.

3. Defendants are released on bond pending trial. The parties estimate that the trial in this matter will last approximately four to five days. All defendants are joined for trial and a severance has not been granted.

4. The Court has previously continued the trial dates in this case from September 24, 2019, to August 25, 2020, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. The Court also previously continued the date for a status conference in this proceeding from September 12, 2019, to August 13, 2020.

5. By this stipulation, defendants move to continue the trial date to April 13, 2021, and the status conference to a date to be set by the Court. This is the third request for a continuance.

6. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are both charged with violations of 18 U.S.C. §§ 371 and 922(a)(1)(A) (conspiracy to engage in the business of manufacturing and dealing in firearms without a license); and 18

U.S.C. §§ 922(a)(1)(A) and 2(a) (engaging in the business of manufacturing and dealing in firearms without a license and aiding and abetting the same). Defendant Schlotterbeck is also charged with a violation of 18 U.S.C. § 922(d) (sale of a firearm to a felon). Thus far, the government has produced eight tranches of discovery consisting of just under 7,000 pages to the defense, including over 600 pages of written reports as well as photographs, text messages, call records, draft transcripts of audio and video files, witness statements, defendant interviews, law enforcement records and query materials, materials relating to eight search warrants, and other documents relating to the allegations in this case. The government has also produced over 150 audio and video files pertaining to recorded meetings and calls during the underlying investigation. There are over 1,700 pages of draft transcripts corresponding to those files that the parties will be reviewing for accuracy in due course. In addition, the government has produced the responsive contents of seven electronic devices seized pursuant to the execution of search warrants in this case. The voluminous files on those devices are not included in the approximate page count provided above. The parties have met and conferred telephonically regarding discovery on two occasions during the pendency of this case (August 21, 2019, and January 8, 2020), and discussed scheduling matters on other occasions as well. During these teleconferences, the parties have discussed, among other things, the existence of additional discovery the government intends to produce should the parties not resolve the charges in this case prior to trial.

      b. Defense counsel for defendant Schlotterbeck represents that he has various substantive obligations between now and the

3

current trial date, which necessitate the continuance of the trial to April 13, 2021.  The list of obligations for counsel for defendant Schlotterbeck is attached hereto as Appendix A and is incorporated as if fully set forth herein.  Accordingly, counsel for defendant Schlotterbeck represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

    c. Defense counsel for defendant Vlha represents that he has various substantive obligations between now and the current trial date, which necessitate the continuance of the trial to April 13, 2021.  The list of obligations for counsel for defendant Vlha is attached hereto as Appendix B and is incorporated as if fully set forth herein.  Accordingly, counsel for defendant Vlha represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

    d. On March 13, 2020, the Court entered a General Order suspending jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (March 13, 2020).  The same day, the Court entered another General Order imposing health- and travel-related limitations on access to Court facilities.  C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (March 13, 2020).

    e. These orders were imposed based on both (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of

exposure to the virus and slowing the spread of the disease.  See General Order 20-02, at 1.

   f. On March 19, 2020, the Court entered an Order of the Chief Judge activating the Continuity of Operations Plan ("COOP"), effective March 23, 2020 through and including May 1, 2020.  Among other things, the COOP Plan closed all the courthouses of the Central District of California to the public except for hearings on criminal duty matters.  C.D. Cal. Order of the Chief Judge No. 20-042, In Re: Coronavirus Public Emergency, Activation of Continuity of Operations Plan (March 19, 2020).

   g. On March 29, 2020, the Court entered an Order of the Chief Judge, finding that the emergency conditions due to the COVID-19 virus outbreak will materially affect the functioning of the courts within the Central District of California.  C.D. Cal. Order of the Chief Judge No. 20-043, In Re: Coronavirus Public Emergency, Use of Video and Telephonic Conference Technology in Certain Criminal Proceedings (March 29, 2020).  The Order further found that, pursuant to § 15002(b)(2) of the CARES Act, felony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety.

   h. On April 13, 2020, the Court entered a General Order suspending jury trials until after June 1, 2020 or as otherwise ordered by the Court and extending the COOP until June 1, 2020.  C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (April 13, 2020).  The General order incorporated by reference Order of the Chief Judge No. 20-043, including its provision that hearings by

video and telephonic conference may be held by individual judges in certain criminal matters.

   i. On May 28, 2020, the Court entered a General Order superseding General Order No. 20-05. Under the General Order, the Court adopted the Plan for Phased Resumption of Operations ("Reopening Plan"). C.D. Cal. General Order No. 20-08, In Re: Coronavirus Public Emergency, Order Concerning Phased Reopening of the Court (May 28, 2020). Under the Reopening Plan, (1) in Phase 1, certain court staff are to return to the courthouse no earlier than June 1, 2020; (2) in Phase 2, limited in-court hearings will be implemented three weeks after Phase 1 and no earlier than June 22, 2020; and (3) in Phase 3, jury trials are to resume at a date to be determined. Id. The activation of the COOP was extended through and including the implementation of Phase 2. Id.

   j. The government understands that, as of the date of this filing, the courts within the Central District of California are still in the process of determining when jury trials will resume.

   k. The ends of justice amply justify excludable time. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. See Furlow v. United States, 644 F.2d 764, 767-69 (9th Cir. 1981). Here, the pandemic presents a number of public-health risks and concerns that justify a trial continuance because counsel, United States Attorney's Office personnel, and victim-witness specialists have been encouraged to telework to minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses, inconsistent with advice from the Centers for Disease Control. Due to the restrictions imposed by current public-health

