TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3819
    Facsimile: (213) 894-0141
    E-mail:   brian.faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA,<br><br>        Defendants. | No. CR 19-00343-GW<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 4/13/2021<br>**PROPOSED TRIAL DATE:** 11/9/2021 |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brian R. Faerstein; defendant Travis Schlotterbeck ("defendant Schlotterbeck"), by and through his counsel of record, Robison D. Harley, Jr.; and defendant James Bradley Vlha ("defendant Vlha," and together with defendant Schlotterbeck, "defendants"), by and through his counsel of record, Jerome J. Haig, hereby stipulate as follows:

1. The Indictment in this case was made public on August 13, 2019. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on August 13, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 22, 2019.

2. On August 13, 2019, the Court set a trial date of September 24, 2019, with a status conference date of August 29, 2019. The status conference date was later continued by the Court to September 12, 2019.

3. Defendants are released on bond pending trial. The parties estimate that the trial in this matter will last approximately four to five days. All defendants are joined for trial and a severance has not been granted.

4. The Court has previously continued the trial dates in this case from September 24, 2019, to April 13, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. The Court also previously continued the date for a status conference in this proceeding from September 12, 2019, to April 1, 2021.

5. By this stipulation, defendants move to continue the trial date to November 9, 2021, and the status conference to a date to be set by the Court. This is the fourth request for a continuance.

6. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are both charged with violations of 18 U.S.C. §§ 371 and 922(a)(1)(A) (conspiracy to engage in the business of manufacturing and dealing in firearms without a license); and 18

U.S.C. §§ 922(a)(1)(A) and 2(a) (engaging in the business of manufacturing and dealing in firearms without a license and aiding and abetting the same). Defendant Schlotterbeck is also charged with a violation of 18 U.S.C. § 922(d) (sale of a firearm to a felon). Thus far, the government has produced ten tranches of discovery consisting of over 8,000 pages to the defense, including over 600 pages of written reports as well as photographs, text messages, call records, draft transcripts of audio and video files, witness statements, defendant interviews, law enforcement records and query materials, materials relating to eight search warrants, and other documents relating to the allegations in this case. The government has also produced over 150 audio and video files pertaining to recorded meetings and calls during the underlying investigation. There are over 1,700 pages of draft transcripts corresponding to those files that the parties are reviewing for accuracy. In addition, the government has produced the responsive contents of seven electronic devices seized pursuant to the execution of search warrants in this case. The voluminous files on those devices are not included in the approximate page count provided above. The parties have met and conferred telephonically regarding discovery on two occasions during the pendency of this case (August 21, 2019, and January 8, 2020), and discussed scheduling matters on other occasions as well. During these teleconferences, the parties have discussed, among other things, the existence of additional discovery the government intends to produce should the parties not resolve the charges in this case prior to trial.

       b.    Defense counsel for defendant Schlotterbeck represents that he has various substantive obligations between now and the

current trial date, which necessitate the continuance of the trial to November 9, 2021. The list of obligations for counsel for defendant Schlotterbeck is attached hereto as Appendix A and is incorporated as if fully set forth herein. Accordingly, counsel for defendant Schlotterbeck represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      c. Defense counsel for defendant Vlha represents that he has various substantive obligations between now and the current trial date, which necessitate the continuance of the trial to November 9, 2021. The list of obligations for counsel for defendant Vlha is attached hereto as Appendix B and is incorporated as if fully set forth herein. Accordingly, counsel for defendant Vlha represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

      d. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Counsel for defendants represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      e. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

4

7. Defendants also request the continuance based upon the following facts related to the COVID-19 pandemic, which the parties also believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. On March 13, 2020, following the President's declaration of a national emergency in response to COVID-19, the Court entered a General Order suspending jury selection and jury trials. C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). That suspension remains in place "[u]ntil further notice." C.D. Cal. Notice from the Clerk, "Amended Expiration of Continuity of Operations Plan," http://www.cacd.uscourts.gov/news/amended-expiration-continuity-operations-plan (Feb. 2, 2021) ("COOP Expiration Notice").

    b. Also on March 13, 2020, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court implemented its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020). On March 29 and 31, 2021, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and suspending all grand-jury proceedings. C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar. 31, 2020); see C.D. Cal. Order of the Chief Judge No. 20-186

(December 17, 2020) ("extend[ing] all findings and authorizations in Order of the Chief Judge No. 20-043 for an additional 90 days unless earlier terminated").

