TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3819
    Facsimile: (213) 894-0141
    E-mail:   brian.faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00343-GW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA, | |
| Defendants. | **CURRENT TRIAL DATE:** 11/9/2021<br>**PROPOSED TRIAL DATE:** 5/24/2022 |

    Plaintiff, United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Brian R. Faerstein; defendant Travis Schlotterbeck ("defendant Schlotterbeck"), by and through his counsel of record, Robison D. Harley, Jr.; and defendant James Bradley Vlha ("defendant Vlha," and together with defendant Schlotterbeck, "defendants"), by and through his counsel of record, Jerome J. Haig, hereby stipulate as follows:

    1.   The Indictment in this case was made public on August 13, 2019. Defendants first appeared before a judicial officer of the

court in which the charges in this case were pending on August 13, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 22, 2019.

2. On August 13, 2019, the Court set a trial date of September 24, 2019, with a status conference date of August 29, 2019. The status conference date was later continued by the Court to September 12, 2019.

3. Defendants are released on bond pending trial. The parties estimate that the trial in this matter will last approximately four to five days. All defendants are joined for trial and a severance has not been granted.

4. The Court has previously continued the trial dates in this case from September 24, 2019, to November 9, 2021, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act. The Court also previously continued the date for a status conference in this proceeding from September 12, 2019, to October 28, 2021.

5. By this stipulation, defendants move to continue the trial date to May 24, 2022, and the status conference to May 12, 2022 or another date to be set by the Court. This is the fifth request for a continuance.

6. Defendants request the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendants are both charged with violations of 18 U.S.C. §§ 371 and 922(a)(1)(A) (conspiracy to engage in the business of manufacturing and dealing in firearms without a license); and 18 U.S.C. §§ 922(a)(1)(A) and 2(a) (engaging in the business of

manufacturing and dealing in firearms without a license and aiding and abetting the same).  Defendant Schlotterbeck is also charged with a violation of 18 U.S.C. § 922(d) (sale of a firearm to a felon). Thus far, the government has produced 13 tranches of discovery and other witness-related disclosures.  The discovery consists of, among other things, almost 9,000 pages of documents, including over 600 pages of written reports as well as photographs, text messages, call records, transcripts of audio and video files, witness statements, defendant interviews, law enforcement records and query materials, firearms related records, firearms licensing information, materials relating to eight search warrants, criminal history information, certain Jencks Act materials, potential impeachment related information, and other documents relating to the allegations and witnesses in this case.  The government has also produced over 150 separate audio and video files pertaining to recorded meetings and calls during the underlying investigation as well as other audio and video files pertaining to other related matters.  There are over 1,700 pages of transcripts corresponding to the audio and video files pertaining to the underlying investigation.  In addition, the government has produced the responsive contents of seven electronic devices seized pursuant to the execution of search warrants in this case.  The voluminous files on those devices are not included in the approximate page count provided above.  The parties have met and conferred telephonically regarding discovery on several occasions during the pendency of this case (including in August 2019, January 2020, and August and September 2021), and discussed scheduling matters on these and other occasions as well, including scheduling

1  matters relating to the parties' stipulation regarding pretrial
2  filing deadlines submitted on August 24, 2021 (Dkt. No. 76).
3        b.   Defense counsel for defendant Schlotterbeck represents
4  that he has various substantive obligations between now and the
5  current trial date, which necessitate the continuance of the trial to
6  May 24, 2022. The list of obligations for counsel for defendant
7  Schlotterbeck is attached hereto as Appendix A and is incorporated as
8  if fully set forth herein. Accordingly, counsel for defendant
9  Schlotterbeck represents that he will not have the time that he
10 believes is necessary to prepare to try this case on the current
11 trial date.
12       c.   Defense counsel for defendant Vlha represents that he
13 has various substantive obligations between now and the current trial
14 date, which necessitate the continuance of the trial to May 24, 2022.
15 The list of obligations for counsel for defendant Vlha is attached
16 hereto as Appendix B and is incorporated as if fully set forth
17 herein. Accordingly, counsel for defendant Vlha represents that he
18 will not have the time that he believes is necessary to prepare to
19 try this case on the current trial date.
20       d.   In addition, counsel for defendant Schlotterbeck is
21 appointed pursuant to the Criminal Justice Act (CJA). An expert was
22 also appointed to assist defendant Schlotterbeck. As trial
23 preparation was underway, the appointed expert advised counsel that
24 they demanded certain financial terms that were not consistent with a
25 CJA appointment. This included upfront payment and a higher hourly
26 rate than the expert had agreed to. Shortly thereafter, the expert
27 advised counsel that they would no longer provide services in this
28 matter. Counsel was only recently able to retain and get appointed a

substitute subject-matter expert. This expert will require significant time to review the evidence, consult with counsel, and prepare for trial. Counsel submits that the current trial date will not give the expert sufficient time to complete all tasks necessary to be ready for trial.

