TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3819
    Facsimile: (213) 894-0141
    E-mail:   Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-343-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S MOTION *IN LIMINE* #2 TO ADMIT DEFENDANT SCHLOTTERBECK INTERVIEW STATEMENTS; DECLARATION OF BRIAN FAERSTEIN; EXHIBITS |
| v. | |
| TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA, | Hearing Date: May 12, 2022 Hearing Time: 8:00 a.m. Location:   Courtroom of the Hon. George H. Wu |
| Defendants. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brian Faerstein, hereby files its motion in limine to admit defendant Travis Schlotterbeck's statements during an interview with the Bureau of Alcohol, Tobacco, Firearms and Explosives.

    This motion is based upon the attached memorandum of points and authorities, the declaration of Brian Faerstein and accompanying

//
//

exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: April 29, 2022              Respectfully submitted,

                                   TRACY L. WILKISON
                                   United States Attorney

                                   SCOTT M. GARRINGER
                                   Assistant United States Attorney
                                   Chief, Criminal Division


                                        /s/
                                   BRIAN R. FAERSTEIN
                                   Assistant United States Attorney

                                   Attorneys for Plaintiff
                                   UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Defendants Travis Schlotterbeck ("Schlotterbeck") and James Bradley Vlha ("Vlha") are charged with crimes relating to their illegal business of manufacturing and selling AR-15-type firearms without a license. Defendant Schlotterbeck also is charged with selling a firearm to a felon. Trial is scheduled for May 24, 2022.

Defendants, along with co-conspirator Ping-Yi "Jesse" Kwan ("Kwan"), conspired together at two storefronts controlled by defendant Schlotterbeck in Bellflower, California to manufacture and sell AR-15-type semi-automatic firearms to paying customers, without a license to do so. Defendants' customers included, among others, a confidential informant (the "CI") and two undercover agents (the "UCs") working with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). In connection with one of the illegal sales, the CI informed defendant Schlotterbeck that the CI was prohibited from possessing firearms due to a prior conviction, but defendant Schlotterbeck nonetheless proceeded with taking the CI's order for a customized AR-15-type firearm and selling the CI the completed firearm.

At trial, the government intends to introduce, among other things, certain statements made by defendant Schlotterbeck during a voluntary interview with ATF, either during its case-in-chief or for impeachment or rebuttal purposes. The government may seek to introduce certain statements made by defendant Vlha during a post-arrest interview with ATF, for potential impeachment purposes only. For the reasons provided below, these statements should be admissible at trial.

## II. FACTUAL BACKGROUND

The factual background of the offenses alleged in this case is set forth in more detail in the government's motion in limine #1 to admit evidence and permit argument, filed concurrently herewith, which the government incorporates by reference herein. (Dkt. No. 80.) The government summarizes certain factual background here that is relevant to defendant Schlotterbeck's statements the government may seek to introduce during its case-in-chief.

Specifically, following ATF's controlled purchases of six AR-15-type firearms from defendants Schlotterbeck and Vlha and co-conspirator Kwan, and several additional firearms from Kwan, ATF obtained search warrants to search the storefronts in Bellflower that defendant Schlotterbeck controlled as well as co-conspirator Kwan's residence and vehicles. ATF executed these search warrants on June 21, 2017. On the same date, defendant Schlotterbeck was interviewed voluntarily by ATF, which interview was audio-recorded, transcribed, and produced in discovery. (USA_00001981 (recording) and USA_00007421-7524 (transcript).) Defendant Vlha also was interviewed voluntarily following his arrest two years later, which interview was video-recorded, transcribed, and produced in discovery. (USA_00002086 (recording) and USA_00007525-7572 (transcript).)

The government may introduce several clips from defendant Schlotterbeck's interview in its case-in-chief. Three of the clips pertain to Schlotterbeck's knowledge that the CI was prohibited from purchasing a firearm as a prior convicted felon. (See Declaration of Brian Faerstein ("Faerstein Decl."), Exhibits A, B, and F.) Another clip pertains to Schlotterbeck's knowledge of firearm licensing requirements more generally. (See id., Exh. C.) A fifth clip

2

pertains, in part, to an aspect of Schlotterbeck's agreement with co-conspirator Kwan regarding their firearm-related activities. (See id., Exh. D.) And a final clip pertains to Schlotterbeck's knowledge of but disagreement with the fact that silencers or suppressors -- which defendants Schlotterbeck and Vlha discussed at various times with the CI and the UCs during the course of their firearms negotiations -- were illegal.[1] (See id., Exh. E.)

