TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
        1300 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-3819
        Facsimile: (213) 894-0141
        E-mail:    Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00343-GW |
|---|---|
| Plaintiff, | JOINT PROPOSED JURY INSTRUCTIONS |
| v. | Trial Date: May 24, 2022 |
| TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA, | Trial Time: 9:00 a.m. Location:   Courtroom of the Hon. George H. Wu |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brian R. Faerstein, defendant TRAVIS SCHLOTTERBECK, by and through his counsel of record Robison D. Harley, Jr., and defendant JAMES BRADLEY VLHA, by and through his counsel of record Jerome J. Haig, hereby submit their Joint Proposed Jury Instructions in the above-captioned case.  The parties respectfully reserve the right to supplement these jury instructions as needed.

1

1      Unless otherwise noted, the parties have used the most recent

2   version (the 2022 edition updated as of December 2021) of the Jury

3   Instructions found on the Ninth Circuit's website at:

4   https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

5   Dated: May 6, 2022            Respectfully submitted,

6                                 TRACY L. WILKISON
                                  United States Attorney
7
                                  SCOTT M. GARRINGER
8                                 Assistant United States Attorney

9

10                                  /s/ Brian Faerstein
                                  BRIAN R. FAERSTEIN
11                                Assistant United States Attorney
                                  Attorneys for Plaintiff
12                                UNITED STATES OF AMERICA

13

14
    Dated: May 6, 2022            /s/ with email authorization
15                                ROBISON D. HARLEY, JR.
                                  Attorney for Defendant
16                                TRAVIS SCHLOTTERBECK

17

18

19  Dated: May 6, 2022            /s/ with email authorization
                                  JEROME J. HAIG
20                                Attorney for Defendant
                                  JAMES BRADLEY VLHA
21

