TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3819
    Facsimile: (213) 894-0141
    E-mail:   Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>TRAVIS SCHLOTTERBECK and<br>JAMES BRADLEY VLHA,<br><br>       Defendants. | No. CR 19-00343-GW<br><br>DISPUTED JURY INSTRUCTIONS<br><br>Trial Date: May 24, 2022<br>Trial Time: 9:00 a.m.<br>Location:   Courtroom of the<br>           Hon. George H. Wu |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brian R. Faerstein, defendant TRAVIS SCHLOTTERBECK, by and through his counsel of record Robison D. Harley, Jr., and defendant JAMES BRADLEY VLHA, by and through his counsel of record Jerome J. Haig, hereby submit their Disputed Jury Instructions in the above-captioned case.

    The parties have met and conferred regarding the disputed instruction described herein in an effort to narrow the issues. Where appropriate and in order to direct the Court to the issues in

1

dispute, the parties have highlighted in yellow the disputed portions of the instruction.

Defendants have informed the government that they may propose certain additional special instructions for the government's review and consideration by Tuesday, May 10, 2022, in advance of the status conference in this case on May 12, 2022.

Dated: May 6, 2022                    Respectfully submitted,

                                      TRACY L. WILKISON
                                      United States Attorney

                                      SCOTT M. GARRINGER
                                      Assistant United States Attorney


                                       /s/ Brian Faerstein
                                      BRIAN R. FAERSTEIN
                                      Assistant United States Attorney
                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA



Dated: May 6, 2022                     /s/ with email authorization
                                      ROBISON D. HARLEY, JR.
                                      Attorney for Defendant
                                      TRAVIS SCHLOTTERBECK



Dated: May 6, 2022                     /s/ with email authorization
                                      JEROME J. HAIG
                                      Attorney for Defendant
                                      JAMES BRADLEY VLHA

**INDEX OF DISPUTED JURY INSTRUCTION**

| No. | Title | Source | Page |
|---|---|---|---|
| 1A | Firearms – Manufacturing Without License [Government] | Ninth Circuit Model Jury Instructions, No. 14.3; 18 U.S.C. §§ 921(a)(3)(A), 921(a)(10), 921(a)(21)(A), 921(a)(22); Bryan v. United States, 524 U.S. 184, 190-92, 198-99 (1998) | 1 |
| 1B | Firearms – Manufacturing Without License [Defendants] | Ninth Circuit Model Jury Instructions, No. 14.3; 18 U.S.C. §§ 921(a)(3)(A), 921(a)(10), 921(a)(21)(C), 921(a)(22); Bryan v. United States, 524 U.S. 184, 190-92, 198-99 (1998); U.S. v. King, 735 F.3d 1098, 1106 (9th Cir. 2013); U.S. v. Tyson, 653 F.3d 192, 200 (3rd Cir. 2011); U.S. v. Burns, 2017 U.S. Dist. Lexis 95075 (N.D. Cal. 2017) | 3 |

i

**DISPUTED INSTRUCTION NO. 1**

**GOVERNMENT'S PROPOSED DISPUTED INSTRUCTION NO. 1A**

The defendants are charged in Count Two of the indictment with engaging in the business of manufacturing firearms without a license, in violation of Section 922(a)(1) of Title 18 of the United States Code.  For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant was willfully engaged in the business of manufacturing firearms within the dates specified in the indictment; and

Second, the defendant did not then have a license as a firearms manufacturer.

"Willfully," as used in this statute, requires proof that the defendant knew that his conduct was unlawful, but does not require proof that the defendant knew of the federal licensing requirement. A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with a bad purpose to disobey or to disregard the law.

A "firearm," as used in this statute and as relevant here, means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

"Manufacturer," as used in this statute, means any person engaged in the business of manufacturing firearms or ammunition for purposes of sale or distribution.  A person is "engaged in the business of manufacturing firearms" if the person devotes time, attention, and labor to manufacturing firearms as a regular course

1

of trade or business with the principal objective of livelihood and profit through ==the sale or distribution of the firearms manufactured==.

The term "with the principal objective of livelihood and profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection.

