TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3819
     Facsimile: (213) 894-0141
     E-mail:   Brian.Faerstein@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00343-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS |
| v. | |
| TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA, | Trial Date: May 24, 2022<br>Trial Time: 9:00 a.m.<br>Location: Courtroom of the Hon. George H. Wu |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Brian Faerstein, hereby submits its proposed voir dire questions for the May 24, 2022

//

//

//

jury trial in this matter.  The government reserves the right to submit additional proposed voir dire questions in advance of trial.

Dated: May 6, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　TRACY L. WILKISON
　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　SCOTT M. GARRINGER
　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　Chief, Criminal Division


　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　BRIAN R. FAERSTEIN
　　　　　　　　　　　　　　　　　　Assistant United States Attorney

　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　UNITED STATES OF AMERICA

2

**GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS**

**I.   General**

1. Do any of you have any difficulty with hearing, seeing, or understanding the English language or have any medical problems or other issues that could impair your ability to devote your full attention to this trial?

2. Is there anything about the charges in this case or this type of case that makes you unwilling or reluctant to serve as a juror?

3. Is there anything about the charges in this case or this type of case that may cause you to lean in favor of or against either the prosecution or the defendants?

**II.   Familiarity with This Case and its Parties**

4. [AFTER INTRODUCING THOSE AT COUNSEL TABLE] Are you familiar with any of the individuals sitting at counsel table, including the attorneys, the U.S. Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") agent, the defendants, and their attorneys?

5. [AFTER READING WITNESS LIST(S)] Do you know or are you familiar with any of these individuals, who may be witnesses in this case?

6. Do you know anything about this case other than what you have heard in this court today?  (*If so, the government respectfully requests that the Court question the potential juror regarding their knowledge of the case in private, at the bench, to avoid influencing other potential jurors.*)

**III. Experience With and Attitude Towards Firearms**

7. The government has charged the defendants with engaging in the business of manufacturing firearms without a license. Do any of you disagree with the criminal laws of the United States that prohibit the possession or sale of guns under certain circumstances?

8. Do you or someone close to you own a firearm?
   a. What type of firearm?
   b. For what purpose?
   c. How frequently do you use the firearm?
   d. Did you buy the firearm? If so, did you go through a background check?
   e. Would anything about your firearm ownership affect your ability to be fair in this case?

9. Have you or someone close to you ever sold a firearm?
   a. What type of firearm?

10. Have you or someone close to you ever obtained firearm parts and assembled a firearm at home?
    a. What type of firearm?

11. Have you or someone close to you ever been a member of the National Rifle Association ("NRA"), a militia, a paramilitary organization, or any other group or organization that advocates for increasing gun ownership or expanding gun rights?
    a. How long?
    b. Have you or someone close to you held a leadership position within the group or organization?

12. Have you or someone close to you ever been a member of a group or other organization that advocates for greater gun control

2

measures, gun violence prevention, or other restrictions on gun ownership or sales?

    a. How long?

    b. Have you or someone close to you held a leadership position with the group or organization?

13. Do you believe that any adult who wants to possess or sell a firearm should be legally permitted to do so?

14. Do you believe that the laws of the United States regulating gun ownership and sales are unfair in any way?

    a. Which laws do you believe are unfair?

    b. In what way do you believe them to be unfair?

15. Do you believe that the federal government should not investigate or prosecute firearms-related offenses?

**IV. Experience With and Attitude Towards Law Enforcement**

16. You will hear testimony in this case from law enforcement officers and employees from the ATF.

    a. Are you or is someone close to you an employee of or associated with the ATF or the U.S. Attorney's Office? If so, please provide specifics.

    b. Is there anything you have experienced, seen, heard or read about the ATF or the U.S. Attorney's Office that would prevent you from fairly assessing the credibility of ATF officers?

    c. Do you have any opinions about ATF generally?

17. Are you or is someone close to you a law enforcement officer or employee of or volunteer for a law enforcement organization? If so, please provide more information.

3

18. Would you automatically give more weight, or less weight, to the testimony of a law enforcement officer than other witnesses who are not law enforcement officers?

19. Have you or someone close to you ever been arrested for, charged with, or convicted of any crime? (*If the potential juror so requests, the government respectfully requests that the Court question the potential juror regarding the circumstances, in private, at the bench, to avoid embarrassment to the potential juror.*)

    a. Would you please describe the circumstances?

    b. Is there anything about those circumstances that would prevent you from being fair and impartial in this case?

    c. Do you feel you were (or the person close to you was) treated fairly?

    d. Do you believe the officers handled the matter properly or improperly?

    e. Is there anything about that experience that could cause you to lean in favor of or against either of the parties (the government or the defendant) in this case?

20. Have you or has someone close to you ever had any other contact with any law enforcement officer? (*If the potential juror so requests, the government respectfully request that the Court question the potential juror regarding the circumstances, in private, at the bench, to avoid embarrassment to the potential juror.*)

    a. Do you think the officer acted professionally and fairly?

    b. Do you have any positive or negative feelings as a

4

result of that contact?

      c. Is there anything about that experience that could cause you to lean in favor of or against either of the parties (the government or the defendant) in this case?

21. Have you or has someone close to you ever filed a lawsuit or complaint concerning the conduct of a law enforcement officer? (*If the potential juror so requests, the government respectfully request that the Court question the potential juror regarding the circumstances, in private, at the bench, to avoid embarrassment to the potential juror.*)

      a. Please explain.

      b. Do you feel this experience would affect your ability to be a fair and impartial juror in this case?

