TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
     1300/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3819/2426
     Facsimile: (213) 894-0141/0142
     E-mail:    Brian.Faerstein@usdoj.gov
                Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-00343-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE TRIAL |
| v. | |
| TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA, | Trial Date: June 7, 2022<br>Trial Time: 8:30 a.m.<br>Location:   Courtroom of the<br>            Hon. George H. Wu |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brian R. Faerstein and Dan G. Boyle, hereby files its response to defendant Travis Schlotterbeck's and James Bradley Vlha's joint ex parte application to continue the trial date in the above-captioned proceeding. The government's response is based upon the attached memorandum of points and authorities, the attached declaration of Brian Faerstein,

1

the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 20, 2022                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney


                                            /s/
                                       ‌BRIAN R. FAERSTEIN
                                       DAN G. BOYLE
                                       Assistant United States Attorneys
                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In light of defendant Travis Schlotterbeck's substitution of counsel on the eve of trial, the government met and conferred with counsel to both defendants to discuss a reasonable accommodation for defendant Schlotterbeck's new counsel to prepare for trial.  The government believed (and believes) that a final continuance to no later than July 12, 2022 - five weeks from the current trial date and eight weeks from the date new counsel's substitution request was granted - would afford new counsel more than adequate time to prepare given the status of the case and the parties' pretrial disclosures to date.  Nonetheless, the government agreed in principle with defense counsel to a continuance of trial from June 7 to July 19, 2022 (in order to accommodate the travel schedule of defendant James Bradley Vlha's counsel) and was prepared to file a stipulation to continue trial to that date with the defense.

However, based on information obtained from colleagues within the U.S. Attorney's Office, the government understands the Court has another trial scheduled for July 19, 2022, that may be going forward and lasting several weeks.  Thus, deferring to the Court's management of its trial calendar, the government requests a trial date between July 12 and July 26, 2022, should such be possible.  Alternatively, the government would not be opposed to a transfer of the case to another judge available for trial in July, if appropriate in the Court's view.

**II.  RELEVANT PROCEDURAL HISTORY**

    **A.  Initial Appearances, Discovery, and Defendants' Requests for First Four Continuances**

Defendants made their initial appearance on the indictment in this case on August 13, 2019, and trial was set for September 24, 2019.  (Dkt. Nos. 19, 28.)  The government made its initial production of discovery to defendants on August 16, 2019, and produced the substantial core of discovery – including agent reports, audio/video recordings and draft transcripts, digital device evidence, and photographic and documentary evidence – by January 13, 2020.  (See Declaration of Brian Faerstein ("Faerstein Decl."), attached hereto as Exhibit 1, at ¶ 2.)  The government has made supplemental productions thereafter, including pretrial confidential informant related disclosures and supplemental Jencks materials, among other things.  (See id.)

In response to defendants' requests for continuances to prepare adequately for trial, the government stipulated to four continuances in this case between September 2019 and March 2021, and the trial date was correspondingly continued from September 24, 2019, to November 9, 2021.[1]  With the understanding that trial would go forward on November 9, 2021, the parties jointly filed a Stipulation Regarding Pretrial Filings Schedule on August 24, 2021, which the Court entered on August 26, 2021.  (See Dkt. Nos. 76-77.)  The stipulation set forth an expert disclosure and pretrial filings

---

[1] Two of the continuances – relating to trial dates of August 25, 2020, and April 13, 2021 – were in part necessitated by closure of the Court due to the COVID-19 pandemic.  (See Dkt. Nos. 72-75.)

schedule and contemplated that a potential additional continuance could arise <u>only</u> as a result of the ongoing pandemic.  Specifically, the stipulation specified that the pretrial schedule would be taken off calendar "should the trial date and status conference need to be continued as a result of the unavailability of in-person court proceedings due to the COVID-19 pandemic."  (Dkt. No. 76 at ¶ 4.)

**B.   Defendants' Request for Fifth Continuance and Revised Pretrial Filing Schedule**

In or around September 2021, defense counsel informed the government that they were encountering a funding issue with a previously-appointed defense expert after "trial preparation was underway."  (Faerstein Decl. at ¶ 3; Dkt. No. 78 at ¶ 6.d.)  The defense informed the government that, at least as of October 11, 2021, it had retained a new expert but would need additional time to prepare for the November 9, 2021 trial date with the new expert.  (<u>See</u> Dkt. No. 78 at ¶ 6.d.)  The government had already undertaken substantial trial preparations as of September 2021 and had arranged for all of its witnesses to be available for the November 2021 trial.  (Faerstein Decl. at ¶ 3.)  Moreover, the government's lead case agent, who also is a necessary witness at trial, would become unavailable on extended leave starting in January 2022.  (<u>See</u> Dkt. No. 78 at ¶ 7.)  The government offered a one-month trial continuance to December 2021 to accommodate the defense's stated need for time with the new expert, which the defense did not accept.[2]  (Faerstein Decl. at ¶ 3.)

