TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
    1300/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3819/2426
    Facsimile: (213) 894-0141/0142
    E-mail:   Brian.Faerstein@usdoj.gov
               Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA, <br><br> Defendants. | No. CR 19-00343-GW <br><br> <u>ORDER CONTINUING TRIAL DATE AND FINDINGS REGARDING EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> <br><br> **NEW TRIAL DATE:**      **07/12/2022** <br> **PRE-TRIAL CONFERENCE: 06/23/2022** |

Having heard from plaintiff, the United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brian R. Faerstein and Dan G. Boyle; defendant Travis Schlotterbeck ("defendant Schlotterbeck"), both individually and by and through his counsel of record, Edward Robinson; and defendant James Bradley Vlha ("defendant Vlha," and together with defendant Schlotterbeck, "defendants"), both individually and by and through his counsel of

record, Jerome J. Haig, at a status conference held before this Court on May 23, 2022, and good cause appearing, the Court hereby FINDS AS FOLLOWS:

1. The Indictment in this case was made public on August 13, 2019. Defendants first appeared before a judicial officer of the court in which the charges in this case were pending on August 13, 2019. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 22, 2019.

2. On August 13, 2019, the Court set a trial date of September 24, 2019, with a status conference date of August 29, 2019. The status conference date was later continued by the Court to September 12, 2019.

3. Defendants are released on bond pending trial. The parties estimate that the trial in this matter will last approximately four to five days. All defendants are joined for trial and a severance has not been granted.

4. Defendants are both charged with violations of 18 U.S.C. §§ 371 and 922(a)(1)(A) (conspiracy to engage in the business of manufacturing and dealing in firearms without a license); and 18 U.S.C. §§ 922(a)(1)(A) and 2(a) (engaging in the business of manufacturing and dealing in firearms without a license and aiding and abetting the same). Defendant Schlotterbeck is also charged with a violation of 18 U.S.C. § 922(d) (sale of a firearm to a prohibited person). The government has produced 20 tranches of discovery and other witness-related disclosures. The discovery consists of, among other things, over 10,000 pages of documents, including over 600 pages of written reports as well as photographs, text messages, call records, transcripts of audio and video files, witness statements,

defendant interviews, law enforcement records and query materials, firearms related records, firearms licensing information, materials relating to eight search warrants, criminal history information, Jencks Act materials, potential impeachment related information, certified public records, and other documents relating to the allegations and witnesses in this case.  The government has also produced over 150 separate audio and video files pertaining to recorded meetings and calls during the underlying investigation as well as other audio and video files pertaining to other related matters.  There are over 1,700 pages of transcripts corresponding to the audio and video files pertaining to the underlying investigation. In addition, the government has produced the responsive contents of seven electronic devices seized pursuant to the execution of search warrants in this case, which contain voluminous files not included in the approximate page count provided above.  The government also has produced certain trial exhibits (compiled from the discovery described above) for defendants' review, including clips of audio and video recordings and summary exhibits from a digital device, and disclosed its preliminary exhibit and witness lists to the defense.

    5.    The Court has previously continued the trial dates in this case from September 24, 2019, to May 24, 2022, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.  The Court most recently continued the trial date from May 24, 2022, to June 7, 2022, on account of a scheduling conflict on the Court's calendar.  The Court also previously continued the date for a status conference in this proceeding from September 12, 2019, to May 26, 2022.

6. On May 23, 2022, this Court held a status hearing by video conference to address defendants' joint ex parte application to continue trial in this case to September 27, 2022 (Dkt. No. 99), which the government opposed (Dkt. No. 102). Defendants appeared by video conference with their counsel of record. Upon the request of defendants through their counsel, and in consideration of the parties' positions, the Court continued the trial date from June 7, 2022, to July 12, 2022. This Order supplements the findings and orders made by the Court at that status hearing.

7. On May 17, 2022, defendant Schlotterbeck's current counsel substituted in as counsel of record and requested a continuance to accommodate trial preparation in this case. Accordingly, counsel for defendant Schlotterbeck will not have the time that he believes is necessary to prepare to try this case on the current trial date of June 7, 2022.

