**EDWARD M. ROBINSON (CA Bar 126244)**
21515 Hawthorne Blvd, Suite 730
Torrance, CA 90503
Office: (310) 316-9333
Facsimile: (310) 316-6442
eroblaw@gmail.com

Attorneys for Defendant
*Travis Schlotterbeck*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA<br><br>Defendants. | Case No. 19-cr-00343-GW-1<br><br>**DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE* TO ADMIT EVIDENCE AND PERMIT ARGUMENT; EXHIBITS IN SUPPORT**<br><br>DATE: June 23, 2022<br>TIME: 8:00 AM<br>Courtroom of the<br>Honorable George H. Wu |

# **TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................ 1

ARGUMENT .................................................................................................................... 2

    I.    Applicable Law ............................................................................................ 2

    II.   The Defendants' Legal Purchase of Firearms is Irrelevant Under Any Theory of Admissibility .............................................................................................. 4

        A.    The Evidence Does Not Tend to Prove Willfulness ........................................ 4

        B.    The "Other Act" Conduct is not Similar to the Charged Conduct .................. 5

    III.  The Government Should Be Precluded from Characterizing Inadmissible "Other Act" Evidence as Charged Conduct or Conduct that is "Inextricably Intertwined" ................................................................................................ 7

        A.    The Government's Arguments Regarding Sale of Large-Capacity Magazines are not Probative of Defendants' Willfulness Regarding Defendants' Understanding of Federal Manufacturing Law ............................................... 7

        B.    Defendants' Discussions of Obtaining Silencers Are Inadmissible ................ 9

        C.    The Government's Requested Arguments Risk Constructively Amending the Indictment ..................................................................................................... 10

CONCLUSION ............................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Bryan v. United States*,
  524 U.S. 184 (1998) .................................................................................. 2, 4

Cheek *v.* United States,
  498 U.S. 192 (1991) ....................................................................................... 3

*In re Winship*,
  397 U.S. 358 (1970) .............................................................................. 4, 8, 10

*Morissette v. United States*,
  342 U.S. 246 (1952) ..................................................................................... 2, 8

*Ratzlaf v. United States*,
  510 U.S. 135 (1994) ....................................................................................... 3

*Stirone v. United States*,
  361 U.S. 212 (1960) ..................................................................................... 10

*United States v. Amezcua-Casillas*,
  2013 WL 4647320 (N.D. Cal. 2013) ............................................................. 5

*United States v. Beckman*,
  298 F.3d 788 (9th Cir. 2002) ..................................................................... 5, 6

*United States v. Carpenter*,
  494 F.3d 13 (1st Cir. 2007) ........................................................................... 2

*United States v. Hernandez*,
  859 F.3d 817 (9th Cir. 2017) ..................................................................... 3, 4

*United States v. Howick*,
  263 F.3d 1065 (9th Cir. 2001) ..................................................................... 10

*United States v. Loftis*,
  843 F.3d 1173 (9th Cir. 2016) ....................................................................... 7

*United States v. Murrillo*,
  255 F.3d 1169 (9th Cir. 2001) ....................................................................... 5

*United States v. Whittemore*,
  776 F.3d 1074 (9th Cir. 2015) ....................................................................... 3

**Statutes**

18 U.S.C. § 371 ................................................................................................. 1

18 U.S.C. § 922 ............................................................................................. 1, 5

**Rules**

Fed. R. Evid., Rule 401 ................................................................................................ 7, 8, 9
Fed. R. Evid., Rule 402 ....................................................................................................... 7
Fed. R. Evid., Rule 403 .................................................................................................... 6, 8
Fed. R. Evid., Rule 404 ............................................................................................. 4, 6, 7, 9

# INTRODUCTION

The government has charged both defendants with conspiracy in violation of 18 U.S.C. §371, with the sole object being to manufacture firearms in violation of 18 U.S.C. § 922(a)(1)(A). The government has also charged the defendants with the substantive count of manufacturing firearms in violation of 18 U.S.C. § 922(a)(1)(A). The government has abandoned its theory of dealing in this case. (Doc. 89 at 1.) Finally, the government has charged Mr. Schlotterbeck with selling a firearm to a felon in violation of 18 U.S.C. § 922(d)(1).

