LAW OFFICE OF JEROME J. HAIG
JEROME J. HAIG, Attorney at Law
State Bar No. 131903
21143 Hawthorne Boulevard, Suite 454
Torrance, California 90503
Telephone: (424) 488-0686 – office
            (424) 999-5673 – mobile
Fax:        (424) 271-5990
E-mail:     jerome@jeromehaiglaw.com

Attorney for Defendant
James Vlha

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS SCHLOTTERBECK and<br>JAMES VLHA,<br><br>Defendants. | Case No. CR 19-343-GW<br><br>**DEFENDANTS' JOINT OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE #3 (DOC. # 82) REGARDING DEFENSE EXPERT TESTIMONY**<br><br>Date: June 23, 2022<br>Time: 8:00 am<br>Courtroom of Honorable George Wu |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE GEORGE WU:

COMES NOW, Defendants Travis Schlotterbeck and James Vlha, herein, who jointly oppose the Government's Motion in Limine #3 (Doc. No. 82) regarding defense expert testimony.

1  Respectfully submitted,
2
3
   DATED: May 31, 2022          By */s/ Jerome J. Haig*
4                                  JEROME J. HAIG
                                   Attorney for Defendant
5                                  James Vlha
6
                                By */s/ Edward M. Robinson*
7                                  EDWARD M. ROBINSON
                                   Attorney for Defendant
8                                  Travis Schlotterbeck
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INTRODUCTION

Defendants Travis Schlotterbeck and James Vlha are charged with Conspiracy to Manufacture Firearms without a license, and Manufacturing Firearms without a license, as charged in Counts 1 and 2 of the Indictment. Mr. Schlotterbeck is charged with selling a firearm to a felon, as charged in Count 3 of the Indictment.

The defendants are two friends who served together in the same US Marine Corps unit, and worked together at Sign Imaging in Bellflower, CA. In the span of 9 months from 2015 – 2016, five firearms were manufactured by their friend Jesse Kwan. After the firearms were manufactured by Mr. Kwan and others at his direction, the defendants engaged in various acts to assist Mr. Kwan in placing readily and legally accessible items onto the firearm, and then providing it to either an undercover federal agent or a confidential informant working for federal law enforcement.

At all times, the defendants believed that their actions were lawful and permitted under federal law. Specifically, neither defendant had any involvement in "manufacturing" any of the firearms. In 2016, when ATF agents visited Mr. Schlotterbeck and notified him that the firearms transactions violated, in the government's view, federal law, he told them he would not conduct any similar activity going forward. Notably, while Mr.

Kwan continued his criminal conduct, neither defendant did.

**<u>Prior Expert Disclosures</u>**

On April 22, 2022, the government and defendants disclosed experts to one another. Both provided each other with the names and qualifications for their experts. The defendants also produced a written report from its expert, Steven Lieberman.[1] Instead of producing a report, the government disclosed the following bases for the testimony of its designated expert, ATF Investigator Thomas Chimileski, Jr.:

> "[Mr. Chimileski will] testify regarding the federal firearms licensing system, the types of licenses required based on various types of activities, administrative requirements attendant to certain types of licenses, and restrictions on engaging in certain activities without a federal firearms license (FFL). He also will testify regarding regulatory matters relating to certain license types and the manufacture of firearms for sale. He will further testify regarding the system of tracking firearms manufactured for sale, including serialization and marking requirements, and issues attendant to

---

[1] While FRCP 16 does not explicitly require a written report. Mr. Lieberman's report contains both his expert views and his opinions. To the extent that his opinions regarding firearms, the 2nd Amendment of the United States Constitution, his advocacy, and his blog posts, those will not be part of the defendant's presentation. The defendants never proffered the report as entirely admissible. Whether the government wishes to cross-examine Mr. Lieberman on such issues can be addressed at trial.

firearms lacking serial numbers, or so-called 'ghost guns.' In addition, he will testify regarding records and other information maintained by federal and state authorities concerning the manufacture, sale and registration of firearms, including, among other things, the California Automated Firearms System, which maintains dealers records of sale. Investigator Chimileski also will testify regarding the nature, characteristics, and components of the type of AR-15-type firearms and ammunition involved in this case as well as the assembly of such firearms. He will further testify regarding other aspects relating to the customization of firearms, including Cerakote and related processes."

Likewise, Steven Lieberman, the defendants' expert, is prepared to testify as to many of the identical items noted in the Government's disclosure. These include the following:

1. What constitutes a "firearm" under federal law. Specifically, when is a piece of metal sufficiently finished and altered such that the government views it as a firearm.[2]

---

[2] Whether the government's contention that a finished AR-15 lower receiver is indeed a "firearm" under federal law is admittedly confusing and subject to ATF's evolving interpretations. But at the time of the incidents herein, the ATF opined that a milled and finished AR-15 lower receiver meets the federal definition of a firearm.

5

2. How an AR-15 can be legally constructed outside without the need to purchase it through a federally licensed firearms dealer. AR -15 parts and accessories were regularly and legally bought and sold. The government expert agrees that the sale of AR-15 parts and accessories did not require either a Federal Firearms License ("FFL"), any specific authorization from the U.S. Bureau of Alcohol, Tobacco & Firearms ("ATF").

3. The legal definition of a "firearm" under 18 USC Section 921 and CFR 478.11(a), which defines what constitutes engaging in the business of manufacturing firearms.

4. How the ATF's interpretations of law have affected how citizens can legally make a firearm outside the federal licensing system.[3]

**Steven Lieberman's qualifications**

As noted in Mr. Lieberman's resume, he has a lifetime of expert and professional experience in firearms. These include:

- A federally licensed firearms dealer
- State of California Firearms dealer

---

[3] The federal government has long been concerned with "home built" firearms and has recently changed the rules to explicitly prohibit this activity.

6

- State of California Firearms Instructor
- National Rifle Association Instructor relating to range safety, pistols, rifles, and shotguns.
- Competitive long-distance shooter since 1983
- Contractual instructor to sworn law enforcement on training and firearms laws and compliance issues
- Court certified expert on classification of an assault weapon.

The defense does not proffer any expert testimony regarding his opinion about gun laws, the mental state of either defendant, or the ultimate legality of the defendant's actions. However, like the government expert, Mr. Lieberman to items within his expert knowledge in precisely the same manner that the government has proffered its own expert testimony.

Respectfully submitted,

DATED:  May 31, 2022         By */s/ Jerome J. Haig*
                                                      JEROME J. HAIG
                                                      Attorney for Defendant
                                                      James Vlha

                                                   By */s/ Edward M. Robinson*
                                                      EDWARD M. ROBINSON
                                                     Attorney for Defendant
                                                     Travis Schlotterbeck