TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
    1300/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3819/2426
    Facsimile: (213) 894-0141
    E-mail:   Brian.Faerstein@usdoj.gov
               Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-343-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S REPLY IN FURTHER SUPPORT OF MOTION IN LIMINE TO ADMIT DEFENDANTS' STATEMENTS; EXHIBITS |
| v. | |
| TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA, | Hearing Date: June 23, 2022 |
| Defendants. | Hearing Time: 8:00 a.m.<br>Location:    Courtroom of the<br>                    Hon. George H. Wu |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brian Faerstein and Dan Boyle, hereby files its reply in support of its motion in limine to admit defendant Travis Schlotterbeck' statements.

This motion is based upon the attached memorandum of points and

//

authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 7, 2022                    Respectfully submitted,

                                       TRACY L. WILKISON
                                       United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                          /s/
                                       BRIAN R. FAERSTEIN
                                       DAN G. BOYLE
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendants Travis Schlotterbeck ("Schlotterbeck") and James Bradley Vlha ("Vlha") are charged with crimes relating to their illegal business of manufacturing and selling AR-15-type firearms without a license. Defendant Schlotterbeck also is charged with selling a firearm to a felon. Defendants are proceeding to trial on July 12, 2022.

In its second Motion in Limine ("MIL #2"), the government identified certain statements made by defendant Schlotterbeck when questioned by federal agents during the execution of a search warrant at his place of business, which the government intends to offer into evidence at trial. (Dkt No. 81.) Each of these proffered excepts was attached to MIL #2. (Dkt. No. 81, Exs. A-F.)

Defendants have both opposed the government's MIL #2, (Dkt No. 107), but the bulk of defendants' opposition to MIL #2 does not actually seek to exclude defendant Schlotterbeck's statements, but rather, to permit defendants to admit the entirety of defendant Schlotterbeck's interview transcript, or alternately, to admit other portions of this interview, purportedly for context under the rule of completeness, as codified in Federal Rule of Evidence 106.

Defendants also briefly argue that defendant Schlotterbeck's statements present a possible Bruton issue, but appear to concede that any such issue could be resolved by a limiting instruction – to which the government has no objection.

**II. ARGUMENT**

    **A. Defendants Cannot Use Rule 106 to Admit Defendant Schlotterbeck's Self-Serving Hearsay Statements**

A criminal defendant cannot admit his or her own out-of-court statements unless a hearsay exception applies. See Fed. R. Evid. 802. This rule applies even where the government chooses to introduce only an incriminating portion of a defendant's out-of-court interview. See, e.g., United States v. Liera-Morales, 759 F.3d 1105, 1111 (9th Cir. 2014) (permitting government agents to testify concerning incriminating portions of post-arrest interview, but precluding defendant from introducing exculpatory statements); United States v. Vallejos, 742 F.3d 902, 905 (9th Cir. 2014) (defendant's edited confession properly admitted into evidence); United States v. Dorrell, 758 F.2d 427, 435 (9th Cir. 1985) (removing defendant's explanation of the motivations for his actions "did not change the meaning of the portions of his confession submitted to the jury."). As described herein, as long as the government does not tailor its excerpts of a defendant's statement so as to create the misleading impression that the defendant was saying something he actually was not, then the defendant has no ground to offer his own hearsay testimony. The government's excerpts here do not come close to this standard for being misleading.

At the outset, defendant Schlotterbeck does not dispute that his statements, as identified in MIL #2, are admissible as statements of a party opponent, regardless of whether defendant Schlotterbeck elects to testify in his own defense. See Fed.R.Evid. 801(d)(2)(A). Instead, defendants seek to expand the universe of defendant Schlotterbeck's statements which might be admitted at trial, relying

primarily on the rule of completeness.  See Fed. R. Evid. 106. Defendants' reliance on Rule 106 is misplaced.

First, defendant Schlotterbeck incorrectly argues that his "entire interview must be admitted" into evidence to provide "necessary context."  (Dkt. No. 107 at 5.[1])  As the Ninth Circuit has held, however, Rule 106 does not command admission of an "unedited writing or statement merely because an adverse party has introduced an edited version."  Vallejos, 742 F.3d at 905.  Indeed, even in defendants' own cited authority, United States v. Lopez, the Ninth Circuit stated that "[t]o be sure, Rule 106 does not obligate a district court to grant a party's motion to introduce an entire document or recording to correct the misleading impression created by the opposing party's partial introduction.  4 F.4th 706, 717 (9th Cir. 2021).  As such, admission of narrowly tailored portions of defendant Schlotterbeck's interview does not justify or require that the entire interview be admitted; indeed, such a holding would allow Rule 106 to effectively subsume Rule 802's clear command that a party may not introduce his or her own hearsay statements.

