**EDWARD M. ROBINSON (CA Bar 126244)**
21515 Hawthorne Blvd, Suite 730
Torrance, CA 90503
Office: (310) 316-9333
Facsimile: (310) 316-6442
eroblaw@gmail.com

Attorneys for Defendant
*Travis Schlotterbeck*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS SCHLOTTERBECK<br><br>Defendant. | Case No. 19-cr-00343-GW-1<br><br>**DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS**<br><br>DATE: June 23, 2022<br>TIME: 8:00 AM<br>Courtroom of the<br>Honorable George H. Wu |

1

## **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

ARGUMENT .........................................................................................................1

    I.    The Constitutional Challenge is not Waived..........................................1

    II.   The Argument Regarding Receivers is Directly Relevant to the Vague Nature of the Statute, As Applied to Defendants' Conduct ....................................2

    III.  The Term "Manufacturing" is Unconstitutionally Vague ...................2

CONCLUSION......................................................................................................4

# TABLE OF AUTHORITIES

**Cases**

*Broughman v. Carver*,
  624 F.3d 670 (2010) ............................................................................................ 2, 3

*Chappell v. United States*,
  270 F.2d 274 (9th Cir. 1959) ................................................................................... 1

*Hoffman Estates v. Flipside, Hoffman Estates, Inc.*,
  455 U.S. 489 (1982) ................................................................................................ 3

*Thibodeau v. Portuondo*,
  486 F.3d 61 (2d Cir. 2007) ...................................................................................... 3

*United States v. Carona*,
  660 F.3d 360 (9th Cir. 2011) ................................................................................... 4

*United States v. Clark*,
  412 F.2d 885 (5th Cir. 1969) ................................................................................... 1

*United States v. Haig*,
  365 F. Supp. 3d 1101 (2019) ............................................................................... 2, 3

*United States v. Pheaster*,
  544 F.2d 353 (9th Cir. 1976) ................................................................................... 1

*United States v. Thompson/Center Arms Company*,
  504 U.S. 505 (1992) ................................................................................................ 4

# INTRODUCTION

Congress has not defined the term "manufacturing." The parties cannot substitute their own preferred definitions in light of this congressional inaction. Certainly, the jury cannot draw its own. Moreover, the 2010 ATF Notification attached to the government's opposition merely underscores the complexity and confusion surrounding the application of 18 U.S.C. § 922(a)(1)(A). ATF's drawn-out efforts to explain this law to its regulated public detracts from any clarity and highlights the vagueness created by Congress's inaction.

Nothing in the government's opposition remedies this confusion or the lack of notice regarding the potential illegality of the defendants' conduct.

For these reasons and those set forth in the motion to dismiss, the indictment against Mr. Schlotterbeck and Mr. Vlha is unconstitutionally vague and must be dismissed.

# ARGUMENT

## I. The Constitutional Challenge is not Waived

Preliminarily, this motion is not waived. Counsel for Mr. Schlotterbeck became counsel on May 17, 2022 and has complied with the briefing schedule to which the parties agreed. More importantly, this is a constitutional challenge to the statutes in the indictment as applied to the defendants. This motion can be raised at any time. *See, e.g. United States v. Pheaster*, 544 F.2d 353, 361 (9th Cir. 1976), ("Failure of an indictment to state an offense is, of course, a fundamental defect which can be raised at any time[]"); *citing United States v. Clark*, 412 F.2d 885, 888 (5th Cir. 1969); *Chappell v. United States*, 270 F.2d 274, 276 (9th Cir. 1959). The cases upon which the government relies deal with untimely suppression motions, not with challenges to the fundamental defects of an indictment. (Opp. at 7.) They are, thus, irrelevant. That prior counsel failed to bring these constitutional challenges to the charges in the indictment cannot possibly be a binding waiver on present counsel or on the defendants who must rely on their counsel's effective assistance.

The government's argument that the defendants have waived a facial challenge fails as well. Despite a conclusory claim that the challenge was not developed, the defendants spent a significant amount of time explaining why the term "manufacturing" is vague, both on its face and as applied.

## II.   The Argument Regarding Receivers is Directly Relevant to the Vague Nature of the Statute, As Applied to Defendants' Conduct

The government mistakes the division of the vagueness challenge brought by the defendants, between the completed receiver and manufacturing, as an attempt by the defense to recharacterize the indictment. It is not. The allegations in the indictment regarding "milling out a lower receiver" must be considered with the understanding that a lower receiver is not a "firearm" within the definition but is merely a part that, when assembled with other unregulated parts, creates the firearm in question. It is the assembling of these parts, which the indictment characterizes as "manufacturing" of the firearm, that is the crux of the vagueness challenge.

