TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
    1300/1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3819/2426
    Facsimile: (213) 894-0141/0142
    E-mail:   Brian.Faerstein@usdoj.gov
              Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-00343-GW |
| Plaintiff, | DISPUTED SUPPLEMENTAL PROPOSED JURY INSTRUCTION |
| v. | Trial Date: July 12, 2022 |
| TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA, | Trial Time: 8:30 a.m.<br>Location: Courtroom of the Hon. George H. Wu |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brian R. Faerstein and Dan G. Boyle, defendant TRAVIS SCHLOTTERBECK, by and through his counsel of record Edward Robinson, and defendant JAMES BRADLEY VLHA, by and through his counsel of record Jerome J. Haig, hereby submit a Disputed Supplemental Proposed Jury Instruction in the above-captioned case, supplementing prior jury instruction filings to

1

date. The parties respectfully reserve the right to supplement these jury instructions as needed.

Dated: June 14, 2022          Respectfully submitted,

                              TRACY L. WILKISON
                              United States Attorney

                              SCOTT M. GARRINGER
                              Assistant United States Attorney


                               /s/ *Brian Faerstein*
                              BRIAN R. FAERSTEIN
                              DAN G. BOYLE
                              Assistant United States Attorneys
                              Attorneys for Plaintiff
                              UNITED STATES OF AMERICA


Dated: June 14, 2022           /s/ *with email authorization*
                              EDWARD ROBINSON
                              Attorney for Defendant
                              TRAVIS SCHLOTTERBECK


Dated: June 14, 2022           /s/ *with email authorization*
                              JEROME J. HAIG
                              Attorney for Defendant
                              JAMES BRADLEY VLHA

**INDEX OF DISPUTED SUPPLEMENTAL PROPOSED JURY INSTRUCTION**

| No. | Title | Source | Page |
|---|---|---|---|
| **Instructions at the End of Case** | | | |
| 2 | Aiding and Abetting (18 U.S.C. § 2(b)) | Ninth Circuit Model Criminal Jury Instructions, No. 4.2 | 1 |

**COURT'S INSTRUCTION NO. \_\_\_\_\_**

**GOVERNMENT'S PROPOSED DISPUTED INSTRUCTION NO. 2**

(If Applicable)

With respect to Count Three only, a defendant may be found guilty of the crime charged even if the defendant did not personally commit the act constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

<u>Ninth Circuit Criminal Model Jury Instructions</u>, No. 4.2 [Aiding and Abetting (18 U.S.C. § 2(b))] (modified to reflect facts of the case)

1

**GOVERNMENT'S POSITION RE: DISPUTED INSTRUCTION NO. 2:**

The government proposes the Ninth Circuit's Criminal Model Jury Instruction for the willful causation theory of responsibility set forth in 18 U.S.C. § 2(b), as applied to Count Three against defendant Travis Schlotterbeck. Count Three alleges that defendant Schlotterbeck knowingly sold an AR-15-type firearm to an ATF confidential informant ("CI") with knowledge or reasonable cause to believe that the CI had been convicted of a felony crime. Count Three alleges this sale took place "[o]n or about September 23, 2015."

As the evidence will reflect at trial, the alleged sale transaction that culminated on September 23, 2015, was negotiated through a series of recorded meetings, calls and text messages between defendant Schlotterbeck and the CI starting on July 7, 2015. Among other things, although defendant Schlotterbeck negotiated the specifications of the CI's custom-order for an AR-15-type firearm, took the order from the CI, and accepted payment for the first half of the purchase price of $2,000 on August 27, 2015, defendant Schlotterbeck was not present when the CI picked up the firearm from defendant James Bradley Vlha and co-conspirator Ping-Yi Kwan and paid the remaining balance on September 23, 2015. The evidence will further reflect, however, that defendant Schlotterbeck willfully caused the firearm to be finished and the final sale to be consummated on September 23, 2015, through and with the aid of his co-conspirators, even though he was not present that day.

The government anticipates that defendant Schlotterbeck may argue at trial that he cannot be held accountable for the sale of

2

the firearm because he was not present on September 23, 2015; that the actual sale involved other activities that took place before September 23, 2015; and/or that he did not sell a firearm to the CI but rather just firearm parts because the CI took part in a charade (at defendant Schlotterbeck's direction) where the CI pressed a button at a third-party machine shop to initiate the process of milling out the lower receiver during this first charged transaction in the indictment (a theory the government more generally disputes as reflected in its other briefing in this case).  In all cases, should defendant Schlotterbeck expressly make any of these arguments or the jury potentially consider them implicitly as a result of other arguments the defense makes, the evidence will support the willful causation instruction for assessing defendant Schlotterbeck's guilt in Count Three for causing the sale of the firearm.  The government thus should be permitted to argue that defendant Schlotterbeck "put[] in motion or cause[d] the commission of an indispensable element of the offense" as "if he had committed this element himself."

Count Three does not expressly include an 18 U.S.C. § 2(b) allegation.  However, the Ninth Circuit has consistently held that, "[w]hether specified or not, § 2(b) is considered embodied in every federal indictment." United States v. Michaels, 796 F.2d 1112, 1118 (9th Cir. 1986) (emphasis in original); see also United States v. Gaskins, 849 F.2d 454, 459 (9th Cir. 1988).  Both aiding and abetting under 2(a) and causing the commission of a crime under 2(b) are "implied" in federal indictments, "whether or not they have been specifically charged." United States v. Armstrong, 909 F.2d 1238,

3

1241-42 (9th Cir. 1990). The 18 U.S.C. § 2 theories are means of committing crimes and therefore need not be charged or found in special verdict forms. See United States v. Garcia, 400 F.3d 816, 820 (9th Cir. 2005). Because they are means, there is no possibility of constructive amendment of the indictment through arguments premised on a section 2 theory.[1] See Armstrong, 909 F.2d at 1243.

---

[1] Depending on the content of the instruction the Court ultimately gives on Count Two (engaging in the business of manufacturing firearms without a license), which the parties currently are litigating and which also is subject to defendants' motion to dismiss, the government reserves the right to seek to apply the willful causation instruction to Count Two as well as these issues are fleshed out before and during trial. Although Count Two expressly alleged a section 2(a) aiding and abetting theory without similarly specifying a section 2(b) willful causation theory, the "specific referral" of one section 2 theory does not "preclude the implication" of the other. Armstrong, 909 F.2d at 1242; see also id. ("If both subsections are implied in every indictment, specifically mentioning one does not mean that the other cannot be implied.").

4

**DEFENDANT SCHLOTTERBECK'S RESPONSE RE: DISPUTED INSTRUCTION NO. 2:**

Mr. Schlotterbeck does not object to the language of this instruction.

At this point, he does not consent to it being given until and unless it is applicable to the facts presented at trial.