**EDWARD M. ROBINSON (CA Bar 126244)**
21515 Hawthorne Blvd, Suite 730
Torrance, CA 90503
Office: (310) 316-9333
Facsimile: (310) 316-6442
eroblaw@gmail.com

Attorneys for Defendant
*Travis Schlotterbeck*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

TRAVIS SCHLOTTERBECK

Defendant.

Case No. 19-cr-00343-GW-1

**DEFENDANTS' DISPUTED JURY INSTRUCTIONS**

**DISPUTED INSTRUCTION NO. 1**

**GOVERNMENT'S PROPOSED DISPUTED INSTRUCTION NO. 1A**

The defendants are charged in Count Two of the indictment with engaging in the business of manufacturing firearms without a license, in violation of Section 922(a)(1) of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant was willfully engaged in the business of manufacturing firearms within the dates specified in the indictment; and

Second, the defendant did not then have a license as a firearms manufacturer.

"Willfully," as used in this statute, requires proof that the defendant knew that his conduct was unlawful, but does not require proof that the defendant knew of the federal licensing requirement. A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with a bad purpose to disobey or to disregard the law.

A "firearm," as used in this statute and as relevant here, means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

"Manufacturer," as used in this statute, means any person engaged in the business of manufacturing firearms or ammunition for purposes of sale or distribution. A person is "engaged in the business of manufacturing firearms" if the person devotes time, attention, and labor to manufacturing firearms as a regular course of trade or business with the principal objective of livelihood and profit through the sale or distribution of the firearms manufactured.

The term "with the principal objective of livelihood and profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining

livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection.[1]

[1] The yellow highlights include portions for which the defendants have provided alternative language. The blue highlights include portions for which the defendants have objected on vagueness grounds.

**DISPUTED INSTRUCTION NO. 1**

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 1B**

The defendants are charged in Count Two of the indictment with engaging in the business of manufacturing firearms without a license, in violation of Section 922(a)(1) of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant was willfully engaged in the business of manufacturing firearms within the dates specified in the indictment; and

Second, the defendant did not then have a license as a firearms manufacturer.

"Willfully," as used in this statute, requires proof that the defendant knew that his conduct was in violation of 18 U.S.C. § 922(a)(1)(A), manufacturing firearms without a license. An act is willful if it was done knowingly, deliberately, and with an evil purpose. An act is not done willfully if it is done as a result of mistake, carelessness, lack of an evil purpose or motive, or some other innocent reason. Therefore, in order to establish a willful violation in this case, the government must prove beyond a reasonable doubt that, when defendants manufactured the firearms alleged in the indictment, they knew that their conduct violated 18 U.S.C. § 922(a)(1)(A) and they intended to disobey the law.

A "firearm," as used in this statute and as relevant here, means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

"Manufacturer," as used in this statute, means any person engaged in the business of manufacturing firearms or ammunition for purposes of sale or distribution. A person is "engaged in the business of manufacturing firearms" if the person devotes time, attention, and labor to manufacturing firearms as a regular course of trade or

business with the principal objective of livelihood and profit through the sale or distribution of the firearms manufactured.

The term "with the principal objective of livelihood and profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection.

**DISPUTED INSTRUCTION NO. 1**

**DEFENDANT'S PROPOSED DISPUTED INSTRUCTION NO. 1C**

The defendants are charged in Count Two of the indictment with engaging in the business of manufacturing firearms without a license, in violation of Section 922(a)(1) of Title 18 of the United States Code. For the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt as to each defendant:

First, the defendant was willfully engaged in the business of manufacturing firearms within the dates specified in the indictment; and

Second, the defendant did not then have a license as a firearms manufacturer.

An act done willfully is one which is done knowingly and purposely and with the intent to do something that the law forbids, that is the bad purpose to disobey the law. Therefore, in order to establish a willful violation in this case, the government must prove beyond a reasonable doubt that, when defendants manufactured the firearms alleged in the indictment, they knew that their conduct was unlawful and they intended to disobey the law.