6

concerns, it is it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   l. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Counsel for defendants represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   m. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

   n. The government does not object to the continuance.

   o. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

  7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of August 25, 2020, to April 13, 2021, inclusive,

should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: July 16, 2020                    Respectfully submitted,

                                        NICOLA T. HANNA
                                        United States Attorney

                                        BRANDON D. FOX
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        ─────────────────────────────
                                        BRIAN R. FAERSTEIN
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

1   I am defendant Schlotterbeck's attorney. I have carefully
2   discussed every part of this stipulation and the continuance of the
3   trial date with my client. I have fully informed my client of his
4   Speedy Trial rights. To my knowledge, my client understands those
5   rights and agrees to waive them. I believe that my client's decision
6   to give up the right to be brought to trial earlier than April 13,
7   2021, is an informed and voluntary one.

8
9   /s/                                          7/23/2020
    ROBISON D. HARLEY, JR.                       Date
    Attorney for Defendant
10  TRAVIS SCHLOTTERBECK

11

12  I have read this stipulation and have carefully discussed it
13  with my attorney. I understand my Speedy Trial rights. I
14  voluntarily agree to the continuance of the trial date, and give up
15  my right to be brought to trial earlier than April 13, 2021. I
16  understand that I will be ordered to appear in Courtroom 9D of the
17  Federal Courthouse, 350 W. 1st Street, Los Angeles, California on
18  April 13, 2021, at 9:00 a.m.

19
20  [signature]                                  7/23/2020
    TRAVIS SCHLOTTERBECK                         Date
    Defendant
21

22  //
23  //
24  //
25  //
26  //
27  //
28  //

9

I am defendant Vlha's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than April 13, 2021, is an informed and voluntary one.

_____   July 21, 2020
JEROME J. HAIG                    Date
Attorney for Defendant
JAMES BRADLEY VLHA

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than April 13, 2021. I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on April 13, 2021, at 9:00 a.m.

_____   Jul 22, 2020
James B Vlha (Jul 22, 2020 06:44 PDT)
JAMES BRADLEY VLHA                Date
Defendant

**Appendix A**

**Mr. Harley's Case and Trial Conflicts**

Counsel for defendant Travis Schlotterbeck (Defendant No. 1), Robison D. Harley, Jr., represents that he has the following obligations:

- People v. Aubrey, Superior Court of California, Case No. 17ZF0001; Criminal Street Gang and Conspiracy trial scheduled to commence July 31, 2020, and expected to last approximately two weeks;
- People v. Vega, Superior Court of California, Case No. 18CM07296; Resisting Public or Peace Officer trial scheduled to commence August 5, 2020, and expected to last approximately four days;
- United States v. Flores, District Court for Central District of California, Case No. 8:19-cr-00168-DOC; Conspiracy to Distribute and Distribution of Methamphetamine trial scheduled to commence August 11, 2020, and expected to last approximately three-to-four weeks;
- United States v. Jurado, District Court for Central District of California, Case No. 8:18-cr-00073-JVS; Conspiracy to Distribute and Distribution of Methamphetamine trial scheduled to commence September 8, 2020, and expected to last approximately three-to-four weeks;
- United States v. Landa-Rodriguez et. al., representing defendant Leyva (defendant no. 31), District Court for Central District of California, Case No.: 2:18-cr-000173-

|   |   |
|---|---|
| 1 | GW; RICO and Conspiracy to Distribute and Possess |
| 2 | Controlled Substances trial scheduled to commence October |
| 3 | 20, 2020, and expected to last approximately six-to-eight |
| 4 | weeks; and |

- United States v. Wilfredo, District Court for Central District of California, Case 8:15-cr-00120-CJC; Conspiracy to Produce Identification Documents, Production of Identification Documents, and Aggravated Identity Theft trial scheduled to commence December 8, 2020, and expected to last approximately three-to-four weeks.

Mr. Harley further represents that he has at least three additional murder and attempted murder cases in the Superior Court of California that do not currently have trial dates but that he expects to be set for trials starting at the beginning of 2021. These cases are: People v. Belknap, Case No. 18WF0485; People v. Velazquez, Case No.18ZF0002; and, People v. Mosqueda, Case No. 18ZF0003.

**Appendix B**

**Mr. Haig's Case and Trial Conflicts**

Counsel for defendant James Bradley Vlha (Defendant No. 2), Jerome J. Haig, represents that he has the following obligations:

- People v. Barry Williams, Superior Court of California, Case No. A623377; 2-month death penalty trial, set for September 30, 2020;

- United States v. Edwin Martinez, District Court for Central District of California, CR 19-117(B)-ODW-18, capital case with 3-month trial estimate, set for October 6, 2020;

- People v. Edgar Espinoza, Superior Court of California, Case No. NA104747; 3-week special circumstances murder trial, tentatively set for November 10, 2020;

- United States v. Valentine Iro, District Court for Central District of California, CR No. 19-380-VAP-1, multi-week international fraud and money laundering trial, set for December 1, 2020;

- People v. Ezequiel Romo, Superior Court of California, Case No. BA475969; death penalty case with 2-month time estimate, tentatively set for trial on January 6, 2021;

- United States v. Jivan Hakhazaryan, District Court for Central District of California, CR No. 19-287-DMG-8, 4-week identity theft trial, set for January 26, 2021; and

- United States v. Denny Vuong, District Court for Central District of California, CR 19-275-ODW-18, 2-week drug trafficking trial, set for February 9, 2021.