        c.   On August 6 and September 14, 2020, the Court slightly relaxed its restrictions to permit in-person criminal hearings for defendants who do not consent to remote appearance and to allow up to 10 members of the public to attend. General Order No. 20-09, at 2-3; C.D. Cal. General Order No. 20-12, In Re: Coronavirus Public Emergency Order Concerning Reopening of the Southern Division, at 2 (Sept. 14, 2020). However, on December 7, 2020, following "an unprecedented surge of COVID-19 cases, hospitalizations, and test positivity rates in the Central District," the Court reinstituted its COOP Plan. Order of the Chief Judge No. 20-179, at 1-2. The COOP Plan suspended all grand jury proceedings and once again closed court facilities to the public except for hearings on certain criminal duty matters. Order of the Chief Judge No. 20-179, at 2-3. On January 6, 2021, the suspension was extended through and including January 29, 2021. Order of the Chief Judge No. 21-002, at 2. The COOP Plan expired on January 29, 2021, and the Court permitted the resumption of certain in-person hearings, but not jury trials, beginning on February 1, 2021. See COOP Expiration Notice.

        d.   The Court's orders were imposed based on (1) the California Governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See, e.g., General Order 20-02, at 1. The Chief Judge has recognized that, during the COVID-19 crisis, gatherings should be limited to no

more than 10 people and elderly and other vulnerable people should avoid person-to-person contact. See Order of the Chief Judge No. 20-042, at 1-2. The Court has more broadly recognized CDC guidance advising "precautions to reduce the possibility of exposure to the virus and slow the spread of the disease[.]" General Order 20-09, at 1.

  e. Local and state governments have adopted similar policies. On March 19, 2020, both Los Angeles Mayor Eric Garcetti and California Governor Gavin Newsom issued emergency orders requiring residents to "stay home," subject to limited exceptions. California Executive Order N-33-20 (March 19, 2020); accord Safer at Home, Public Order Under City of Los Angeles Emergency Authority ¶ 1 (March 19, 2020). Subject to similarly limited exceptions, all travel was prohibited. Safer At Home ¶ 4. Non-essential businesses requiring in-person attendance by workers were ordered to cease operations. Id. ¶ 2. All schools in the Los Angeles Unified School District remain closed to in-person classes.

  f. On December 3, 2020, the Acting State Public Health Officer of the State of California issued a Regional Stay at Home Order based on the "unprecedented surge in the level of community spread of COVID-19." California Regional Stay at Home Order 12/03/2020 (Dec. 3, 2020). That order went into effect on December 6, 2020 and restricted business and social activities, including by suspending outdoor restaurant operations, in California regions for which ICU bed capacity is less than 15%. As the Chief Judge's December 7, 2020 Order reactivating the COOP Plan recognized, ICU availability in the Southern California region, which includes the entire Central District, fell below 15% as soon as the Regional Stay

7

at Home Order went into effect. Order of the Chief Judge No. 20-179, at 2. When the COOP Plan was extended on January 6, 2021, ICU availability in the Southern California region was at 0.0%. Order of the Chief Judge 21-002, at 1. Although the Regional Stay at Home Order was lifted on January 25, 2021, ICU availability has increased, and case numbers have declined, COVID-19 remains extremely dangerous, and California counties remain subject to various restrictions, depending on their tier. See "Blueprint for a Safer Economy," https://covid19.ca.gov/safer-economy/ (last visited March 17, 2021).

    g. As these measures reflect, the coronavirus pandemic is a global emergency that is unprecedented in modern history. As data from both the Centers for Disease Control and the California Department of Public Health reflect, the virus has spread through the United States community at an alarming rate. See Coronavirus Disease 2019 (COVID-19) in the U.S., Centers for Disease Control and Prevention (updated daily), available at https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html; Coronavirus Disease 2019 (COVID-19), California Department of Public Health (updated daily), available at https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/Immunization/ncov2019.aspx. The death toll, across the world, is staggering.

    h. Based on these facts, the Court's August 2020 order concluded that it was necessary to suspend criminal jury trials until further notice "in order to protect public health, and in order to reduce the size of public gatherings and reduce unnecessary travel." General Order 20-09, at 1. Given the increased rates of COVID-19-related hospitalization and death over the 30 days preceding the August 2020 order, the Court found that "holding jury trials

substantially increases the chances of transmitting the Coronavirus," and it would thus "place prospective jurors, defendant, attorneys, and court personnel at unnecessary risk." Id. at 3. The Court concluded that suspending jury trials thus served the ends of justice and outweighed the interests of the public and defendants in a speedy trial. Id. The Central District of California has not yet devised and adopted protocols for safely conducting jury trials.