   e. In light of the foregoing, counsel for defendants also represent that additional time is necessary to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential motions in limine, review the discovery and evidence in the case, consult with the expert recently retained by the defense and appointed by the Court, and prepare for trial. Counsel for defendants represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   f. Defendants believe that failure to grant the continuance will deny them continuity of counsel and adequate representation.

  7. The government does not object to the request for a continuance, and the requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses. The government represents, and defendants acknowledge, that, prior to defendants informing the government about defendants' need for additional time for the reasons described above (including the scheduling issues with the defense's recently-appointed expert), the government was prepared to proceed to trial on the currently

scheduled trial date of November 9, 2021. As a result of defendants' need for a continuance of trial to a date in 2022, which the government acknowledges, the government has a scheduling conflict that would not have been implicated had trial commenced on November 9, 2021. Specifically, the government's lead case agent, who is also a necessary witness at trial, will be unavailable on extended family leave from January 2022 through at least the end of April 2022. Thus, the parties jointly recognize the need for defendants' requested trial continuance to extend to the proposed trial date of May 24, 2022, which will also afford defendants' the requisite time to prepare effectively for trial and have continuity of counsel in light of the information set forth above and in Appendices A and B hereto.

    8. In addition, in connection with the proposed new trial date of May 24, 2022, and the proposed new status conference date of May 12, 2022, the parties jointly request that the pretrial filing schedule previously entered by the Court (Dkt. No. 77) be vacated, and the parties jointly propose the following amended pretrial filing schedule for the Court's consideration:

    a. April 15, 2022 – Parties' cross-disclosure of expert disclosures, if any.

    b. April 29, 2022 – Parties' filing of motions *in limine*, if any.

    c. May 6, 2022 – Parties' filing of: responses to motions *in limine*, if any; joint proposed jury instructions, including annotated competing instructions, if any; joint proposed verdict form (if necessary); trial memoranda; and proposed voir dire, if any.

The parties recognize that this stipulation may not account for all pretrial filings that may be necessary and appropriate in this proceeding.  Defendants represent that they do not anticipate filing any motions pursuant to Federal Rule of Criminal Procedure 12(b), consistent with their not having previously filed any Rule 12 pretrial motions within the periods dictated for the filing of Rule 12 pretrial motions as previously ordered by the Court.  (See Dkt. Nos. 73, 75.)

9.   Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendants' trial must commence, the parties agree that the time period of November 9, 2021, to May 24, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendants' request, without government objection, on the basis of the Court's findings that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendants in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10.  Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of the Speedy

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: October 7, 2021                    Respectfully submitted,

                                                TRACY L. WILKISON
                                                Acting United States Attorney

                                                SCOTT M. GARRINGER
                                                Assistant United States Attorney
                                                Chief, Criminal Division

                                                     /s/
                                                BRIAN R. FAERSTEIN
                                                Assistant United States Attorney

                                                Attorneys for Plaintiff
                                                UNITED STATES OF AMERICA

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

I am defendant Schlotterbeck's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 24, 2022, is an informed and voluntary one.

_____  10/11/2021
ROBISON D. HARLEY, JR.     Date
Attorney for Defendant
TRAVIS SCHLOTTERBECK

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 24, 2022. I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May 12, 2022, at a time to be set by the Court, and on May 24, 2022, at 9:00 a.m.

_____  10/8/2021
TRAVIS SCHLOTTERBECK       Date
Defendant

//
//
//
//
//
//

9

I am defendant Vlha's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than May 24, 2022, is an informed and voluntary one.

_____  October 8, 2021
JEROME J. HAIG                  Date
Attorney for Defendant
JAMES BRADLEY VLHA

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than May 24, 2022. I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on May 12, 2022, at a time to be set by the Court, and on May 24, 2022, at 9:00 a.m.