The government may use additional clips from Schlotterbeck's interview and clips from Vlha's interview for purposes other than in its case-in-chief (i.e., for cross-examination and/or in rebuttal as appropriate).

**III. ARGUMENT**

    **A. Defendant Schlotterbeck's Statements are Admissible Against Him as Admissions of a Party Opponent**

The government may offer one or more of the excerpts from defendant Schlotterbeck's recorded statements to agents that are attached to the Faerstein Declaration as Exhibits A through F. Schlotterbeck's statements to the agents are admissible against him in the government's case-in-chief as statements of a party opponent pursuant to Federal Rule of Evidence 801(d)(2)(A).

Hearsay is an out of court declarant's statement that a party offers in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c). However, statements by a party opponent when offered against that party are excluded from the hearsay definition.

---

[1] The government notified the defense by letter dated April 20, 2022, of its intention to offer evidence of defendants', the CI's and the UCs' discussions regarding silencers or suppressors. The government has filed a motion in limine concurrently herewith requesting a finding that evidence regarding silencers is admissible at trial. (See Dkt. No. 80.)

3

Fed. R. Evid. 801(d)(2)(A); United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000). Schlotterbeck's statements to ATF fall under this exclusion to the hearsay rule when offered against him.

Defendant Schlotterbeck's statements to ATF are not admissible against defendant Vlha. The government would ask the Court to give a limiting instruction to this effect prior to defendant Schlotterbeck's statements to ATF being offered at trial. See Richardson v. Marsh, 481 U.S. 200, 206-07 (1987); United States v. Sauza-Martinez, 217 F.3d 754, 760 (9th Cir. 2000).

### B. Defendant Schlotterbeck's Statements Do Not Raise Any Bruton Issues with Respect to Defendant Vlha

Under Bruton v. United States, 391 U.S. 123 (1968) and its progeny, the admission of a testimonial statement "made by a non-testifying codefendant violates the Confrontation Clause when that statement facially, expressly, clearly, or powerfully implicates the defendant." United States v. Angwin, 271 F.3d 786, 796 (9th Cir. 2001), overruled on other grounds, United States v. Lopez, 484 F.3d 1186 (9th Cir. 2007). The statement generally must have "a sufficiently devastating or powerful inculpatory impact to be incriminatory on its face." United States v. Olano, 62 F.3d 1180, 1195 (9th Cir. 1995) (quotations and internal citation omitted).

In the attached excerpts, defendant Schlotterbeck refers to co-conspirator Kwan several times, but he never mentions defendant Vlha by name or direct implication. Defendant Schlotterbeck only refers vaguely to "them," "we," "our," or "us" in these excerpts on five occasions, as follows:

- "No, it wasn't under my direction, it was under Jesse's direction, and, and it was, it was with them." (Faerstein Decl., Exh. B.)

4

- "So-and honestly all we were really interested in was the cerakoting." (Id., Exh. C.)

- "So that's – that was our agreement with everything was-," in reference to co-conspirator Kwan. (Id., Exh. D.)

- "Um, we didn't sell to a felon. He sold-he bought-we sold him parts, yes. We-and we coated his rifle, but-." (Id., Exh. F.)

- "Obviously, he tried to fuck with us. You know?" (Id., Exh. F.)

These vague references do not implicate Bruton. Defendant Schlotterbeck never refers specifically to defendant Vlha (whereas he does in some cases refer expressly to co-conspirator Kwan), and "a codefendant's statement that does not incriminate the defendant unless linked with other evidence introduced at trial does not violate the defendant's Sixth Amendment rights." United States v. Hoac, 990 F.2d 1099, 1105 (9th Cir. 1993). Nor do these statements meet the Bruton threshold for statements that are "powerfully incriminating" or have a "devastating" impact. Olano, 62 F.3d at 1195-96 (no Bruton violation where "[n]one of the codefendants' statements incriminated [defendant] on their face"); Angwin, 271 F.3d at 796 ("A statement is not facially incriminating merely because it identifies a defendant; the statement must also have a 'sufficiently 'devastating' or 'powerful' inculpatory impact to be incriminatory on its face.'" (quoting Olano, 62 F.3d at 1195)).[2]

---

[2] Even if defendants were able to identify statements that do implicate Bruton, the statements do not have to be excluded as long as the portions of the statements that implicate the co-defendant are redacted to eliminate any reference - express or implied - to his existence. See Richardson, 481 U.S. at 211; see also United States v. Hernandez-Orellana, 539 F.3d 994, 1001 (9th Cir. 2008) (government's redaction of references to co-defendant from defendant's statement cured any Sixth Amendment violations and negated need for severing co-defendant's trial from defendant's
*(footnote cont'd on next page)*

5

The jury will be presented evidence that defendant Schlotterbeck conspired with both defendant Vlha and co-conspirator Kwan, as well as others involved in their business of manufacturing firearms for sale. None of the proffered statements directly implicate nor incriminate defendant Vlha in the manner required under Bruton. Thus, the statements should be admissible against defendant Schlotterbeck with an appropriate limiting instruction from the Court.