22

23

24

25

26

27

28

## INDEX OF PROPOSED JOINT JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
| **Preliminary Instructions** | | | |
| 1. | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 | 1 |
| 2. | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 | 2 |
| 3. | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 | 3 |
| 4. | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 | 4 |
| 5. | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.5 | 5 |
| 6. | Rule of Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 | 6 |
| 7. | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 | 7 |
| 8. | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 | 9 |
| 9. | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 | 12 |
| 10. | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 | 13 |
| 11. | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 | 14 |
| 12. | Separate Consideration for Each Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 1.13 | 15 |
| 13. | Questions to Witnesses by Jurors During Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.14 | 16 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 14. | Bench Conferences and Recesses | Ninth Circuit Criminal Model Jury Instructions, No. 1.16 | 17 |
| **Instructions During Course of Trial** | | | |
| 15. | Cautionary Instruction – First Recess | Ninth Circuit Criminal Model Jury Instructions, No. 2.1 | 19 |
| 16. | Stipulated Testimony (if applicable) | Ninth Circuit Model Criminal Jury Instructions, No. 2.2 | 20 |
| 17. | Stipulations of Fact (if applicable) | Ninth Circuit Model Criminal Jury Instructions, No. 2.3 | 21 |
| 18. | Judicial Notice (if applicable) | Ninth Circuit Model Criminal Jury Instructions, No. 2.4 | 22 |
| 19. | Transcript of Recording in English | Ninth Circuit Model Criminal Jury Instructions, No. 2.6 | 23 |
| 20. | Other Crimes, Wrongs, or Acts of Defendant (if applicable) | Ninth Circuit Model Criminal Jury Instructions, No. 2.10 | 24 |
| 21. | Evidence for Limited Purpose (if applicable) | Ninth Circuit Model Criminal Jury Instructions, No. 2.12 | 26 |
| 22. | Disposition of Charge Against Codefendant (if applicable) | Ninth Circuit Model Criminal Jury Instructions, No. 2.15 | 27 |
| **Instructions at the End of Case** | | | |
| 23. | Duties of Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 | 29 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 24. | Charge Against Defendant Not Evidence – Presumption of Innocence – Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 | 30 |
| 25. | Defendant's Decision [Not] to Testify | Ninth Circuit Model Criminal Jury Instructions, No. 6.3, 6.4 | 31 |
| 26. | Reasonable Doubt – Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 | 32 |
| 27. | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 | 33 |
| 28. | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 | 34 |
| 29. | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 | 35 |
| 30. | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 | 36 |
| 31. | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 | 38 |
| 32. | Separate Consideration of Multiple Counts—Multiple Defendants | Ninth Circuit Model Criminal Jury Instructions, No. 6.13 | 39 |
| 33. | "On or About" – Defined | Ninth Circuit Model Jury Instructions, No. 6.18 | 40 |
| 34. | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 | 41 |
| 35. | Other Crimes, Wrongs or Acts of Defendant [if applicable] | Ninth Circuit Model Criminal Jury Instructions, No. 3.3 | 42 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 36. | Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea (if applicable) | Ninth Circuit Model Criminal Jury Instructions, No. 3.9 | 43 |
| 37. | Government's Use of Undercover Agents and Informants | Ninth Circuit Criminal Model Jury Instructions, No. 3.10 | 44 |
| 38. | Opinion Evidence – Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 | 45 |
| 39. | Charts and Summaries Not Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.16 | 46 |
| 40. | Charts and Summaries Admitted into Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 3.17 | 47 |
| 41. | Conspiracy – Elements | Ninth Circuit Model Criminal Jury Instructions, No. 11.1 | 48 |
| 42. | Conspiracy – Knowledge of and Association with Other Conspirators | Ninth Circuit Model Criminal Jury Instructions, No. 11.4 | 51 |
| 43. | Conspiracy – Liability for Substantive Offense Committed by Co-Conspirator (Pinkerton Charge) | Ninth Circuit Model Criminal Jury Instructions, No. 11.6 | 52 |
| 44. | Aiding and Abetting (18 U.S.C. § 2(a)) | Ninth Circuit Model Jury Instructions, No. 4.1 | 53 |
| 45. | Firearms – Unlawful Sale | Ninth Circuit Model Jury Instructions, No. 14.11 | 55 |
| 46. | Knowingly | Ninth Circuit Model Jury Instructions, No. 4.8 | 56 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 47. | Deliberate Ignorance (if applicable) | Ninth Circuit Model Jury Instructions, No. 4.9 | 57 |
| 48. | Duty to Deliberate | Ninth Circuit Model Jury Instructions, No. 6.19 | 58 |
| 49. | Consideration of Evidence – Conduct of the Jury | Ninth Circuit Model Jury Instructions, No. 6.20 | 60 |
| 50. | Use of Notes | Ninth Circuit Model Jury Instructions, No. 6.21 | 62 |
| 51. | Jury Consideration of Punishment | Ninth Circuit Model Jury Instructions, No. 6.22 | 63 |
| 52. | Verdict Form | Ninth Circuit Model Jury Instructions, No. 6.23 | 64 |
| 53. | Communication with Court | Ninth Circuit Model Jury Instructions, No. 6.24 | 65 |

**PRELIMINARY INSTRUCTIONS**

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 1

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial I will give you more detailed [written] instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Criminal Model Jury Instructions, No 1.1 [Duty of Jury]

1

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 2

3     This is a criminal case brought by the United States

4  government.  The government charges both defendants with conspiracy

5  to engage in the business of manufacturing firearms without a

6  license and engaging in the business of manufacturing firearms

7  without a license.  Defendant Travis Schlotterbeck also is charged

8  with unlawful sale of a firearm to a felon.  The charges against the

9  defendants are contained in the indictment.  The indictment simply

10  describes the charges the government brings against the defendants.

11  The indictment is not evidence and does not prove anything.

12     The defendants have pleaded not guilty to the charges and are

13  presumed innocent unless and until the government proves the

14  defendants guilty beyond a reasonable doubt.  In addition, the

15  defendants have the right to remain silent and never have to prove

16  innocence or present any evidence.