Ninth Circuit Criminal Model Jury Instructions, Nos. 14.3 [Firearms – Firearms – Dealing, Importing or Manufacturing Without License] (modified to reflect facts of the case and to incorporate relevant statutory language as applicable to the case); 18 U.S.C. §§ 921(a)(3)(A), 921(a)(10), ==921(a)(21)(A)==, 921(a)(22); <u>Bryan v. United States</u>, 524 U.S. 184, 190-92, 198-99 (1998)

1

2

**DISPUTED INSTRUCTION NO. 1**

**DEFENDANTS' PROPOSED DISPUTED INSTRUCTION NO. 1B**

3       The defendants are charged in Count Two of the indictment with

4   engaging in the business of manufacturing firearms without a

5   license, in violation of Section 922(a)(1) of Title 18 of the United

6   States Code.  For the defendants to be found guilty of that charge,

7   the government must prove each of the following elements beyond a

8   reasonable doubt as to each defendant:

9       First, the defendant was willfully engaged in the business of

10  manufacturing firearms within the dates specified in the indictment;

11  and

12      Second, the defendant did not then have a license as a firearms

13  manufacturer.

14      "Willfully," as used in this statute, requires proof that the

15  defendant knew that his conduct was unlawful, but does not require

16  proof that the defendant knew of the federal licensing requirement.

17  A person acts willfully if he acts intentionally and purposely and

18  with the intent to do something the law forbids, that is, with a bad

19  purpose to disobey or to disregard the law.

20      A "firearm," as used in this statute and as relevant here,

21  means any weapon which will or is designed to or may readily be

22  converted to expel a projectile by the action of an explosive.

23      "Manufacturer," as used in this statute, means any person

24  engaged in the business of manufacturing firearms or ammunition for

25  purposes of sale or distribution.  A person is "engaged in the

26  business of manufacturing firearms" if the person devotes time,

27  attention, and labor to manufacturing firearms as a regular course

28

of trade or business with the principal objective of livelihood and profit through the repetitive sales and distributions of firearms. The government must prove beyond a reasonable doubt that the defendant engaged in a greater degree of activity than the occasional sale of a hobbyist or collector and that the defendant devoted time, attention, and labor to selling and distributing firearms as a trade or business with the intent of making profits through the repeated purchase and sales of firearms.

The term "with the principal objective of livelihood and profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection.

Ninth Circuit Criminal Model Jury Instructions, Nos. 14.3 [Firearms – Firearms – Dealing, Importing or Manufacturing Without License] (modified to reflect facts of the case and to incorporate relevant statutory language as applicable to the case); 18 U.S.C. §§ 921(a)(3)(A), 921(a)(10), 921(a)(21)(C), 921(a)(22); Bryan v. United States, 524 U.S. 184, 190-92, 198-99 (1998); U.S. v. King, 735 F.3d 1098, 1106 (9th Cir. 2013); U.S. v. Tyson, 653 F.3d 192, 200 (3rd Cir. 2011); U.S. v. Burns, 2017 U.S. Dist. Lexis 95075 (N.D. Cal. 2017)

1          **GOVERNMENT'S RESPONSE RE: DISPUTED INSTRUCTION NO. 1:**

2          The Ninth Circuit Model Criminal Instruction for "Dealing,

3     Importing or Manufacturing Without License" provides three alternate

4     theories – dealing, importing, or manufacturing - for proving a

5     violation of the statute, which tracks the statutory language for 18

6     U.S.C. § 922(a)(1).  Here, the government has informed the defense

7     that it will be proceeding at trial solely on the theory that

8     defendants engaged in the business of <u>manufacturing</u> firearms without

9     a license, without submitting the alternate theory of dealing in

10    firearms without a license to the jury.

11         The government's proposed substantive instruction for this

12    offense includes the language from the Ninth Circuit's Model

13    Criminal Instruction No. 14.3, with the "manufacturing firearms

14    without a license" language elected only.  In addition, the

15    government has added relevant statutory definitions from 18 U.S.C.

16    § 921 to provide the jury additional context for certain key terms.

17    Among other things, because it is proceeding on a manufacturing

18    without a license theory only, the government has included the

19    definition of "engaged in the business" as it applies to "a

20    manufacturer of firearms" under 18 U.S.C. § 921(a)(21)(A).  The

21    government's proposed definition for this term, including the

22    highlighted language in the Government's Proposed Disputed

23    Instruction No. 1A above, is drawn verbatim from this statutory

24    definition.