22. Have you or has someone close to you ever been a victim of or witness to a crime? (*If the potential juror so requests, the government respectfully request that the Court question the potential juror regarding the circumstances, in private, at the bench, to avoid embarrassment to the potential juror.*)

      a. If so, please describe the nature of the crime, whether you or someone else reported it to law enforcement, whether you were interviewed by a law enforcement officer, whether a suspect was arrested, whether you or the person close to you testified in court, and whether you believe the officer(s) handled the matter in a satisfactory or unsatisfactory manner.

      b. Do you feel this experience would affect your ability to be a fair and impartial juror in this case?

23. Have you or has someone close to you been falsely accused of committing a crime? (*If the potential juror so requests, the*

5

*government respectfully request that the Court question the potential juror regarding the circumstances, in private, at the bench, to avoid embarrassment to the potential juror.*)

      a.   If so, please describe the circumstances.

      b.   Do you feel that experience would affect your ability to be a fair and impartial juror in this case?

24.   Have you or has someone close to you ever had any disputes with any agency of the United States government?

      a.   If so, please describe the circumstances.

      b.   Do you feel that experience would affect your ability to be a fair and impartial juror in this case?

**V.   Experience with and Attitude Towards Military (If Applicable[1])**

25.   You may hear testimony that the defendants previously served in the United States military.

      a.   Are you or is someone close to you a military service member or a veteran of the United States military?  If so, please provide more information.

      b.   Do you feel that experience would affect your ability to be a fair and impartial juror in this case?

      c.   Would you automatically give more weight, or less weight, to the testimony of a current or former United States military service member than other witnesses who are not current or former United States military service members?

---

[1] The government proposes these questions only in the event that one or both defendants anticipate raising their military service in some capacity at trial and can proffer a basis for the relevance of such information to the issues at trial.

26. Is there anything you have experienced, seen, heard or read about the United States military that would prevent you from fairly assessing this case?

27. Do you have any opinions about the United States military generally?

**VI. Law Enforcement Investigatory Techniques**

28. The Court will likely instruct you that during the course of investigating criminal activity, law enforcement officials may engage in stealth and deception, such as the use of informants and undercover agents, in order to investigate criminal activities. The Court will likely also instruct you that undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

    a. Are you surprised by these legal propositions?

    b. Do you believe that law enforcement should not be able to employ these types of investigative methods?

    c. Are you inherently suspicious of law enforcement in employing these types of investigative methods?

    d. Would you automatically give more weight, or less weight, to the testimony of a confidential informant or undercover agent than other witnesses?

29. Do you have an opinion about whether it is proper or improper for the government to offer a potentially beneficial plea agreement to a witness in order to obtain his or her testimony?

    a. Would you automatically give more weight, or less weight, to the testimony of a witness that received a potentially beneficial plea agreement than other witnesses?

7

30. During the course of this trial, you may hear that during its investigation the ATF used undercover agents and a confidential informant to secretly record conversations with others.

    a. Do you believe for any reason that the ATF should not be permitted to secretly record conversations with others? If so, please explain.

    b. Would the fact that such recordings were made during the course of the investigation affect in any way your ability to be fair and impartial toward the government in this case?

    c. If one of the witnesses who made the recordings testifies in this case, would you disregard or dismiss that witness's testimony solely because the witness recorded a conversation with the defendants?

**VII. Circumstantial Evidence and Direct Evidence**

31. I will instruct you that evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is indirect evidence that is proof of one or more facts from which you can find another fact. Either direct or circumstantial evidence can be the basis of a criminal conviction if the government meets its burden of proof. Will you be able to rely on circumstantial evidence and base your conviction upon it if the prosecution meets their burden of proof?

**VIII.    Other Experience and Opinions**

32. Have you or has someone close to you had any legal training (including taking law courses, paralegal programs, or on-the-job training) or been employed in the legal profession (for example, as a lawyer, paralegal, law clerk)?

   a. Would this experience make it difficult for you to follow the Court's instructions regarding the law applicable to this case?

33. The potential punishment for the offenses charged in the indictment is a matter for the Court to determine. As such, the potential punishment should never be considered by the jury in any way in arriving at a verdict as to the guilt or innocence of the defendants. Will you be able to conduct your duties as jurors in this case without speculating about or being influenced in any way by whatever punishment may or may not be imposed in this case?

34. At the end of the trial, I will instruct you on the law you must follow in this case. Are you willing to follow my instructions on the law, regardless of whether you agree or disagree with the law?

   a. Would you be able to find the defendants guilty if, after a careful and impartial consideration of all of the evidence, you are convinced beyond a reasonable doubt that defendants committed the charged offense or offenses?

   b. Would you be able to do so even if you have reservations based on factors not based in the evidence or the law about finding the defendant guilty of a crime?

35. The government has the burden to prove the defendants guilty beyond a reasonable doubt. The law does not require the government prove its case beyond all possible doubt. The law recognizes that the human mind always can conceive of some doubt as to any proposition.

      a.   Would you require the government to prove its case beyond all doubt, or all possible doubt, before you would vote for a verdict of guilty?

36.   Do you have philosophical, political, religious, or ideological views that may make it difficult for you to sit in judgment of another person?

      a.   Do you have any beliefs that only a higher power can sit in judgment of another person?

37.   Do you understand that as a juror, you are not to consider prejudice, pity, or sympathy in deciding whether the defendants are guilty or not guilty?

38.   Would you be more comfortable serving on a jury in a civil case as opposed to this criminal case?

39.   If you are selected as a juror and hear this case, you will be required to deliberate with 11 other jurors.  This will require you to discuss the evidence and the law in this case with the 11 other jurors selected.

      a.   Would you have any potential objection to deliberating with other jurors?

      b.   Do you think it will be difficult to come to a consensus view of the evidence with 11 other people?

40.   Is there any matter or reason not covered by these questions that, from what you now know about this case, makes you unwilling or reluctant to serve as a juror, or causes you any reservations about your ability to hear the evidence, deliberate and return a fair and impartial verdict?