---

[2] Defendants' <u>ex parte</u> application infers, perhaps inadvertently, that the fifth trial continuance was on account of both the defense expert issue and "[a] witness for the government [being] on family

1     In lieu of opposing defendants' request for a fifth trial
2 continuance, the government ultimately agreed to one final
3 continuance of the trial date to May 24, 2022, which would give the
4 defense more than enough time to prepare with their new expert and
5 accommodate the government's newfound witness scheduling issue.
6 (See Dkt. No. 78.)  The parties also built in a revised expert
7 disclosure and pretrial filing schedule, working backwards from the
8 May 12, 2022 status conference date.  (Id. at ¶ 8.)  Defendants
9 further represented that they "d[id] not anticipate filing any
10 motions pursuant to Federal Rule of Criminal Procedure 12(b),
11 consistent with their not having previously filed any Rule 12
12 pretrial motions within the periods dictated for the filing of Rule
13 12 pretrial motions as previously ordered by the Court."  (Id.)  The
14 Court entered the pretrial filing schedule as part of its order
15 continuing trial to May 24, 2022.  (See Dkt. No. 79.)

    **C.   Trial Preparation and Pretrial Filings**

17     Since early April 2022, the parties have been meeting and
18 conferring on a number of issues in advance of trial, including a
19 proposed trial indictment, stipulations of fact, stipulations
20 regarding exhibits, proposed jury instructions, proposed verdict
21 form, and other issues relating to trial.  (See Faerstein Decl. at
22 ¶ 4.)  Among other things, the parties jointly filed their positions
23 on a disputed jury instruction, which the government and defendant
24 Schlotterbeck's prior counsel (on behalf of both defendants)

---

leave and unavailable."  Dkt. 99 at 2.  In fact, the government's witness (the case agent) only became unavailable due to the defense's request for a more than one-month trial continuance.  (See Dkt. No. 78 at ¶ 7.)

4

litigated, and the government made modifications to a proposed set of stipulations of fact accounting for requests by both prior counsel to defendant Schlotterbeck and counsel to defendant Vlha. (See id.)

The parties exchanged expert disclosures on April 22, 2022, mutually agreeing to a one-week extension of the April 15 deadline in the Court's pretrial scheduling order. (Dkt. No. 79; Faerstein Decl. at ¶ 5.) Pursuant to the Court's scheduling order, the government filed three motions in limine on April 29, 2022, and its trial memorandum on May 6, 2022, collectively setting forth in detail the categories and types of evidence it intends to marshal at trial. (See Dkt. Nos. 80-82, 89.) The parties jointly filed their stipulated and disputed jury instructions and their stipulated verdict form on May 6, 2022, also pursuant to the Court's pretrial scheduling order. (See Dkt. Nos. 85-87.) In addition, the government has disclosed a substantial number of its proposed trial exhibits to the defense, including over one hundred clips of audio and video recordings it may offer and a series of summary exhibits it has prepared from digital evidence. (Faerstein Decl. at ¶ 6.)

Most recently, following the May 12, 2022 status conference and the Court's continuance of trial to June 7, 2022, the government sent counsel to both defendants (including new counsel to defendant Schlotterbeck, discussed further below) a proposed joint trial exhibit list, joint witness list, and joint statement of the case on May 18, 2022. (Faerstein Decl. at ¶ 7.)

**D.     Substitution of Counsel to Defendant Schlotterbeck**

On May 16, 2022, the government received an email from Edward Robinson, the then-proposed new counsel to defendant Schlotterbeck, indicating he had been retained by defendant Schlotterbeck in this case. (Id. at ¶ 8.) Mr. Robinson filed a request for substitution of counsel the same day, which the Court granted on May 17, 2022. (Dkt. Nos. 97-98.)