8. Defense counsel for defendant Vlha, who has been counsel of record for defendant Vlha since August 23, 2019, has a pre-planned vacation from June 24 to July 7, 2022. Accordingly, should the trial date need to be continued from the current trial date of June 7, 2022, on account of defendant Schlotterbeck's recent substitution of counsel and need for more time for trial preparation, counsel for defendant Vlha will not be available to try this case before July 12, 2022.

9. In light of the foregoing, counsel for defendants need additional time to confer with defendants, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential motions in limine, review the discovery and potential evidence in the case, and prepare

4

1 for trial in the event that a pretrial resolution does not occur.
2 However, defense counsel to defendant Schlotterbeck and defendant
3 Schlotterbeck represented during the status hearing, including
4 through agreement with the proposed trial date, that the Court's
5 continuance of trial to July 12, 2022, will provide sufficient time
6 for counsel to defendant Schlotterbeck, who has recently substituted
7 in as counsel, to prepare effectively for trial.  Moreover, defense
8 counsel to defendant Vlha and defendant Vlha, who is joined for trial
9 and a severance has not been granted, also represented during the
10 status hearing, including through agreement with the proposed trial
11 date, that the Court's continuance of trial to July 12, 2022, will
12 provide sufficient time for counsel to defendant Vlha, who has been
13 counsel of record since 2019, to prepare effectively for trial.

14     10.  On April 29, 2022, the government filed three motions in
15 limine.  (Dkt. Nos. 80-82.)  The motions remain pending before the
16 Court, and are scheduled to be heard on June 23, 2022.

17     11.  Each defendant's counsel has conferred with the respective
18 defendant they represent regarding each defendant's rights under the
19 Speedy Trial Act.  In addition, the Court inquired of each defendant
20 in open court regarding his Speedy Trial Act rights.  Each defendant
21 stated that he understands his rights under the Speedy Trial Act and
22 that he knowingly and voluntarily waives those rights and agrees to
23 the trial schedule included in this Order.  Each defendant further
24 believes that failure to grant the continuance will deny him
25 continuity of counsel and adequate representation.

26     12.  The government does not object to the continuance of trial
27 to July 12, 2022.

28

13. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

14. The ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial.

15. Failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

16. Failure to grant the continuance would unreasonably deny defendants continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

17. Accordingly, the Court finds that there are facts that support a continuance of the trial date in this matter, and good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from June 7, 2022, to July 12, 2022. The pretrial conference currently scheduled for May 26, 2022, is continued to June 23, 2022. The pretrial filings schedule previously entered by the Court (Dkt. Nos. 79, 96) is amended as set forth below. Based on the continued pretrial conference and trial dates, the schedule for the following pretrial filings is amended as follows, with deadlines set forth below:

   a. May 31, 2022 – Defendants' oppositions to the government's pending motions in limine filed April 29, 2022 (Dkt. Nos. 80-82).

        b.    June 2, 2022 – Parties' filing of additional motions in limine, if any.

        c.    June 7, 2022 – Government's replies, if any, in further support of its pending motions in limine.

        d.    June 9, 2022 – Non-movant oppositions to additional motions in limine, if any.

        e.    June 14, 2022 – Movant replies, if any, in further support of additional motions in limine, if any.

        f.    June 14, 2022 – Parties' joint filings of stipulated statement of the case (or competing versions thereof); joint trial exhibit lists; joint trial witness lists; any amendments to previously-filed stipulated jury instructions and/or disputed jury instructions; and any amendments to previously-filed stipulated verdict form.

        g.    June 14, 2022 – Defendants' proposed voir dire questions, if any.

2.    The time period of May 24, 2022, to July 12, 2022, inclusive, is excluded in computing the time within which the trial must commence, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(6), (h)(7)(A), (h)(7)(B)(i), and (B)(iv).

3.    Defendants shall appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on June 23, 2022, at 8:00 a.m., for a pretrial conference in this proceeding, and on July 12, 2022, at 8:30 a.m. for trial in this proceeding.

4.    Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.  Moreover, the same provisions and/or other provisions of

7

the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

May 26, 2022
DATE

HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

/s/
BRIAN R. FAERSTEIN
Assistant United States Attorney