To support a conviction for engaging in the business of manufacturing firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A), the government must prove that (1) the defendants devoted time, attention, and labor to manufacturing firearms as a regular course of trade or business, (2) the defendants' intention in manufacturing firearms was for the principal objective of livelihood and profit, (3) the defendants regularly sold or distributed the firearms manufactured, (4) the defendants did not hold a federal manufacturer's license, and, most critical to this case, (5) the defendant's acted "willfully."

The evidence and arguments the government seeks to admit now are only relevant to the extent that they tend to show that the defendants willfully manufactured firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A). Notably absent from the government's motion is the acknowledgement that the possession, sale, and certain types of milling of unfinished receivers – at issue in this case – are not illegal. The complicated regulations that enshroud the federal, never mind state, firearm laws are not included either. This context certainly informs the court's analysis regarding the admissibility of this evidence to prove willfulness.

Neither the evidence nor the arguments addressed by the government in its motion provide any relevance to the only issue in this case – the defendants' willfulness. The government's proposed "other act" evidence, in fact, with the argument that this evidence proves willfulness, lessens the government's burden of

proof with respect to the heightened willfulness standard for the crimes charged. Moreover, this proposed evidence and the government's arguments, when coupled with its requested "willful blindness" jury instruction, direct a conviction based upon negligence by the defendants.

Thus, for the reasons addressed below, Mr. Schlotterbeck respectfully requests that this Court deny the government's motion in its entirety.

## ARGUMENT

A prosecutor's argument may not "lead the jury away from the charges in the indictment." *United States v. Carpenter*, 494 F.3d 13, 23 (1st Cir. 2007). It is a longstanding precept of the common law that a person cannot be convicted of one crime on the basis of an intent to commit another. There must be a "concurrence of an evil-meaning mind with an evil-doing hand." *Morissette v. United States*, 342 U.S. 246, 251 (1952). Mental States "are not interchangeable between crimes; if one sets out with intent to cause the harm covered in crime A and then inadvertently causes the harm covered by crime B, neither crime A nor crime B has been committed." Wayne R. LaFave, 1 Subst. Crim. L. § 6.3(b) (2d ed. 2016). This applies most strikingly where the intent to commit an uncharged crime is lesser than that of the charged crime.

In contrast with this longstanding precept, because the evidence of willfulness as to the charged conduct here is weak, the government seeks to introduce an array of "other act evidence," arguing that generally "illicit character," propensity evidence, is relevant and necessary to prove its case. However, whatever the government believes the defendants' intent was in engaging in this other, uncharged, conduct, it does not make them guilty of the intent to willfully manufacture in firearms without a license, and the government should not be able to make such arguments to the jury.

I.  **Applicable Law**

The government argues that the standard of willfulness addressed in *Bryan v. United States*, 524 U.S. 184, 198-99 (1998) is applicable to this case. As Mr. Schlotterbeck will argue in his proposed jury instructions, the facts of this case require

that the government prove beyond a reasonable doubt a heightened standard of willfulness.

As the Supreme Court has observed, "'willful' is a word of 'many meanings' and 'its construction [is] often … influenced by its context.'" *Ratzlaf v. United States*, 510 U.S. 135, 146 (1994). Where the "context" involves an area of law that is heavily regulated, the highest standard of willfulness is required; because in those heavily regulated areas, like structuring, money laundering, tax and firearms, the criminally proscribed conduct is not obvious to the lay person, absent proof of notice, such that the general maxim that 'ignorance of the law is no defense' does not apply. *See Ratzlaf*, 510 U.S. at 146; *see also Cheek v. United States,* 498 U. S. 192 (1991). "A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence[.]" *United States v. Whittemore*, 776 F.3d 1074, 1078 (9th Cir. 2015).

Here, given the highly regulated nature of the firearms laws – particularly surrounding manufacturing and the legality of unfinished receivers, it is critical that the jury understand that it may only find defendants guilty if the government proves beyond a reasonable doubt that the defendants knew that the particularly charged manufacturing conduct violated federal law. It cannot be that the jury finds the defendants guilty for some other, uncharged, firearms related crime. As the Court in *United States v. Hernandez*, 859 F.3d 817, 823 (9th Cir. 2017) stated, "there are many cases where the instruction … taken directly from *Bryan*, is perfectly appropriate. However, where there is a serious risk that the jury might impute the willfulness to commit an uncharged crime to that required to prove the *mens rea* for the charged crime, more is required to ensure the government meets its burden of proof and the jury performs its duty." The failure to give a heightened standard of willfulness would

unconstitutionally water down the government's burden of proof. *See In re Winship*, 397 U.S. 358, 364 (1970).[1]

The government's efforts to introduce "other act evidence" or evidence it has characterized as "inextricably intertwined" highlights the concerns of *Hernandez* and the need to ensure that in this case, defendants are tried only on the conduct for which they have been charged, and that the government be held to its burden of proof.