Alternately, defendants argue that the Court should allow them to introduce certain additional excerpts of defendant Schlotterbeck's interview, as attached to their Opposition to MIL #2. (See Dkt. No. 107-1.)  Because none of the government's proffered excerpts are misleadingly-tailored, however, the rule of completeness does not allow the defendants to smuggle in hearsay which would otherwise be inadmissible.

---

[1] All references to pages in filings on the Court's docket refer to the page numbers in the ECF-filing banner at the top of the page.

In substance, defendants' position is that if the government introduces even a single proffered portion of defendant Schlotterbeck's interview, they should be entitled to admit what they purport are exculpatory or explanatory statements for context, but without subjecting the defendant to cross-examination.  This is not what Rule 106 requires.  The rule of completeness commands that additional portions of a statement be admissible only where a party is attempting to introduce a misleadingly-tailored excerpt of a statement, and if the statements offered by the defendant do not clarify that misleading impression, the district court should exclude them.  Vallejos, 742 F.3d at 905; see also United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (non-self-inculpatory statements, even if made contemporaneously with other self-inculpatory statements, are inadmissible hearsay; rule of completeness does not allow for admission of inadmissible hearsay).  It is not enough that a defendant feels that additional context would be relevant or helpful to the jury, if the government's proffered excerpt is not misleading and if the defendant's proffered context does not correct that misleading impression.

A defendant cannot use Rule 106 to avoid testifying while introducing self-serving hearsay, and defendant Schlotterbeck should not be permitted to do so by eliciting his own statements from the government's witness on cross-examination.  See United States v. Mitchell, 502 F.3d 931, 964-65 (9th Cir. 2007) (upholding district judge's ruling precluding on hearsay grounds defense counsel from attempting to elicit defendant's exculpatory statements, on cross-examination, from law enforcement officers); Ortega, 203 F.3d at 682 (same).  The reason for this policy is apparent: a defendant is not

4

prevented from introducing evidence necessary to put on his defense, but he must do so by testifying. While the defense is free to challenge the government's theory of this case, defense counsel cannot do so by placing self-serving out-of-court statements before the jury without subjecting the defendant to cross examination as to theie truth. See Fed. R. Evid. 801(c); Williamson v. United States, 512 U.S. 594, 599 (1994) ("[S]elf-exculpatory statements are exactly the ones which people are most likely to make even when they are false."). This is what defendants are trying to accomplish here: using the rule of completeness to admit defendant Schlotterbeck's statements that he believed his conduct was lawful – statements the government maintains were false. But the Ninth Circuit has made clear that Rule 106 "does not compel admission of otherwise inadmissible hearsay evidence." United States v. Hayat, 710 F.3d 875, 896 (9th Cir. 2013). Allowing defendant Schlotterbeck's statements as to his purported mental state to be put before the jury, without requiring him to subject himself to cross-examination regarding his actual knowledge, would distort an ultimate issue for the jury to decide.

    Defendants' own cited authority, United States v. Lopez, is instructive here. In Lopez, the Ninth Circuit found that the district court had abused its discretion in denying a defense request to admit additional portions of a defendant's statement to investigators about his sexual communications with a government investigator who was posing as an underaged minor online. See Lopez, 4 F.4th at 713. The clips offered by the government "were about ten seconds long, omitted the agents' questions, and presented only portions of Lopez's complete statements." Id. The Circuit held that the trial court had

erred, finding that "[o]n a fair review of the interrogation recording, it should have been apparent that the excerpts risked misleading the jury by making it seem as though Lopez confessed during interrogation to believing 'Brit' was underage when, in reality, the full recording conveys a different impression." Lopez, 4 F.4th at 715.  For example, in Lopez, the government offered one tailored excerpt "presenting Lopez in what appears to be an agitated state admitting 'I wasn't talking to you guys, I was talking to a minor.'  In context, Lopez was cajoling the interrogating agents to expel him from the military." Id., at 716.  Indeed, in the very next exchange, Lopez denied the same conduct ("Agent: Ok. So, were you or were you not trying to have sex with a 13 year-old? Lopez: No, I promise you that. I wasn't"). Id.