## III.   The Term "Manufacturing" is Unconstitutionally Vague

To quote from the Fourth Circuit case *Broughman v. Carver*, 624 F.3d 670, 674 (2010), "[w]hether Broughman is a firearms 'manufacturer' within the meaning of GCA is 'a question of statutory interpretation, a quintessential question of law …'" The Fourth Circuit continues, by stating what now appears to be the obvious, "in all cases of statutory interpretation [the objective] is 'to ascertain and implement the intent of Congress.'" It is from this case via the district court case in Nevada, *United States v. Haig*, 365 F. Supp. 3d 1101 (2019) that the government proposes the definition of manufacturing to be "assembling a firearms' individual components so as to render the firearm suitable for use." (Opp. at 17.) Yet the government itself, in a separate portion of its opposition, claims that the defendant can attack both the "milling phase and assembly phase" of the manufacturing process, thus apparently acknowledging that these are two separate processes. (Opp. at 19.) This acknowledgment is consistent with the competing dictionary definitions.

2

Moreover, the *Haig* case had nothing to do with the definition of manufacturing. The *Broughman* case is a regulatory case, not a criminal case. There, a licensed dealer sought review in the circuit over an unfavorable ruling in the district court where he sought declaratory relief under the Administrative Procedure Act so as to avoid having to pay an additional $50 per year to obtain a manufacturing license in addition to his dealing license. As *Broughman* is merely a regulatory case and not a criminal case, vagueness challenges like the one brought there are subject to a significantly more lenient test. *See Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 498-99 (1982) (Courts have "expressed greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe.").

While the Court in *Broughman* states that applying "a more general definition of 'manufacture'" in a civil context is appropriate, it certainly is not so here. 624 F.3d 675, fn.3. The *Broughman* Court itself notes the various dictionary definitions of the term "manufacture," used differently in different legal contexts. *Id*. While the Court there relies on a more generalized definition, a criminal defendant would not be placed on adequate notice that the general definition, as opposed to a more specific one, is the guide by which he must follow to act within the confines of this law. Given the penalties associated with a criminal conviction, and the various dictionary definitions of the term "manufacturing," some which may support an assembling of component parts and others which require "something made by raw materials by hand or by machinery" the highest scrutiny is required. *Thibodeau v. Portuondo*, 486 F.3d 61, 66 (2d Cir. 2007). When the penalty is a $50 application fee, perhaps the "common sense" approach applied by the Court in *Broughman* is justified. Given the conflicting definitions, such an approach violates the constitution when a defendant's statutory maximum penalty is over a decade in prison.

The government suggests that Investigator Chimileski's views on what is and is not a firearm, and his disagreements with the position of then Attorney-General Lynch

3

on the merit of prosecuting receiver cases given the vagueness, "may be subject to defendant's cross-examination at trial,[] and are not to support a motion to dismiss." (Opp. at 14.) This claim that these discrepancies in definitions can be fleshed out through cross-examination of the government's expert gravely misses the point. It is this quintessential question of law that must be decided by this Court, and, for obvious reasons, cannot be debated in front of the jury.

## CONCLUSION

Despite the government's contention to the contrary, there is "grievous ambiguity or uncertainty" surrounding the appropriate definition of the term "manufacturing." *United States v. Carona*, 660 F.3d 360, 369 (9th Cir. 2011). There is absolutely no notice or guidance from Congress regarding which common use dictionary definition of "manufacturing" applies to a criminal prosecution. Given these conflicting definitions, particularly in this area of law where "loopholes" abound, this Court must apply the rule of lenity and "resolve the ambiguity in [the defendants'] favor.'" *United States v. Thompson/Center Arms Company*, 504 U.S. 505 (1992).

For the foregoing reasons and those set forth in the defendants' motion to dismiss, Mr. Schlotterbeck and Mr. Vlha respectfully request that this Court dismiss the indictment against them.

Respectfully submitted,

DATED: June 14, 2022         By   */s/ Edward M. Robinson*
                                  Edward M. Robinson

                                  Attorney for Defendant
                                  *Travis Schlotterbeck*

                             By   */s/ Jerome J Haig*
                                  Jerome J. Haig

                                  Attorney for Defendant
                                  *James Bradley Vlha*