A "firearm," as used in this statute and as relevant here, means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive.

"Manufacturer," as used in this statute, means any person engaged in the business of manufacturing firearms or ammunition for purposes of sale or distribution. A person is "engaged in the business of manufacturing firearms" if the person devotes time, attention, and labor to manufacturing firearms as a regular course of trade or business with the principal objective of livelihood and profit through the sale or distribution of the firearms manufactured.

The term "with the principal objective of livelihood and profit" means that the intent underlying the sale or disposition of firearms is predominantly one of obtaining

livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection.

**DEFENDANT'S POSITION RE. DISPUTED INSTRUCTION NO. 1**

**I. <u>"Willfulness" Definition</u>**

Defendants object to the government's proposed definition of the term "willful" and provide the Court with two alternative, more accurate versions given the facts of this case. The first proposed instruction, 1B is the most accurate definition of the term "willfulness" here, given the complexities of the law. The second purposed instruction is an alternate consistent with the Ninth Circuit's analysis in *United States v. Hernandez*, 859 F.3d 817**,** 823 (9th Cir. 2017), which is directly applicable here.

As the Supreme Court has observed, "'willful' is a word of 'many meanings' and 'its construction [is] often … influenced by its context.'" *Ratzlaf v. United States*, 510 U.S. 135, 146 (1994). "A defendant is entitled to have the judge instruct the jury on his theory of defense, provided that it is supported by law and has some foundation in the evidence[.]" *United States v. Whittemore*, 776 F.3d 1074, 1078 (9th Cir. 2015).

In this context, because of the vagueness surrounding the term "manufacturing" and the complexities of this area of law, the instruction as written in the Model Jury Instructions results in an impermissible situation where the jury may convict defendants based on some knowledge of other firearms laws for which they are not on trial and the government did not charge or choose to prosecute. That this is the government's approach is highlighted by the government's *in limine* motions seeking to introduce defendants' knowledge of firearms laws "generally." *See Morissette v. United States*, 342 U.S. 246, 251 (1952) (There must be a "concurrence of an evil-meaning mind with an evil-doing hand.")

As the *Hernandez* court noted, the general *Bryan v. United States*, 524 U.S. 184 (1998) instruction, while appropriate in many cases, makes no explicit connection that a defendant can only be found to have acted willfully if he knew that dealing [in this case manufacturing] in firearms was somehow unlawful. In cases such as this, the failure to make that explicit connection could be misunderstood by the jury to permit conviction even if a defendant intended to commit some other crime. Specifically, the Court in

*Hernandez* held that, "there are many cases where the instruction given, which is taken directly from *Bryan*, is perfectly appropriate. However, where there is a serious risk that the jury might impute the willfulness to commit an uncharged crime to that required to prove the *mens rea* for the charged crime, more is required to ensure the government meets its burden of proof and the jury performs its duty."

## II. Definition of "Manufacturer"

As argued in defendants' motion to dismiss the indictment, Congress has not defined the term "manufacturing" and there are multiple common use dictionary definitions. Some of those definitions support a manufacturing conviction under the facts at issue here, others do not. For purposes of preserving the record, defendants object to this portion of the jury instruction defining "manufacturer."

## III. Definition of "Engaged in the Business" and "With the Principal Objective of Livelihood and Profit"

Defendants also object to the government's instruction regarding the term "engaged in the business[]" as unconstitutionally vague. Neither 18 U.S.C. § 922(a)(1)(A) nor 18 U.S.C. § 921(a)(21)(A) require a minimum number of sales, dollar volume of sales, or number of employees to qualify as "engaged in the business of manufacturing in firearms." Moreover, while the definition includes "profit" as an objective to determine whether the conduct constitutes a "business," there is absolutely no guidance as to when – or how much – profit transitions from merely the result of legal conduct to profit considered illegal, thereby depriving the defendants of constitutionally required notice and increasing the likelihood of arbitrary enforcement.