8. The government does not object to the request for a continuance, and the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

9. Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of April 13, 2021, to November 9, 2021, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's findings that: i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: March 18, 2021               Respectfully submitted,

                                    TRACY L. WILKISON
                                    Acting United States Attorney

                                    BRANDON D. FOX
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                         /s/
                                    BRIAN R. FAERSTEIN
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA

//
//
//
//
//
//
//
//
//
//
//
//

I am defendant Schlotterbeck's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than November 9, 2021, is an informed and voluntary one.

*/s/ Robison D. Harley Jr.*   3/23/2021
ROBISON D. HARLEY, JR.   Date
Attorney for Defendant
TRAVIS SCHLOTTERBECK

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 9, 2021. I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on November 9, 2021, at 9:00 a.m.

*/s/*   3/23/2021
TRAVIS SCHLOTTERBECK   Date
Defendant

//
//
//
//
//
//
//

I am defendant Vlha's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than November 9, 2021, is an informed and voluntary one.

_____          March 21, 2021
JEROME J. HAIG                            Date
Attorney for Defendant
JAMES BRADLEY VLHA

I have read this stipulation and have carefully discussed it with my attorney.  I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than November 9, 2021.  I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on November 9, 2021, at 9:00 a.m.

_____          Mar 21, 2021
James B Vlha (Mar 21, 2021 12:43 PDT)
JAMES BRADLEY VLHA                        Date
Defendant

12

# Appendix A

## Mr. Harley's Case and Trial Conflicts

Counsel for defendant Travis Schlotterbeck (Defendant No. 1), Robison D. Harley, Jr., represents that he has the following obligations:

- People v. Velasquez, Superior Court of California, Case No. 20CF2992; Murder trial scheduled to commence April 1, 2021, and expected to last approximately six weeks;
- United States v. Mirabal, District Court for Central District of California, Case No. 8:20-cr-00144-DOC; Receipt of government property trial scheduled to commence April 13, 2021, and expected to last two weeks;
- United States v. Jurado, District Court for Central District of California, Case No. 8:18-cr-00073-JVS-2; Conspiracy to Distribute Methamphetamine trial scheduled to commence April 20, 2021, and expected to last approximately three weeks;
- People v. Belknap, Superior Court of California, Case No. 18WF0485; Murder preliminary hearing scheduled to commence June 11, 2021;
- People v. Duff, Superior Court of California, Case No. 17NF92018; Possession trial scheduled to commence July 19, 2021, and expected to last approximately two weeks;
- People v. Mosqueda, Superior Court of California, Case No. 18ZF0003; Attempted murder preliminary hearing scheduled to commence July 19, 2021;
- United States v. Flores, District Court for Central District of California, Case No. 8:19-cr-00168-DOC-3;

      Conspiracy to Distribute Methamphetamine trial scheduled to commence August 10, 2021, and expected to last approximately one week; and

- <u>United States v. Oganesian</u>, District Court for Central District of California, Case No. 2:20-cr-00274-JFW-2; Bank fraud trial scheduled to commence November 30, 2021, and expected to last three-to-four weeks.

In addition, Mr. Harley represents that he has a pre-paid vacation planned for June 17, 2021, through July 9, 2021.

**Appendix B**

**Mr. Haig's Case and Trial Conflicts**

Counsel for defendant James Bradley Vlha (Defendant No. 2), Jerome J. Haig, represents that he has the following obligations:

- People v. Edgar Espinoza, Superior Court of California, Case No. NA104747; Special circumstances murder trial scheduled to commence March 23, 2021, and expected to last approximately two weeks;

- United States v. Lerma, District Court for Central District of California, CR 20-226-JAK-1; Drug trafficking trial scheduled to commence April 13, 2021, and expected to last approximately one week;

- United States v. Fernandez-Abelugba, District Court for Central District of California, CR 20-353-JFW-1; Mail and wire fraud trial scheduled to commence April 20, 2021, and expected to last approximately one week;

- United States v. Givens, District Court for Central District of California, CR 20-75-JAK; Mail fraud trial scheduled to commence April 27, 2021, and expected to last approximately two weeks;

- United States v. Vuong, District Court for Central District of California, CR 19-275-ODW-18; Drug trafficking trial scheduled to commence August 10, 2021, and expected to last approximately two weeks; and

- United States v. Martinez, District Court for Central District of California, CR 20-329-PSG; Drug trafficking trial scheduled to commence November 2, 2021, and expected to last approximately one week.