_____  10/8/2021
JAMES BRADLEY VLHA              Date
Defendant

## Appendix A

## Mr. Harley's Case and Trial Conflicts

Counsel for defendant Travis Schlotterbeck (Defendant No. 1), Robison D. Harley, Jr., represents that he has the following obligations:

- People v. Hansen, Superior Court of California, Case No. 21NF0660; Theft with prior felony conviction of driving or taking of vehicle trial scheduled to commence 10/14/2021 and expected to last one week;
- People v. Phillips, Superior Court of California, Case No. 19CF3255; Assault with semiautomatic firearm, Robbery second degree, Dissuade witness by force, Possession of firearm by a felon trial scheduled to commence 11/03/2021 and expected to last one week;
- United States v. Jurado, District Court for Central District of California, Case No. 8:18-cr-00073-JVS-2; Conspiracy to Distribute Methamphetamine trial scheduled to commence 11/8/2021 and expected to last ten days;
- People v. Hansen, Superior Court of California, Case No. 21CF1085; Attempted murder with enhancements trial scheduled to commence 11/10/2021 and expected to last four weeks;
- People v. Marquez, Superior Court of California, Case No. 21CF2139; Robbery second degree, Participate in criminal street gang activity with enhancement trial scheduled to commence 11/24/2021 and expected to last one week;
- United States v. Oganesian, District Court for Central District of California, Case No. 2:20-cr-00274-JFW-2; False

Statement to a financial Institution, Bank Fraud and Attempted Bank Fraud, Wire Fraud Affecting a Financial Institution, Conspiracy to Engage in Money Laundering trial scheduled to commence 11/30/2021 and expected to last three weeks;

- <u>United States v. Burgara</u>, District Court for Central District of California, Case No. 2:18-cr-00221-JVS; Possession with Intent to Distribute Methamphetamine, Using and Carrying a Firearm During and in Relation to, and Possessing a Firearm in Furtherance of, a Drug Trafficking Crime, Felon in Possession of Firearms trial scheduled to commence 12/07/2021 and expected to last one week;
- <u>People v. Mosqueda</u>, Superior Court of California, Case No. 18ZF0003; Attempted murder, Assault with semiautomatic firearm with gang enhancement trial scheduled to commence 1/18/2022 and expected to last four to five weeks;
- <u>People v. Harbaugh</u>, Superior Court of California, Case No. 21CF1295; Human Trafficking of victim under 18 years of age, Pimping for prostitute under 16 yrs of age, Pandering with a minor under 16 years old by procuring trial scheduled to commence 1/19/2022 and expected to last two weeks;
- <u>United States v. Mirabal</u>, District Court for Central District of California, Case No. 8:20-cr-00144-DOC; Conspiracy, Receipt of government property trial scheduled to commence 1/25/2022 and expected to last two weeks;
- <u>People v. Crowell</u>, Superior Court of California, Case No. 20WF0770, 20WF0455; Assault with deadly weapon other than

firearm, Assault with force likely to produce GBI, Burglary first degree trial scheduled to commence 1/26/2022 and expected to last one week;

- People v. Collins, Superior Court of California, Case No. 19CF3209; Pimping-deriving support from prostitute, Pandering trial scheduled to commence 2/22/2022 and expected to last one week;

- United States v. Moralez, District Court for Central District of California, Case No. 8:20-cr-00171-JVS; Conspiracy to Distribute Methamphetamine and Cocaine trial scheduled to commence 5/03/2022 and expected to last 10 days; and

- United States v. Marquez, District Court for Central District of California, Case No.: 5:21-cr-00105-JGB; Conspiracy to distribute and possess with intent to distribute methamphetamine, Possession with intent to distribute methamphetamine scheduled to commence 5/03/2022 and expected to last 10 days.

**Appendix B**

**Mr. Haig's Case and Trial Conflicts**

Counsel for defendant James Bradley Vlha (Defendant No. 2), Jerome J. Haig, represents that he has the following obligations:

- People v. Edgar Espinoza, Superior Court of California, Case No. NA104747, special circumstance murder case, set for trial on December 7, 2021 (4-week estimate);
- United States v. Amir Ziafathy, District Court for Central District of California, CR 21-157-DSF-2, fentanyl distribution causing death, set for trial on December 7, 2021 (3-week estimate);
- United States v. Jimmy Lerma, District Court for Central District of California, CR 20-226-JAK, drug possession with intent to distribute, set for trial on January 25, 2022 (1-week estimate);
- United States v. Denny Vuong, District Court for Central District of California, CR 19-275-ODW-16, drug dealing conspiracy, set for trial on March 22, 2022 (4-week estimate);
- United States v. Justin Arteaga, District Court for Central District of California, CR 21-33-AB-3; VICAR murder, set for trial on April 22, 2022 (4-week estimate); and
- United States v. Donna Givens, District Court for Central District of California, CR 20-75-JAK, wire fraud case, set for trial on May 17, 2022 (1-week estimate).