### C. If One or Both Defendants Testify, Their Statements to Agents Can Be Used for Impeachment

If a defendant testifies, then any purported Bruton issue would disappear because that defendant could be cross-examined regarding any statements he makes while on the stand, particularly if they are inconsistent with prior statements he has made. See Nelson v. O'Neil, 402 U.S. 622, 629-30 (1971) ("We conclude that where a codefendant takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant, and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no rights protected by the Sixth and Fourteenth Amendments."). Should either defendants Schlotterbeck or Vlha, or both, decide to testify in their own defense, the government may seek to offer certain statements they made, respectively, to ATF agents during its cross-examination of defendants.

---

trial). But no such redactions are necessary here for the reasons explained above.

6

### D. Defendants Cannot Offer Their Own Out-of-Court Statements

While defendants' admissions as described above are not hearsay when offered by the government, see Fed. R. Evid. 801(d)(2)(A), defendants cannot admit their own statements to ATF unless a hearsay exception applies. See Fed. R. Evid. 802. A defendant may not use his own prior statements even where the government introduces only incriminating portions from an interview. See, e.g., United States v. Liera-Morales, 759 F.3d 1105, 1111 (9th Cir. 2014) (permitting government agents to testify concerning incriminating portions of post-arrest interview, but precluding defendant from introducing exculpatory statements); United States v. Vallejos, 742 F.3d 902, 905 (9th Cir. 2014) (defendant's edited confession properly admitted into evidence); United States v. Nakai, 413 F.3d 1019, 1022 (9th Cir. 2005) (defendant's exculpatory statements offered by the defense were inadmissible hearsay notwithstanding FBI agent testimony about defendant's inculpatory statements).

Moreover, the "rule of completeness" under Federal Rule of Evidence 106 is applicable only when one party seeks to introduce a misleadingly tailored excerpt of a statement. Fed. R. Evid. 106. Rule 106 "does not, however, require the introduction of any unedited writing or statement merely because an adverse party has introduced an edited version." United States v. Vallejos, 742 F.3d 902, 905 (9th Cir. 2014). It is proper to admit segments of a conversation without including the entire conversation, and adverse parties are not entitled to offer additional statements just because they exist and the proponent has not offered them. See United States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996). If the statements offered by the defendant do not clarify a misleading impression, the

7

district court should exclude them.  <u>Vallejos</u>, 742 F.3d at 905; <u>see also</u> <u>United States v. Ortega</u>, 203 F.3d 675, 682 (9th Cir. 2000) (non-self-inculpatory statements, even if made contemporaneously with other self-inculpatory statements, are inadmissible hearsay; rule of completeness does not allow for admission of inadmissible hearsay).

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion <u>in</u> <u>limine</u> to admit defendant Schlotterbeck's statements as described herein.

**DECLARATION OF BRIAN FAERSTEIN**

I, Brian Faerstein, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in United States v. Travis Schlotterbeck and James Bradley Vlha, 2:19-CR-343-GW.

2. Attached hereto as **Exhibit A** is a transcription of an excerpt from the audio-recorded interview of defendant Travis Schlotterbeck on June 21, 2017, produced in discovery in this case.

3. Attached hereto as **Exhibit B** is a transcription of an excerpt from the audio-recorded interview of defendant Travis Schlotterbeck on June 21, 2017, produced in discovery in this case.

4. Attached hereto as **Exhibit C** is a transcription of an excerpt from the audio-recorded interview of defendant Travis Schlotterbeck on June 21, 2017, produced in discovery in this case.

5. Attached hereto as **Exhibit D** is a transcription of an excerpt from the audio-recorded interview of defendant Travis Schlotterbeck on June 21, 2017, produced in discovery in this case.

6. Attached hereto as **Exhibit E** is a transcription of an excerpt from the audio-recorded interview of defendant Travis Schlotterbeck on June 21, 2017, produced in discovery in this case.

7. Attached hereto as **Exhibit F** is a transcription of an excerpt from the audio-recorded interview of defendant Travis Schlotterbeck on June 21, 2017, produced in discovery in this case.

//
//
//
//

I declare and affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on April 29, 2022, at Los Angeles, California.

BRIAN FAERSTEIN