26  Ninth Circuit Criminal Model Jury Instructions, No. 1.2 [The Charge

27  -- Presumption of Innocence]

2

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits that are received in evidence; and

Third, any facts to which the parties agree.

Ninth Circuit Criminal Model Jury Instructions, No. 1.3 [What Is Evidence]

3

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

First, statements and arguments of the attorneys;

Second, questions and objections of the attorneys;

Third, testimony that I instruct you to disregard; and

Fourth, anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Criminal Model Jury Instructions, No. 1.4 [What Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Ninth Circuit Criminal Model Jury Instructions, No. 1.5 [Direct and Circumstantial Evidence]

5

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Criminal Model Jury Instructions, No. 1.6 [Rule of Objections]

6

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

First, the witness's opportunity and ability to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

1

2 <u>Ninth Circuit Criminal Model Jury Instructions</u>, No. 1.7 [Credibility

3 of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But,

if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter.  In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved -- including the parties, the witnesses or the lawyers -- until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper

communications, then your verdict may be influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Criminal Model Jury Instructions, No. 1.8 [Conduct of the Jury]

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 9

At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Criminal Model Jury Instructions, No. 1.9 [No Transcript Available to Jury]

1  COURT'S INSTRUCTION NO. _____

2  JOINT PROPOSED INSTRUCTION NO. 10

3  If you wish, you may take notes to help you remember the

4  evidence.  If you do take notes, please keep them to yourself until

5  you and your fellow jurors go to the jury room to decide the case.

6  Do not let note-taking distract you from being attentive.  When you

7  leave court for recesses, your notes should be left in the

8  [courtroom] [jury room] [envelope in the jury room].  No one will

9  read your notes.

10  Whether or not you take notes, you should rely on your own

11  memory of the evidence.  Notes are only to assist your memory.  You

12  should not be overly influenced by your notes or those of your

13  fellow jurors.

26  <u>Ninth Circuit Criminal Model Jury Instructions</u>, No. 1.10 [Taking

27  Notes]

13

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, [I will instruct you on the law that applies to the case and the attorneys will make closing arguments] [the attorneys will make closing arguments and I will instruct you on the law that applies to the case].

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Criminal Model Jury Instructions, No. 1.11 [Outline of Trial]

14

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

Although the defendants are being tried together, you must give separate consideration to each defendant.  In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against the other defendant.  The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to the other defendant.

Ninth Circuit Criminal Model Jury Instructions, No. 1.13 [Separate Consideration for Each Defendant] (modified for the language to be consistent with a two-defendant trial)

15

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 13

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses. If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Ninth Circuit Criminal Model Jury Instructions, No. 1.14 [Questions to Witnesses by Jurors During Trial]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Criminal Model Jury Instructions, No. 1.16 [Bench Conferences and Recesses]

1
2
3
4
5
6
7
8
9
10
**INSTRUCTIONS DURING COURSE OF TRIAL**
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the Internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.


Ninth Circuit Criminal Model Jury Instructions, No. 2.1 [Cautionary Instruction – First Recess]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

[If Applicable]

The parties have agreed what [name of witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

Ninth Circuit Criminal Model Jury Instructions, No. 2.2 [Stipulated Testimony]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

[If Applicable]

The parties have agreed to certain facts that have been stated to you.  Those facts are now conclusively established.

Ninth Circuit Criminal Model Jury Instructions, No. 2.3

[Stipulations of Fact]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

[If Applicable]

I have decided to accept as proved the fact that [insert fact noticed], even though no evidence was presented on this point[,] [because this fact is of such common knowledge]. You may accept this fact as true, but you are not required to do so.

Ninth Circuit Criminal Model Jury Instructions, No. 2.4 [Judicial Notice]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

You are about to hear a recording that has been received in evidence.  The recording includes synchronized captions from a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you hear something different from what appears in the transcript, what you hear is controlling.