25         Defendants, on the other hand, are proposing instead to draw

26    from the definition of being "engaged in the business" as "a <u>dealer</u>

27    in firearms" under 18 U.S.C. § 921(a)(21)(C).  For example,

28

defendants request that the jury be instructed that being engaged in the business of manufacturing firearms requires the "repetitive" sale of firearms.  However, the term "repetitive" is found within the definition of being "engaged in the business" as a dealer, not a manufacturer, of firearms.  Compare 18 U.S.C. § 921(a)(21)(C) with 18 U.S.C. § 921(a)(21)(A).  Defendants also seek to incorporate into their proposed instruction the language from the first paragraph of the Comment to Model Instruction No. 14.3.  That language similarly refers to the "repeated purchase and sale of firearms," which is directly drawn from the definition of being "engaged in the business" as a dealer only.  See 18 U.S.C. § 921(a)(21)(C) ("a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms") (emphasis added).

Moreover, the language cited in the first paragraph of the Comment which defendants propose to incorporate is based on a case in which only dealing in firearms without a license was alleged. See United States v. King, 735 F.3d 1098, 1106 (9th Cir. 2013).  The other cases defendants rely upon in their argument herein also dealt solely with dealing in firearms without a license.  See United States v. Tyson, 653 F.3d 192, 200 (3d Cir. 2011); United States v. Burns, No. 16-cr-132-CRB, 2017 U.S. Dist. Lexis 95075, at *17 (N.D. Cal. June 20, 2017).  Indeed, the language in the Comment distinguishing those persons who are a "hobbyist or collector" draws directly upon the references to "hobby" and "personal collection"

set forth in the statutory definition of engaging in the business as

a <u>dealer</u> under 18 U.S.C. § 921(a)(21)(C).

The statutory definitions of engaging in the business as a

"manufacturer" versus as a "dealer" are separate and distinct.  The

cases which defendants cite rely upon the materially different

statutory definition of "dealer" in setting forth the standard

defendants seek to import into the instruction regarding

"manufacturer" in this case.  Defendants' attempt to conflate the

definitional standards of "dealer" into that of "manufacturer" will

incorrectly instruct the jury on the law.  On the other hand, the

highlighted language in the government's proposed instruction

accurately and succinctly provides the statutory definition for

engaging in the business of manufacturing firearms for sale.

Defendants' proposed language will, at a minimum, set forth the

wrong legal standard for the jury to consider and confuse the issues

in this case.

The government further submits that, even if the defendants'

proposed language was a correct statement of law with respect to the

manufacturing offense (which it is not), the evidence at trial will

not support their apparent theory of defense as injected into this

proposed instruction.  Specifically, the evidence will demonstrate

that defendants did not engage in the manufacture of firearms for

the "occasional sale of a hobbyist or collector."  Rather, they

manufactured custom-made firearms for sale to new and returning

customers, and did so for monetary gain.  Indeed, the fact that

defendants manufactured brand new firearms lays bare the

inappropriateness of the language defendants propose, which requires

1    "the repeated purchase and sales of firearms" that necessarily

2    already exist.  Such language naturally applies to defendants

3    charged with dealing in existing firearms, but not manufacturing

4    firearms as applicable here.

**DEFENDANTS' RESPONSE RE: DISPUTED INSTRUCTION NO. 1:**

The comment to 9th Circuit Instruction 14.3 specifically states the government must prove beyond a reasonable doubt that the defendant "engaged in a greater degree of activity than the occasional sale of a hobbyist or collector and that the defendant devoted time, attention, and labor to selling and distributing firearms as a trade or business with the intent of making profits through the repeated purchase and sales of firearms. <u>U.S. v. King</u>, 735 F.3d 1098, 1106 (9th Cir. 2013); <u>See also</u> <u>U.S. v. Tyson</u>, 653 F.3d 192, 200 (3rd Cir. 2011); <u>U.S. v. Burns</u>, 2017 U.S. Dist. Lexis 95075 (N.D. Cal. 2017).

Neither the statute, the case law, nor the 9th Circuit Model Jury Instruction limits the application of such language to the "dealing" prong or prohibits such language simply because the government chose to proceed on the "manufacturing" prong of §922(a)(1)(A).