On May 17 and 18, 2022, the government met and conferred with Mr. Robinson and Mr. Haig (counsel to defendant Vlha) to discuss Mr. Robinson's request for a continuance to prepare for trial. (Faerstein Decl. at ¶ 9.) Based on the history and status of the case, as well as the extensive pretrial disclosures and filings the government already has provided, the government stated that it would agree to a continuance of trial of approximately 30 days, from June 7 to July 12, 2022, which would afford Mr. Robinson a total of eight weeks to prepare for trial as of the date of his substitution, representing five additional weeks from the current trial date. (Id.) During these negotiations, Mr. Haig informed all counsel of his travel planned for June 24 through July 7, and to accommodate this trip, the government agreed to one additional week's continuance, to July 19, 2022 – to which both defense counsel tentatively agreed. (Id.) The government also agreed to propose a stipulated pretrial briefing schedule and proposed pretrial hearing date prior to Mr. Haig's trip to accommodate his travel.[3] (Id.)

---

[3] The government understands the defense will be filing responses to its motions in limine. However, with respect to the stipulated filings (including stipulated jury instructions and verdict form) the parties already have jointly submitted pursuant to the Court's pretrial filing scheduling order entered October 13, 2021, the

6

Based on this agreement in principle, the government began preparing a stipulated joint request for a continuance of trial and exclusion of time from June 7, 2022, to July 19, 2022.

Following this preliminary agreement with defense counsel, however, government counsel came to learn from colleagues within the U.S. Attorney's Office that the Court has another trial scheduled for July 19, 2022 that may be going forward and lasting several weeks, potentially well into August. (Id.) Defense counsel ultimately proposed a trial date of September 27, 2022, but the government informed defense counsel that it would not stipulate to a continuance into September, as this would be yet another extensive continuance in this case and another four months from the previously agreed-upon date of May 24, 2022. (Id.) In addition, the government has now confirmed that certain of its expected trial witnesses will be unavailable at various points in August and September. (Id. at ¶ 11.) Defendants filed their ex parte application to continue shortly thereafter.

**III. THE GOVERNMENT'S POSITION**

At all turns, the government has taken a reasonable approach to defendants' requests for more time in this case, and provided ample time for effective preparation of counsel. Defendant Schlotterbeck now has obtained new counsel at the eleventh hour, more than two-and-a-half years after his initial appearance in this case. Nonetheless, the government agreed to provide reasonable accommodation for his new counsel, offering to stipulate to a

---

government does not believe those negotiated and agreed-upon filings should be subject to additional briefing.

7

continuance of five or six weeks to July 12 or July 19, respectively. Even as these negotiations on a possible continuance progressed, the government still continued to prepare for trial, including disclosing proposed witness and exhibits lists and a proposed statement of the case just days ago.

Given the history of continuances in this case, and the extensive pretrial filings that have already been submitted, the government believes defendants' current request for what amounts to an additional four months is neither warranted nor necessary. The government already has provided defendant Schlotterbeck's new counsel a complete copy of the previously-produced discovery, in an abundance of caution and to assist in his preparation. (See Faerstein Decl. at ¶ 12.) The government also has described its anticipated case-in-chief in detail in its pretrial disclosures and filings, and has provided the defense its exhibit and witness lists and numerous trial exhibits. (Id. at ¶¶ 6-7.) And counsel for defendant Vlha, who has been counsel of record since August 23, 2019, is presumably ready for trial to commence on the current trial date.

Moreover, the government has been able to confirm that all of its necessary trial witnesses will be available to testify in July (other than the week of July 4). This is no small matter. The prior extended continuance requested by the defense in Fall 2021 led to an essential government witness being unavailable for the first few months of 2022, and a number of government witnesses have now indicated that they likely will not be available at various points in August and September.

8

Given these equities, the government defers to the Court's management of its trial calendar and requests a trial date between July 12 and July 26, 2022, should such be possible.

Alternately, because all parties appeared to be available for a July 19, 2022 trial date and were preparing to stipulate to a continuance to that date – before learning that the Court's trial calendar called into question the viability of that date – the government would not be opposed to a transfer of this case to another judge who is available for trial beginning on July 12 or July 19, 2022, or thereabouts, should such a transfer be appropriate in the Court's view.[4]

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny defendants' ex parte application for a continuance of trial to September 27, 2022.

---

[4] Should the Court decide to continue the trial date from June 7, 2022, to a date beyond the current Speedy Trial Act date of June 21, 2022, the government will prepare a proposed order excluding time under the Speedy Trial Act consistent with any new trial date.