As discussed below, under either the *Bryan* or a heightened standard of willfulness, the government's proffered evidence and argument do not tend to prove that the defendants knew their *charged* conduct was unlawful. This evidence is, therefore, inadmissible.

## II. The Defendants' Legal Purchase of Firearms is Irrelevant Under Any Theory of Admissibility

The government seeks to introduce "evidence that defendants … purchased multiple firearms … in the lead up to and during the time period of the alleged conspiracy[]" under Rule 404(b). (Mot. at 11.) The government claims that the fact that the defendants have legally purchased complete firearms in the past "will demonstrate defendants had knowledge, at least generally, of required protocols for selling firearms through their own repeat experiences in purchasing them." (Mot. at 12.) These firearms that defendants purchased were "complete."

### A. The Evidence Does Not Tend to Prove Willfulness

A significant aspect of the defense in this case is that the government cannot prove beyond a reasonable doubt that the defendants understood that receivers constituted "firearms" and that the purchaser's independent milling of that incomplete receiver into a complete receiver, and the later assembly of the completed receiver into

---

[1] This unconstitutional error would be exacerbated by the government's request for a deliberate ignorance instruction. The combination of a lesser willfulness instruction and an invitation to convict based on a theory of deliberate ignorance would unconstitutionally shift the burden to defendants to disprove that they had any duty to investigate the law.

4

the constituent parts resulting in a firearm amounted to manufacturing which required a license. The "other act" firearms lawfully purchased by the defendants were unquestionably "complete" and thus subject to licensing requirements. The government's analysis, therefore, fails the first prong of *United States v. Beckman*, 298 F.3d 788, 794 (9th Cir. 2002). The government cannot show how the uncharged lawful purchase of complete firearms has anything to do with knowledge regarding the sale of a lower receiver, let alone the law surrounding manufacturing firearms – the charged conduct in this case. The processes of purchasing a complete firearm are entirely different from the processes of manufacturing a firearm, or of selling firearm parts. The statutes and federal regulations concerning the manufacturing of a firearm, particularly with respect to the milling of an unfinished non-firearm receiver, are significantly more complicated than the relatively simple rules of purchasing a firearm through an FFL. (*See* Exhibit A; *see also* 27 C.F.R. 478.11.) Therefore, a "general" knowledge of purchasing firearms is entirely irrelevant to the specific knowledge and willfulness required for a conviction of manufacturing firearms without a license under 18 U.S.C. §922(a)(1)(A).

       This is particularly true in this area of law where loopholes abound, the most relevant and notable of which is the unregulated nature of unfinished lower receivers, which "are commercially manufactured and available for purchase to the public without regulation [and] are not considered 'firearms[.]'" (Doc. 3-1 at 12; *see also United States v. Amezcua-Casillas*, 2013 WL 4647320 (N.D. Cal. 2013) (noting the "pages of exceptions to the rule" regarding licensing and firearms sales in California.))

       B. <u>The "Other Act" Conduct is not Similar to the Charged Conduct</u>

       As the *Beckman* court, in reliance on *United States v. Murrillo*, 255 F.3d 1169 (9th Cir. 2001) makes clear, if admitted to prove intent, the other act evidence must be similar to the offense charged. 298 F.3d at 794. Here, the "other act" evidence of lawfully purchasing firearms is not similar to the charged conduct of manufacturing firearms, despite the government's general claim that the acts "all pertain to firearm

5

transactions[.]" (Mot. at 13.) The government cannot, therefore, satisfy the fourth prong necessary for admission under Rule 404(b).