In contrast, here the government has not edited defendant Schlotterbeck's statements in any similarly misleading manner.  The government has not omitted the questions defendant Schlotterbeck was asked, nor is the government offering only seconds-long snippets of testimony, while omitting immediately preceding or following discussions.  Neither is the government seeking to offer a "cajoling" statement as truth, such as in Lopez.  The government's proposed excerpts simply do not rise to the level seen in Lopez.

Rather, defendants are seeking to admit defendant Schlotterbeck's statements explaining his theory of the law of firearms manufacturing, as well as factual representations about the same (which the government maintains are untrue).  Defendant Schlotterbeck's proposed statements, however, would not clarify how the jury hears the government's specific portions of his interview, instead, they are meant to inform the jury's view of defendant

6

Schlotterbeck's general mental state regarding firearms manufacturing. But as the Circuit held in Lopez, the rule of completeness "does not compel the admission of inadmissible hearsay evidence simply because such evidence is relevant to the case." Lopez, 4 F.4th 706, 715 (9th Cir. 2021). Defendant Schlotterbeck's proposed additional statements are more analogous to cases which Lopez distinguished:

> In [United States v. Dorrell], we affirmed the exclusion of portions of a confession in which the defendant explained the political and religious motivations behind his attempted sabotage of a missile factory. Removing these details "did not change the meaning of the portions of his confession submitted to the jury" because his expressions of ideological zeal during the confession were presented as justifications for his criminal conduct, not to contradict evidence of the conduct to which he had confessed.

Lopez, 4 F.4th at 716 (Citing and quoting Dorrell, 758 F.2d at 435). Like in Dorrell, defendants are attempting to admit defendant Schlotterbeck's hearsay justification for *why* he took the actions he admits to in the government's excerpts, but just as in Dorrell, a defendant's explanation for his actions is not the equivalent of correcting a misleading impression for the purposes of Rule 106.

    If defendant Schlotterbeck wants to offer evidence explaining his knowledge of the law regarding manufacturing firearms (or purported lack thereof), he is required to place his own credibility at issue by testifying. Otherwise, he would be permitted to place his own statements "before the jury without subjecting [himself] to cross-examination, precisely what the hearsay rule forbids." Ortega, 203 F.3d at 682.

7

### B.  Any <u>Bruton</u> Issues Can be Resolved Through a Limiting Instruction

As the government argued in MIL #2, defendant Schlotterbeck's statements do not present any <u>Bruton</u> issues, because these statements do not refer to defendant Vlha by name, nor would the context of these statements lead a jury to believe that defendant Schlotterbeck was specifically referring to defendant Vlha (whereas defendant Schlotterbeck does in some cases refer expressly to co-conspirator Kwan).  <u>See</u> <u>United States v. Hoac</u>, 990 F.2d 1099, 1105 (9th Cir. 1993) ("[A] codefendant's statement that does not incriminate the defendant unless linked with other evidence introduced at trial does not violate the defendant's Sixth Amendment rights.").

Nonetheless, in their opposition to MIL #2, defendants briefly suggest that defendant Schlotterbeck's statements might raise <u>Bruton</u> concerns, arguing, without any analysis of the individual proffered statements, that "if the proffered evidence is admitted during its case-in-chief, Mr. Vhla will not be able to question Mr. Schlotterbeck about the statements." (Dkt. No. 107, at 13-14.)  As defendants appear to acknowledge in a footnote in their Opposition, however, the government has offered to agree to a limiting instruction on this point and "[i]f the government will stipulate that none of Mr. Schlotterbeck's statements are admissible against Mr. Vhla and cannot be considered by the jury in relation to any of the allegations in Count 1 and Count 2," defendants might be persuaded that there is no <u>Bruton</u> issue here. (Dkt. No. 107, at 13, n.3).

The government does not believe that a limiting instruction is necessary here, as none of defendant Schlotterbeck's statements

8

directly implicate defendant Vlha, but in an abundance of caution, the government has no objection to a limiting instruction on such grounds, as the government stated in MIL #2 (see Dkt. No. 81, at 6 ("The government would ask the Court to give a limiting instruction to this effect prior to defendant Schlotterbeck's statements to ATF being offered at trial").

**III. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court grant the government's motion in limine to admit defendants' statements and deny defendants' requests to admit other statements made by defendant Schlotterbeck during his interview