**GOVERNMENT'S POSITION RE DISPUTED INSTRUCTION NO. 1**

**I. "Willfulness" Definition**

Both of defendants' alternative reformulations of the definition of "willfulness" – set forth in Defendants' Proposed Disputed Instruction Nos. 1B and 1C – are unwarranted and unnecessary in light of controlling law and the facts of this case.[2]

The definition of "willfully" set forth in the government's proposed instruction (Government's Proposed Disputed Instruction No. 1A) derives directly from Bryan v. United States, 524 U.S. 184 (1998), upon which the Manual of Model Criminal Jury Instructions directly relies for the definition of "willfully." Manual of Model Criminal Jury Instructions No. 14.3 (Firearms – Dealing, Importing or Manufacturing Without a License), cmt.

In Bryan, the Supreme Court affirmed the defendant's conviction for willfully dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A). In so doing, the Supreme Court approved of the district court's instruction on willfulness that was stated as follows: "A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids." Id. at 190. The government's proposed instruction here incorporates the language from Bryan and follows the key holding, as cited in Model Instruction No. 14.3, that willfully "requires proof that the defendant knew that his or her conduct was unlawful, but does not require proof that the defendant knew of the federal licensing requirement." Id. at 198-99.

Defendants' two alternative definitions of "willfully" are premised on their contention that "the vagueness surrounding the term 'manufacturing' and the

---

[2] The government notes for the record that the parties previously agreed upon the definition of "willfully" as set forth in the parties' initial filing of Disputed Jury Instructions in this case. (See Dkt. No. 86 at 4, 6 (ECF-banner page numbers).)

complexities of this area of law" require a heightened willfulness standard to prevent the "impermissible situation where the jury may convict defendants based on some knowledge of other firearms laws for which they are not on trial and the government did not charge or choose to prosecute." (See supra "Defendant's Position Re. Disputed Instruction No. 1" (hereinafter "Def. Pos.") at 7.) Defendants are wrong.

First, the meaning of "manufacturing" as applied to the charges in this case is not vague, as set forth in the government's opposition to defendants' motion to dismiss. (See Dkt. No. 120 at § III.E.) Moreover, the government's proposed instruction above provides the statutory definitions of "manufacturer" and "engaged in the business of manufacturing firearms," mitigating any risk that "the jury may convict defendants based on some knowledge of other firearms laws." (Def. Pos. at 7.) The instructions and the evidence at trial will make sufficiently clear that defendants are charged with manufacturing firearms without a license, and not some other law.

Second, defendants' claim that the "complexities of this area of law" require an instruction of "willfully" more particularized than that approved of in Bryan is without merit. Bryan dealt with much the same context of firearms – indeed, the very same statute, premised on a dealing theory instead of a manufacturing theory – and the Court squarely rejected a request for a heightened standard as to the defendant's knowledge of the specific law violated (there, the licensing requirement). See Bryan, 524 U.S. at 198-99. Defendants also cite broadly to Ratzlaf v. United States, 510 U.S. 135 (1994) as purportedly supporting the application of a heightened standard of willfulness in this case based on the context of the charges at issue. (Def. Pos. at 7.) But the Supreme Court in Bryan specifically distinguished the principles from Ratzlaf as relating to the "highly technical" law of anti-structuring statutes, which did not inform the willfulness standard as applied to 18 U.S.C. § 922(a)(1) – the statute at issue here. Bryan, 524 U.S. at 194-96.