Ninth Circuit Criminal Model Jury Instructions, No. 2.6 [Transcript of Recording in English] (modified for the language to be consistent with use of a synchronized transcript in captions)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

[If Applicable]

You [[are about to hear] [have heard] testimony] [[are about to see] [have seen] evidence] [are about to see evidence] that the defendant [summarize other act evidence].  This evidence of other acts [was] [will be] admitted only for [a] limited purpose[s].  You may consider this evidence only for the purpose of deciding whether the defendant:

[Add as applicable].

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered.  You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged.  You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other acts, he must also have committed the acts charged in the indictment.

Remember that the defendant is on trial here only for conspiring to engage in the business of manufacturing firearms without a license and engaging in the business of manufacturing firearms without a license, not for these other acts.  Do not return

24

a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

Ninth Circuit Criminal Model Jury Instructions, No. 2.10 [Other Crimes, Wrongs or Acts of Defendant] (*will be* modified to reflect facts of the case)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

[If Applicable]

You are about to hear evidence that [describe evidence to be received for limited purpose].  I instruct you that this evidence is admitted only for the limited purpose of [describe purpose] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

Ninth Circuit Criminal Model Jury Instructions, No. 2.12 [Evidence for Limited Purpose]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

[If Applicable]

For reasons that do not concern you, the case against codefendant Jacob Dekoning is no longer before you.  Do not speculate why.  This fact should not influence your verdicts with reference to the remaining defendants, and you must base your verdicts solely on the evidence against the remaining defendants.

Ninth Circuit Criminal Model Jury Instructions, No. 2.15

[Disposition of Charge Against Codefendant]

1
2
3
4
5
6
7
8
9
10
11            **INSTRUCTIONS AT END OF CASE**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

Ninth Circuit Criminal Model Jury Instructions, No. 6.1 [Duties of Jury to Find Facts and Follow Law]

29

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

The indictment is not evidence.  The defendants have pleaded not guilty to the charges.  The defendants are presumed to be innocent unless and until the government proves the defendants guilty beyond a reasonable doubt.  In addition, the defendants do not have to testify or present any evidence.  The defendants do not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Criminal Model Jury Instructions, No. 6.2 [Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

[If one or both defendants does not testify]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


AND/OR

[If one or both defendants testifies]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Criminal Model Jury Instructions, Nos. 6.3, 6.4 [Defendant's Decision Not to Testify, Defendant's Decision to Testify]

31

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Criminal Model Jury Instructions, No. 6.5 [Reasonable Doubt—Defined]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 27

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

Ninth Circuit Criminal Model Jury Instructions, No. 6.6 [What Is Evidence]

33

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Criminal Model Jury Instructions, No. 6.7 [What Is Not Evidence]

34

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

<u>Ninth Circuit Criminal Model Jury Instructions</u>, No. 6.8 [Direct and Circumstantial Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately

testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Criminal Model Jury Instructions, No. 6.9 [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment.  The defendants are not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Criminal Model Jury Instructions, No. 6.10 [Activities Not Charged]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

A separate crime is charged against one or more of the defendants in each count.  The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately.  Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count [unless a specific instruction states that it applies only to a specific [defendant] [count]].

Ninth Circuit Criminal Model Jury Instructions, No. 6.13 [Separate Consideration of Multiple Counts — Multiple Defendants]

1
COURT'S INSTRUCTION NO. _____

2
JOINT PROPOSED INSTRUCTION NO. 33

3      The indictment charges that the offenses alleged in Counts One,

4  Two, and Three were committed "on or about" a certain date.

5      Although it is necessary for the government to prove beyond a

6  reasonable doubt that the offense was committed on a date reasonably

7  near the date alleged in the indictment, it is not necessary for the

8  government to prove that the offense was committed precisely on the

9  date charged.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  Ninth Circuit Criminal Model Jury Instructions, No. 6.18 [On or

27  About -- Defined]

28

40

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 34

[If Applicable]

    You have heard testimony that defendant [specify name(s)] made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Criminal Model Jury Instructions, No. 3.1 [Statements by Defendant]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

[If Applicable]

You have heard evidence that the defendant [specify name(s)] committed other [crimes] [wrongs] [acts] not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

Ninth Circuit Criminal Model Jury Instructions, No. 3.3 [Other Crimes, Wrongs, or Acts of Defendant] (will be modified to reflect facts of the case based upon pretrial rulings)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 36

[If Applicable]

You have heard testimony from an informant, a witness who received consideration at sentencing in a separate case based in part on his work on behalf of the Bureau of Alcohol, Tobacco, Firearms, and Explosives in connection with this case.