To avoid this, the government somehow argues both that the fourth prong of *Beckman* is not relevant because (1) it "is not offering the evidence to prove intent (as opposed to knowledge and absence of mistake)" and also that the evidence is necessary because (2) "the evidence is highly probative of defendants' state of mind as to the requirements for lawful sales of firearms and the unlawfulness of their conduct here." (Mot. at 13.) These arguments cannot both be true. The government is quite clearly introducing this evidence to prove intent and willfulness, as it concedes throughout the majority of its argument. It seeks to introduce this evidence to show that defendants were not mistaken about the law and intended to violate it – it has no other purpose. Yet as discussed above, the defendants' state of mind in lawfully purchasing a firearm provides no insight into the defendants' state of mind – willfulness – with respect to the charged conduct of manufacturing.

To the extent that this evidence may have some tangential relevance as to whether or not the defendants understood that the charged conduct was illegal, the real risk of unfair prejudice and confusion to the jury makes the government's characterization of this evidence inadmissible under Rule 403 analysis. Fed. R. Evid. 403. The government's conflation of purchasing laws and manufacturing laws would certainly mislead and confuse the jury given the distinctions between the two. In order to ameliorate this confusion, the defendants would have to spend a significant amount of time differentiating the laws and requirements between purchasing complete firearms, sales of complete firearms, the purchasing or sale of "unfinished lower receivers" and manufacturing of firearms. This would certainly consume undue amounts of trial time addressing this complex area of law, parts of which have no direct relevance to the charged conduct. Fed. R. Evid. 403. As such, the marginal probative value of this evidence is substantially outweighed by the risk of unfair prejudice and undue consumption of time. *Id*.

6

III. **The Government Should Be Precluded from Characterizing Inadmissible "Other Act" Evidence as Charged Conduct or Conduct that is "Inextricably Intertwined"**

The government claims that the defendants' sale of large-capacity magazines and their general discussions about silencers constitute charged conduct and are thus admissible under Rules 401 and 402. The government did not charge the defendants with this conduct, and this conduct was not "so interwoven with the charged offense that they should not be treated as other crimes or acts for purposes of Rule 404(b)." *United States v. Loftis*, 843 F.3d 1173, 1177 (9th Cir. 2016).

The defendants never sold a silencer; and sales of large-capacity magazines are not unlawful under federal law. Most critically, this conduct provides no insight into the defendants' understanding of the manufacturing law under which they have been charged. Thus, for the reasons discussed below, these arguments are impermissible and the evidence is inadmissible.

    A. **The Government's Arguments Regarding Sale of Large-Capacity Magazines are not Probative of Defendants' Willfulness Regarding Defendants' Understanding of Federal Manufacturing Law**

The government seeks to introduce the sale of large-capacity magazines under the theory that the conduct is charged and/or "inextricably intertwined" with the charged conduct. (Mot. at 14.) To the extent that the government seeks to introduce this as evidence that the defendants willfully engaged in the business of manufacturing firearms without a license, it cannot do so.

As discussed, the government has abandoned its "dealing" theory of liability. (Doc. 89 at 1.) Therefore, the government must prove beyond a reasonable doubt that the defendants understood that their manufacturing conduct violated the federal law against manufacturing without a license. Having abandoned the charge of dealing, the government cannot introduce the sale of large-capacity magazines in order to argue that

the sales "were part and parcel of defendants' firearms-related negotiations and overall illegal course of dealing." (Mot. at 14.)

The government argues that the "unlawfulness of large-capacity magazines under California law" is "relevant to defendants' state of mind as to the lawfulness of their simultaneous unlicensed manufacture and sales of AR-15-type firearms." (Mot. at 15.) This argument fails for a few critical reasons. First, the government fails to proffer any evidence that defendants understood the California law with respect to high capacity magazines. High capacity magazines are not unlawful under federal law. Second, the defendants' potential understanding of this area of state law provides absolutely no insight into their potential understanding of federal manufacturing law for which they have been charged. As with their lawful purchases discussed above, given the complexity of firearms laws, generalized knowledge of one area of state law does not in fact have any tendency to make the fact of specific knowledge of a completely distinct area of federal law more probable. *See* Fed. R. Evid. 401; *see also Morissette*, 342 U.S. at 251. This is particularly true where, as here, the different sets of regulation exist in state versus federal law. Finally, this evidence and argument by the government would open the door to extensive litigation of California firearms regulations, which are unquestionably complicated. The defendants have been charged with federal crimes and are being prosecuted in federal court. It would be a significant waste of the court's time and resources to spend time during this trial litigating the state of California law, its interplay with federal law, and most importantly, the defendants' understanding, or lack thereof, of the relevant laws and the distinction that exist. *See* Fed. R. Evid. 403.