Thus, defendants' proposed alternative definitions of "willfully" are not supported by Supreme Court precedent nor the realities of the circumstances of the

charges and facts at issue here. Their first proposed alternative definition (Defendants' Proposed Disputed Instruction Nos. 1B) is particularly unfounded, given that it specifically requires the jury to find defendants "knew that [their] conduct was in violation of 18 U.S.C. § 922(a)(1)(A), manufacturing firearms without a license," and that they "knew that their conduct violated 18 U.S.C. § 922(a)(1)(A)." (Defendants' Proposed Disputed Instruction Nos. 1B, at 3.) This is squarely at odds with the Supreme Court's holding in Bryan that "the willfulness requirement of § 924(a)(1)(D) does not carve out an exception to the traditional rule that ignorance of the law is no excuse; knowledge that the conduct is unlawful is all that is required." Bryan, 524 U.S. at 196; see also Manual of Model Criminal Jury Instructions No. 14.3 cmt. ("Willfully, as used in this statute, requires proof that the defendant knew that his or her conduct was unlawful, but does not require proof that the defendant knew of the federal licensing requirement."). Defendants' first proposed alternative also injects unnecessary, unwarranted, and largely redundant verbiage – stating and restating the same concept over again but in different ways – that presents a significant risk of confusing the issues and misleading the jury as to the application of the scienter requirement in this case. Notably, defendants do not provide any direct legal support for their proposed alternative instruction No. 1B, and it should not be given in this case.

Defendants' second proposed alternative definition of "willfully," (Defendants' Proposed Disputed Instruction Nos. 1C), based on United States v. Hernandez, 859 F.3d 817 (9th Cir. 2017), hews closer to the standard in Bryan but is still not warranted in this case. Hernandez dealt with a different statute, specifically, illegal transportation of firearms in violation of 18 U.S.C. § 922(a)(3), and markedly different facts. Defendants agree that "context" matters as to the applied definition of "willful" in any given case (Def. Pos. at 7), and the context here is squarely aligned with the same statute at issue in Bryan.

Moreover, the court in Hernandez recognized that the willfulness instruction from Bryan would have been appropriate in that case but for the government's evidence

and explicit argument in closing that the defendant's willfulness for the charged crime could be established "even if [his intent to do something the law forbids] did not include the actual transportation of guns into his state of residence." Id. at 821, 822; see also id. at 821 n.3 (government arguing in closing that defendant's "falsif[ying] information on a form" and "unlawful distribution of guns to third parties" could suffice for establishing willfulness for the illegal transportation charge). The Ninth Circuit was particularly critical of the district court's "approval of the government's relying on future crimes to establish intent." Id. at 824. The concerns highlighted in Hernandez are far afield from the government's proffered use of the evidence described in its Motion in Limine Number 1 (Dkt. Nos. 80, 118). Contrary to defendants' contention (Def. Pos. at 7), the government does not seek to use the evidence described in its MIL #1 as a substitute for defendants' willfulness as to the manufacturing conduct alleged in this case. The definition of willfully from Hernandez thus is unnecessary.

## II. Definition of "Manufacturer"

The government set forth in its opposition to defendants' motion to dismiss why the term "manufacturing" is not constitutionally vague as applied to the charges in this case. (See Dkt. No. 120.) In their objection to the government's inclusion of the definition of "manufacturer" in the Government's Proposed Disputed Instruction No. 1A, defendants merely refer back to their objection to the term "manufacturing" without reference to the fact that the Gun Control Act provides a specific definition of "manufacturer." 18 U.S.C. § 921(a)(10). The government understands defendants make this objection to "preserve[] the record" with respect to their pending motion to dismiss. (Def. Pos. at 8.) But the inclusion of the defined statutory term of "manufacturer" is appropriate here, especially where defendants pin their concern about the jury's potential confusion regarding the "willfully" definition to its not having an "explicit connection" between the charged manufacturing conduct and defendants' mens rea. (Id. at 7-8.)

## III. <u>Definition of "Engaged in the Business" and "With the Principal Objective of Livelihood and Profit"</u>

Similar to their objection above, defendants also object to the government's inclusion of the statutory definition of "engaged in the business," as applied to a "manufacturer of firearms," as set forth in 18 U.S.C. § 921(a)(21)(A). Despite their contention that this term is "constitutionally vague," they did not challenge the term "engaged in the business" on any basis in their pending motion to dismiss. Defendants' belated and cursory challenge on vagueness grounds here, in the context of challenging the inclusion of a defined statutory from jury instructions for the corresponding charged offense, should be rejected.