You also have heard testimony from Ping-Yi "Jesse" Kwan, a witness who pleaded guilty to crimes arising, in part, out of certain of the same events for which the defendants are on trial. These guilty pleas are not evidence against the defendants, and you may consider them only in determining this witness's believability.

For these reasons, in evaluating the testimony of the informant and the testimony of Mr. Kwan, you should consider the extent to which or whether the testimony of one or both of these witnesses may have been influenced by any of these factors.  In addition, you should examine the testimony of the informant and the testimony of Mr. Kwan with greater caution than that of other witnesses.

Ninth Circuit Criminal Model Jury Instructions, No. 3.9 [Testimony of Witnesses Involving Special Circumstances – Immunity, Benefits, Accomplice, Plea] (modified to reflect facts of the case)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 37

You have heard testimony from undercover agents and an informant who were involved in the government's investigation in this case.  Law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, to investigate criminal activities.  Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

Ninth Circuit Criminal Model Jury Instructions, No. 3.10

[Government's Use of Undercover Agents and Informants]

44

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 38

You have heard testimony from [specify expert name(s)] who testified to opinions and the reasons for [his] [their] opinions. This opinion testimony is allowed because of the education or experience of [this] [these] witness(es).

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Criminal Model Jury Instructions, No. 3.14 [Opinion Evidence, Expert Witness]

45

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 39

[If Applicable]

During the trial, certain charts and summaries were shown to you to help explain the evidence in the case.  These charts and summaries were not admitted into evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Ninth Circuit Criminal Model Jury Instructions, No. 3.16 [Charts and Summaries Not Admitted into Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 40

[If Applicable]

Certain charts and summaries have been admitted into evidence.  Charts and summaries are only as good as the underlying supporting material.  You should, therefore, give them only such weight as you think the underlying material deserves.

Ninth Circuit Criminal Model Jury Instructions, No. 3.17 [Charts and Summaries Admitted into Evidence]

47

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 41

The defendants are charged in Count One of the indictment with conspiring to engage in the business of manufacturing firearms without a license in violation of Section 371 of Title 18 of the United States Code.  For each defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about May 21, 2015, and ending on or about June 21, 2017, there was an agreement between two or more persons to commit engaging in the business of manufacturing firearms without a license as charged in the indictment;

Second, the defendant became a member of the conspiracy knowing of its object and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership - an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy.  It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another.  You must find that there was a plan to commit the crime alleged in the indictment as the object of the conspiracy.

Here, the object of the conspiracy is engaging in the business of manufacturing firearms without a license, which requires the government to prove beyond a reasonable doubt that defendants acted willfully.  Thus, to convict each defendant of conspiracy, you must find beyond a reasonable doubt that the defendant knew that his conduct, or the conduct of those with whom he conspired, was unlawful.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy.  Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators.  On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator.  Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful.  A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy.  The government is not required to prove that the defendant personally did one of the overt acts.

Ninth Circuit Criminal Model Jury Instructions, No. 11.1 [Conspiracy - Elements] (modified to reflect facts of the case); United States v. Feola, 420 U.S. 671, 686 (1975); United States v. Wyatt, 964 F.3d 947, 957-58 (10th Cir. 2020); United States v. Baker, 63 F.3d 1478,

1493 (9th Cir. 1995), <u>as amended on denial of reh'g and reh'g en</u>
<u>banc</u> (Oct. 6, 1995) (modified to reflect (i) facts of the case,
(ii) that the government is proceeding on manufacturing theory only,
and (iii) that the underlying substantive offense that is the object
requires finding of willfulness)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 42