Most critically, the probative value of this evidence would be substantially outweighed by its prejudicial effect because the defendants would be left defending themselves against accusations for which they were not charged, unconstitutionally watering down the government's burden. *See Winship*, 397 U.S. at 364. Worse, if the court provides the jury with the deliberate ignorance instruction in combination with this evidence of potentially separate, uncharged crimes, the burden would be

8

unconstitutionally shifted to the defendants to prove that they did not in fact understand the law for which they were charged, despite some potential evidence that they may have understood a law – specifically a state law – for which they were not, and could not be, charged.

### B. Defendants' Discussions of Obtaining Silencers Are Inadmissible

As with the sale of large-capacity magazines, the federal regulations regarding silencers are entirely separate from the federal laws governing the manufacturing of firearms. Critically, with respect to this set of evidence, it was the defendants seeking to purchase silencers. These conversations were clearly not in the course of their alleged business regarding manufacturing and had nothing to do with the manufacturing or sales. This evidence cannot, therefore, be part of the charged conduct. Nor can it be "inextricably intertwined." When Mr. Schlotterbeck's business was searched in 2017, there were no silencers or other "overtly" unlawful firearms parts found. Likewise, when the defendants were arrested on the indictment in 2017, no silencers were recovered. This is in contrast to the alleged co-conspirator, and government cooperator, Jesse Kwan, who engaged in an individual and robust firearms business, building and selling completed firearms, and dealing in silencers. Moreover, the government, through its informants and undercover agents, never attempted to conduct any operations with the defendants for silencers or magazines.

The government gives away the inherent problem with the introduction of this this evidence when it argues that it tends to show "defendants' overall illicit relationship with these customers[.]" (Mot. at 18.) This is pure propensity evidence precluded under Rule 404(b)(1). That the defendants may have discussed illicit conduct entirely separate from manufacturing does not have any tendency to make it more or less probable that the defendants understood and willfully violated the federal manufacturing law for which they have been charged. Fed. R. Evid. 401. This argument instead invites the jury to convict the defendants based on their discussions of

purchasing silencers rather than a finding beyond a reasonable doubt that the defendants willfully violated the law against manufacturing firearms without a license.

For the same reasons discussed above, the introduction of this other act evidence would unconstitutionally water down the government's burden of proof and unconstitutionally shift the burden to the defendants to disprove their presumed knowledge of the law under which their conduct was charged. *Winship*, 397 U.S. at 364.

### C. The Government's Requested Arguments Risk Constructively Amending the Indictment

Along with the Due Process violations associated with the dilution and shifting of the burden of proof, discussed above, allowing the government to introduce uncharged conduct and make argument that this evidence is sufficient to prove an element of the charged crime, creates the possibility of a constructive amendment. See *Stirone v. United States*, 361 U.S. 212, 215-16, 218 (1960) ("[A]fter an indictment has been returned, its charges may not be broadened through amendment except by the grand jury itself[,]" because under the Fifth Amendment's Grand Jury Clause, defendants have the right to be tried on the charges set out in the indictment and only those charges.); see also *United States v. Howick*, 263 F.3d 1065, 1063 (9th Cir. 2001), (internal quotations and citations omitted) (A constructive amendment of the charging indictment occurs where "the crime charged is substantially changed at trial, so that it is impossible to know whether the grand jury would have indicted for the crime actually proved.")

## CONCLUSION

For the foregoing reasons, Mr. Schlotterbeck respectfully requests that this Court issue an order precluding the government from arguing to the jury that (1) defendants' legal purchases of firearms, (2) the sale of large-capacity magazines, and (3) discussions regarding the purchase of silencers constitute evidence of either defendants' wilfulness.

Respectfully submitted,

DATED: May 31, 2022    By   /s/ Edward M. Robinson
                              Edward M. Robinson

                              Attorney for Defendant
                              *Travis Schlotterbeck*


                         By   /s/ Jerome J Haig
                              Edward M. Robinson

                              Attorney for Defendant
                              *James Bradley Vlha*