Moreover, the statutory definition of the term "engaged in the business" is straightforward and further clarified by the government's inclusion of other defined terms. Specifically, "engaged in the business" means, "as applied to a manufacturer of firearms, a person who devotes time, attention, and labor to manufacturing firearms as a regular course of trade or business <u>with the principal objective of livelihood and profit</u> through the sale or distribution of the firearms manufactured." 18 U.S.C. § 921(a)(21)(A) (emphasis added). In turn, the government includes the statutory definition of "with the principal objective of livelihood and profit," which means "that the intent underlying the sale or disposition of firearms is predominantly one of obtaining livelihood and pecuniary gain, as opposed to other intents, such as improving or liquidating a personal firearms collection." 18 U.S.C. § 921(a)(22). These statutorily defined terms provide the jury a framework for evaluating whether defendants repeated manufacture and sales of AR-15-type firearms for prices ranging from $1,500 to $2,000 to multiple customers constitute engaging in the business of manufacturing firearms without a license.

Defendants contend that the statutory scheme does not include a "minimum number of sales, dollar volume of sales, or number of employees to qualify as 'engaged in the business of manufacturing firearms." (Def. Pos. at 8.) They also argue that

"there is absolutely no guidance as to when – or how much – profit transitions from merely the result of legal conduct to profit considered illegal." (Id.) Putting aside, once again, that defendants have not raised a vagueness challenge to these terms in their pending motion, their claims are without merit in any event, as "statutes necessarily have some ambiguity, as no standard can be distilled to a purely objective, completely predictable standard." United States v. Hosford, 843 F.3d 161, 171 (4th Cir. 2016) (denying vagueness challenge to 18 U.S.C. § 922(a)(1)(A)). Defendants would read out the jury's fact-finding role altogether and require every statute provide a mechanical formula to adjudge guilt. To the contrary, the definitions of "engaged in the business" and "with the principal objective of livelihood and profit," which were added by amendment to the statutory scheme by the Firearms Owners' Protection Act of 1986, provide the jury more than sufficient objective standards to evaluate defendants' charged conduct in this case.

Moreover, the government will have to prove defendants' willfulness as applied to their conduct, which "mitigates a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." United States v. Guo, 634 F.3d 1119, 1123 (9th Cir. 2011) (internal quotation marks and citations omitted).

**GOVERNMENT'S [PREVIOUSLY JOINT] PROPOSED INSTRUCTION NO. 47 [IF APPLICABLE]**

You may find that defendant Schlotterbeck acted knowingly with respect to Count Three if you find beyond a reasonable doubt that the defendant:

1. was aware of a high probability that the informant had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and
2. deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the informant had not been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, or if you find that the defendant was simply negligent, careless, or foolish.

**DEFENDANT SCHLOTTERBECK'S OBJECTION TO GOVERNMENT'S PROPOSED INSTRUCTION NO. 47**

The deliberate ignorance instruction is not appropriate here. As the Ninth Circuit has made clear, "[w]illful blindness is inconsistent with actual knowledge, and thus a deliberate ignorance instruction is appropriate only where 'the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge.' Deliberate ignorance contains two prongs: (1) a subjective belief that there is a high probability a fact exists; and (2) deliberate actions taken to avoid learning the truth." *United States v. Yi*, 704 F.3d 800, 804 (9th Cir. 2013); *citing Global-Tech Appliances Inc. v. SEB S.A.*, 563 U.S. 754 (2011). A subjective belief that there is a high probability that a fact existed is a significantly higher standard than an objective, or "reasonable person" belief or even a recklessness standard. As the Supreme Court noted, a "subjective belief" is one where it can almost be said that the defendant actually knew. *Global-Tech*, 563 U.S. at 769. "By contrast, a reckless defendant is one who merely knows of a substantial and unjustified risk of … wrongdoing." *Id*.