A conspiracy may continue for a long period of time and may include the performance of many transactions.  It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendant or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt:

First, that the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

Second, that the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

Third, that the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

Ninth Circuit Criminal Model Jury Instructions, No. 11.4 [Conspiracy - Knowledge of and Association with Other Conspirators]

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 43

3      Each member of the conspiracy is responsible for the actions

4  of the other conspirators performed during the course and in

5  furtherance of the conspiracy.  If one member of a conspiracy

6  commits a crime in furtherance of a conspiracy, the other members

7  have also, under the law, committed that crime.

8      Therefore, you may find the defendants guilty of engaging in

9  the business of manufacturing firearms without a license as charged

10  in Count Two of the indictment if the government has proved each of

11  the following elements beyond a reasonable doubt:

12      First, a person named in Count Two of the indictment committed

13  the crime of engaging in the business of manufacturing firearms

14  without a license as alleged in that count;

15      Second, the person was a member of the conspiracy charged in

16  Count One of the indictment;

17      Third, the person committed the crime of engaging in the

18  business of manufacturing firearms without a license in furtherance

19  of the conspiracy;

20      Fourth, the defendant was a member of the same conspiracy at

21  the time the offense charged in Count Two was committed; and

22      Fifth, the offense fell within the scope of the unlawful

23  agreement and could reasonably have been foreseen to be a necessary

24  or natural consequence of the unlawful agreement.

25  Ninth Circuit Criminal Model Jury Instructions, No. 11.6 [Conspiracy

26  - Liability for Substantive Offense Committed by Co-Conspirator

27  (Pinkerton Charge)] (modified to reflect facts of the case)

28

52

1                  COURT'S INSTRUCTION NO. _____

2              JOINT PROPOSED INSTRUCTION NO. 44

3     A defendant may be found guilty of engaging in the business of

4 manufacturing firearms without a license, even if the defendant

5 personally did not commit the act or acts constituting the crime but

6 aided and abetted in its commission.  To "aid and abet" means

7 intentionally to help someone else commit a crime.  To prove a

8 defendant guilty of engaging in the business of manufacturing

9 firearms without a license by aiding and abetting, the government

10 must prove each of the following beyond a reasonable doubt:

11     First, someone else committed engaging in the business of

12 manufacturing firearms without a license;

13     Second, the defendant aided, counseled, commanded, induced, or

14 procured that person with respect to at least one element of

15 engaging in the business of manufacturing firearms without a

16 license;

17     Third, the defendant acted with the intent to facilitate

18 engaging in the business of manufacturing firearms without a

19 license; and

20     Fourth, the defendant acted before the crime was completed.

21     It is not enough that the defendant merely associated with the

22 person committing the crime, or unknowingly or unintentionally did

23 things that were helpful to that person or was present at the scene

24 of the crime.  The evidence must show beyond a reasonable doubt that

25 the defendant acted with the knowledge and intention of helping that

26 person commit engaging in the business of manufacturing firearms

27 without a license.

28

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Ninth Circuit Criminal Model Jury Instructions, No. 4.1 [Aiding and Abetting] (modified to reflect facts of the case)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 45

Defendant Schlotterbeck is charged in Count Three of the indictment with selling a firearm in violation of Section 922(d) of Title 18 of the United States Code.  For defendant Schlotterbeck to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly sold an AR-15-type rifle, bearing no serial number, to an informant working on behalf of the Bureau of Alcohol, Tobacco, Firearms and Explosives; and

Second, the defendant knew or had reasonable cause to believe that the informant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

Ninth Circuit Criminal Model Jury Instructions, No. 14.11 [Firearms – Unlawful Sale] (modified to reflect facts of the case)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 46

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  With respect to the charge in Count Three against defendant Schlotterbeck for selling a firearm in violation of Section 922(d) of Title 18 of the United States Code only, the government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Criminal Model Jury Instructions, No. 4.8 [Knowingly] (modified to reflect facts of the case and to specify that the lack of a requirement regarding willfulness applies to Count Three only)

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 47

[If Applicable]

You may find that defendant Schlotterbeck acted knowingly with respect to Count Three if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that the informant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and

2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the informant had not been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, or if you find that the defendant was simply negligent, careless, or foolish.