Here, a deliberate ignorance instruction unconstitutionally lowers the government's burden of proof as it would invite the jury to convict Mr. Schlotterbeck on a theory of negligence or even recklessness.

**GOVERNMENT'S RESPONSE TO OBECTION RE PROPOSED INSTRUCTION NO. 47**

In the parties' previously-filed Stipulated Joint Proposed Jury Instructions, the parties included a deliberate ignorance instruction – solely as to Count Three and only if applicable based on the evidence at trial – that tracks Ninth Circuit Criminal Model Jury Instruction No. 4.9 (Deliberate Ignorance). Defendant Schlotterbeck now challenges inclusion of this "if applicable" instruction, to which he previously agreed, arguing that it "unconstitutionally lowers the government's burden of proof as it would invite the jury to convict Mr. Schlotterbeck on a theory of negligence or even recklessness." (Def. Pos. at 10.)

Here, the government expects defendant Schlotterbeck may contend, with respect to the charge of sale to a prohibited person (Count Three), that he did not "know[] or hav[e] reasonable cause to believe" that the ATF confidential informant (CI) to whom he sold an AR-15-type firearm had been "been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(d)(1). The evidence will show, among other things, that the CI had a conversation with defendant Schlotterbeck during which the CI made certain statements regarding a prior legal incident in which the CI was involved and his inability to purchase firearms. The evidence will further reflect that following that conversation, defendant informed the CI that the CI would have to be involved in the milling of the lower receiver that would be used for this first firearm manufacturing transaction in the case. The government expects that the evidence will demonstrate that even if defendant did not actually learn about the CI's felony status, defendant was aware of a high probability of it, and deliberately avoided learning the truth. Under these circumstances, the provision of a deliberate ignorance instruction would be proper.

Defendant appears to contend, writ large and untethered to the facts at issue here, that the giving of a deliberate ignorance instruction will unconstitutionally lower the bar in this (and every) case. But that is not the law. The Ninth Circuit has squarely

approved the provision of a deliberate ignorance instruction – indeed, there is a model instruction for it – so long as the district court determines that "the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge." United States v. Hong, 938 F.3d 1040, 1046 (9th Cir. 2019) (quoting United States v. Heredia, 483 F.3d 913, 922 (9th Cir. 2007) (en banc)). The Ninth Circuit further explained that, "[a] jury can believe some, but not all, evidence presented by a party . . . [and] '[t]he government has no way of knowing which version of the facts the jury will believe, and it is entitled (like any other litigant) to have the jury instructed in conformity with [different] rational possibilities. That these possibilities are mutually exclusive is of no consequence." Id. (quoting Heredia, 483 F.3d at 923, 924).

Even the case defendant relies upon in his objection – United States v. Yi, 704 F.3d 800 (9th Cir. 2013) – found that the deliberate ignorance instruction was properly provided to the jury. Id. at 805. The Ninth Circuit in Yi reiterated its prior guidance in Heredia that "'there is little reason to suspect that juries will import [recklessness or negligence] concepts, as to which they are not instructed, into their deliberations.'" Id. (quoting Heredia, 483 F.3d at 924).

Moreover, the proposed instruction itself mitigates defendant's concern that he could be convicted on a "theory of negligence or even recklessness." (Def. Pos. at 10.) The instruction clarifies that the jury cannot and should not make a finding of knowledge under the deliberate ignorance instruction "if you find that the defendant was simply negligent, careless, or foolish." Defendant's concerns as set forth in his objection thus are unfounded and premature.

As set forth above, defendants obtained the government's positions with respect to the disputed instructions described herein and included those positions in this filing.

Respectfully submitted,

DATED: June 14, 2022

By */s/ Edward M. Robinson*
Edward M. Robinson

Attorney for Defendant
*Travis Schlotterbeck*

By */s/ Jerome J Haig*
Jerome J. Haig

Attorney for Defendant
*James Bradley Vlha*