Ninth Circuit Criminal Model Jury Instructions, No. 4.9 [Deliberate Ignorance] (modified to reflect facts of the case and to specify that deliberate ignorance as to the informant's prohibited status applies to Count Three only)

57

1        COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 48

3    When you begin your deliberations, elect one member of the jury

4    as your foreperson who will preside over the deliberations and speak

5    for you here in court.

6    You will then discuss the case with your fellow jurors to reach

7    agreement if you can do so.  Your verdict, whether guilty or not

8    guilty, must be unanimous.

9    Each of you must decide the case for yourself, but you should

10   do so only after you have considered all the evidence, discussed it

11   fully with the other jurors, and listened to the views of your

12   fellow jurors.

13   Do not be afraid to change your opinion if the discussion

14   persuades you that you should.  But do not come to a decision simply

15   because other jurors think it is right.

16   It is important that you attempt to reach a unanimous verdict

17   but, of course, only if each of you can do so after having made your

18   own conscientious decision.  Do not change an honest belief about

19   the weight and effect of the evidence simply to reach a verdict.

20   Perform these duties fairly and impartially.  You should also

21   not be influenced by any person's race, color, religious beliefs,

22   national ancestry, sexual orientation, gender identity, gender, or

23   economic circumstances.  Also, do not allow yourself to be

24   influenced by personal likes or dislikes, sympathy, prejudice, fear,

25   public opinion, or biases, including unconscious

26   biases.  Unconscious biases are stereotypes, attitudes, or

27

28

preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Ninth Circuit Criminal Model Jury Instructions, No. 6.19 [Duty to Deliberate]

1                    COURT'S INSTRUCTION NO. _____

2                JOINT PROPOSED INSTRUCTION NO. 49

3     Because you must base your verdict only on the evidence

4 received in the case and on these instructions, I remind you that

5 you must not be exposed to any other information about the case or

6 to the issues it involves.  Except for discussing the case with your

7 fellow jurors during your deliberations:

8         Do not communicate with anyone in any way and do not let

9       anyone else communicate with you in any way about the merits of

10      the case or anything to do with it.  This restriction includes

11      discussing the case in person, in writing, by phone, tablet,

12      computer, or any other means, via email, text messaging, or any

13      Internet chat room, blog, website or any other forms of social

14      media.  This restriction applies to communicating with your

15      family members, your employer, the media or press, and the

16      people involved in the trial.  If you are asked or approached

17      in any way about your jury service or anything about this case,

18      you must respond that you have been ordered not to discuss the

19      matter and to report the contact to the court.

20         Do not read, watch, or listen to any news or media

21      accounts or commentary about the case or anything to do with

22      it; do not do any research, such as consulting dictionaries,

23      searching the Internet or using other reference materials; and

24      do not make any investigation or in any other way try to learn

25      about the case on your own.

26     The law requires these restrictions to ensure the parties have

27 a fair trial based on the same evidence that each party has had an

28

opportunity to address.  A juror who violates these restrictions
jeopardizes the fairness of these proceedings, and a mistrial could
result that would require the entire trial process to start
over.  If any juror is exposed to any outside information, please
notify the court immediately.

Ninth Circuit Criminal Model Jury Instructions, No. 6.20
[Consideration of Evidence - Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 50

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Criminal Model Jury Instructions, No. 6.21 [Use of Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 51

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendants beyond a reasonable doubt.

Ninth Circuit Criminal Model Jury Instructions, No. 6.22 [Jury Consideration of Punishment]

63

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 52

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

Ninth Circuit Criminal Model Jury Instructions, No. 6.23 [Verdict Form]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 53

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendants, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Criminal Model Jury Instructions, No. 6.24

[Communication with Court]

65