TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
     1300/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3819/2426
     Facsimile: (213) 894-0141/0142
     E-mail:   Brian.Faerstein@usdoj.gov
               Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TRAVIS SCHLOTTERBECK and<br>JAMES BRADLEY VLHA,<br><br>　　　　Defendant. | No. CR 19-343-GW<br><br>PARTIES' JOINT SUBMISSION REGARDING EXPERT DISCLOSURES; EXHIBITS<br><br>Trial Date:　July 12, 2022<br>Trial Time:　8:30 a.m.<br>Location:　Courtroom of the Hon.<br>　　　　　　George H. Wu |

　　　Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, defendant TRAVIS SCHLOTTERBECK, by and through his counsel of record Edward Robinson, and defendant JAMES BRADLEY VLHA, by and through his counsel of record Jerome J. Haig, hereby submit their respective expert disclosures in connection with the upcoming trial in the above-captioned case.

1

Specifically, pursuant to the Court's request and Federal Rules of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C), the parties provide their respective summaries of any testimony that they intend to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during their cases-in-chief at trial. For ease of the Court's review, the parties also provide herein their respective positions regarding the other party's proffered expert testimony.

Dated: June 27, 2022            Respectfully submitted,

                                TRACY L. WILKISON
                                United States Attorney

                                SCOTT M. GARRINGER
                                Assistant United States Attorney
                                Chief, Criminal Division


                                 /s/ *Brian Faerstein*
                                BRIAN R. FAERSTEIN
                                DAN G. BOYLE
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA


Dated: June 27, 2022             /s/ *with email authorization*
                                EDWARD ROBINSON
                                Attorney for Defendant
                                TRAVIS SCHLOTTERBECK


Dated: June 27, 2022             /s/ *with email authorization*
                                JEROME J. HAIG
                                Attorney for Defendant
                                JAMES BRADLEY VLHA

**GOVERNMENT'S EXPERT DISCLOSURE**

**ATF INVESTIGATOR THOMAS M. CHIMILESKI, JR.**

On April 22, 2022, pursuant to the Court's order and an agreement on a one-week disclosure extension between the parties, the government provided to the defense a letter summarizing the potential expert testimony the government may offer at trial, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G). The government attaches that letter hereto as Exhibit 1.

Among other things, the letter included a summary of the categories of testimony the government may offer through Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Senior Industry Operations Investigator / Industry Operations Intelligence Specialist Thomas M. Chimileski, Jr. The letter also included a description of Investigator Chimileski's qualifications and the bases and reasons for the opinions he may offer at trial. The letter further attached a copy of Investigator Chimileski's CV.

Both before and after this disclosure, the government also has produced to the defense supplemental agent notes pertaining to opinions and potential categories of testimony Investigator Chimileski may offer at trial.[1] In addition, on April 22, 2022, the government provided to the defense a letter prepared by government counsel regarding other aspects of Investigator Chimileski's potential opinions and the bases and reasons for those opinions. Defendants attached a copy of this supplemental letter as an exhibit

---

[1] The government produced these agent notes to the defense under Bates numbers USA_00008956, USA_00010088, and USA_00010135.

1

to their motion to dismiss the indictment and discussed the contents of this supplemental letter in their motion. (See Dkt. No. 113-1.)

Defendants did not raise with the government any concerns about or objections to the content or adequacy of these disclosures, under Federal Rule of Criminal Procedure 16(a)(1)(G) or otherwise, during the pretrial phase of this case. Defendants also did not file any motions in limine challenging the admissibility of the proffered testimony of Investigator Chimileski, including by any of the Court-ordered deadlines for filing such motions in this case.[2]

Thus, the government provides below a summary of Investigator Chimileski's proffered testimony, along with the bases and reasons and his qualifications, consistent with the information the government previously has provided to the defense as well as additional information the government provides herein.

The government intends to call Investigator Chimileski to testify regarding:

- the federal firearms licensing system and the types of federal firearms licenses (FFL) required based on various types of activities, including, among others, licenses for manufacturing firearms and for dealing/gunsmithing firearms;
- the application process for obtaining an FFL, including obtaining a Type 007 firearm manufacturer's license;[3]

---

[2] For the record, the government reserves the right to object to objections defendants lodge now with respect to Investigator Chimileski's proffered testimony as untimely and waived.

[3] The government also has produced to the defense two versions of the FFL application form (ATF E-Form 7 - Application for Federal Firearms License) that were in effect at the time of the events

- regulatory matters relating to certain FFL types and the manufacture of firearms for sale, and ATF public guidance on these issues;
- factors (previously described in agent notes and other documents produced to the defense) that ATF considers in determining whether a particular course of conduct requires a Type 007 manufacturing license;
- administrative requirements attendant to holding certain types of FFLs, including, among other things, record-keeping and transfer documentation, fees, and background checks;
- restrictions and limitations on engaging in certain activities with and without an FFL;
- background on firearms generally, including identification of make, model, caliber, serial number, and other identifying characteristics of firearms for purposes of the regulatory process;
- the nature, characteristics, and components of the type of AR-15-type firearms and ammunition involved in this case, the functionality of such firearms (including the functionality of lower receivers within such firearms), and the assembly of such firearms;

---

alleged in the indictment. One of the forms took effect in May 2005, and the revised version took effect in May 2017. The government produced these forms to the defense under Bates numbers USA_00010089-10106 and USA_00010107-10118.

3

- the system of tracking firearms manufactured for sale, including serialization and marking requirements, and issues attendant to firearms lacking serial numbers;
- records and other information maintained by federal and state authorities concerning the manufacture, sale and registration of firearms, including, among other things, the California Automated Firearms System, which maintains dealers records of sale (DROS); and
- other aspects relating to the customization of firearms, including Cerakote and related processes.

Investigator Chimileski's duties as a Senior Industry Operations Investigator include, among other things, the regulation of FFLs and the evaluation of FFL applications, including verifying the suitability of FFL applicants through background checks, interviews, site visits, and other investigative activities. Investigator Chimileski also advises prospective and existing FFL holders on regulatory requirements and restrictions associated with FFLs. Investigator Chimileski further oversees compliance of FFL holders, which sometimes includes visits to FFL holders' places of business, and examination of records kept by FFLs. His duties as an Industry Operations Intelligence Specialist include, among other things, the examination of firearms and ammunition for the purpose of identification, classification, and determination of origin.

The bases and reasons for Investigator Chimileski's opinions are his training, experience, and knowledge regarding firearms and ammunition and the regulation and licensing of activities relating thereto arising out of his nearly 18 years as an Industry Operations

4

Investigator and Industry Operations Intelligence Specialist with the United States Department of Justice and his extensive professional experience in the function, use and handling of firearms.

Investigator Chimileski has previously testified approximately four times in federal and state court. Investigator Chimileski's qualifications are further described in his CV, a copy of which is attached to Exhibit 1.

**DEFENDANTS' POSITION REGARDING INVESTIGATOR CHIMILESKI TESTIMONY**

The defense does not object to the qualifications of Investigator Chimileski as an expert in firearms. In order to preserve the constitutional vagueness challenges raised by the defense in their motion to dismiss and their objections to the proposed jury instructions, especially with respect to the term and element of the offenses alleged in the indictment, Manufacture, the defense objects to the following areas of Investigator Chimileski's proposed expert testimony:

    1. Regulatory matters relating to certain FFL types and the manufacture of firearms for sale, and ATF public guidance on these issues;

    2. Factors (previously described in agent notes and other documents produced to the defense) that ATF considers in determining whether a particular course of conduct requires a Type 007 manufacturing license; and,

    3. Restrictions and limitations on engaging in certain activities with and without an FFl.

These areas of testimony deal with the "quintessential legal issue" of what is manufacturing. As argued throughout our motion and jury instruction pleadings, Congress has elected to not define the term manufacturing. Any testimony, including expert testimony, that defines the term is objectionable.

## DEFENDANTS' EXPERT DISCLOSURE

## STEVEN D. LIEBERMAN, ESQ.

On April 22, 2022, the defendants jointly disclosed experts to one another. The defendants also produced a written report from its expert, Steven Lieberman. The report was not intended to convey that Mr. Lieberman would be testifying to each of the matters contained therein. Rather, the report was intended as a complete disclosure of his opinions.

Mr. Lieberman is prepared to testify as to many of the identical items noted in the Government's disclosure. These include the following:

1. How an AR-15 can be legally constructed without a serial number and without the need to purchase it through a federally licensed firearms dealer.
2. That the sale of AR-15 parts and accessories do not require either a Federal Firearms License ("FFL"), or any specific authorization from the U.S. Bureau of Alcohol, Tobacco & Firearms ("ATF").
3. The legal definition of a "firearm" under 18 USC Section 921 and CFR 478.11(a), which defines what constitutes engaging in the business of manufacturing firearms.
4. How the ATF's interpretations of law have affected how citizens can legally make a firearm outside the federal licensing system.
5. How an AR-15 type rifle can be assembled, and the nature and origin of component parts of the rifle, including those which are and are not regulated.

6. Record-keeping rules of being having an FFL, including when and how to record transactions, and which transactions fall within an FFL, and which transactions do not involve governmental oversight.

**Mr. Lieberman's qualifications**

As noted in Mr. Lieberman's resume, he has a lifetime of expert and professional experience in firearms. These include:

- A federally licensed firearms dealer
- State of California Firearms dealer
- State of California Firearms Instructor
- National Rifle Association Instructor relating to range safety, pistols, rifles, and shotguns.
- Competitive long-distance shooter since 1983
- Contractual instructor to sworn law enforcement on training and firearms laws and compliance issues
- Court certified expert on classification of an assault weapon.

The defense does not proffer any expert testimony regarding his opinion about gun laws, the mental state of either defendant, or the ultimate legality of the defendant's actions. However, like the government expert, Mr. Lieberman to items within his expert knowledge in precisely the same manner that the government has proffered its own expert testimony.

8

Mr. Lieberman's CV is attached as Exhibit A. He has previously provided expert witness services involving the legal classification of an assault weapon under the California law.

**GOVERNMENT'S POSITION REGARDING MR. LIEBERMAN TESTIMONY**

The government incorporates by reference herein its prior objections to defendants' proffer of Steven D. Lieberman, Esq. as an expert in this case, specifically, those set forth in the Government's Motion in Limine #3 ("MIL #3") to Exclude Testimony of Proposed Defense Expert Steven D. Lieberman Esq. (Dkt. No. 82) and the Government's Reply in Support of MIL #3 (Dkt. No. 117).

In those prior pleadings, the government explained at length the numerous foundational and "gatekeeping" deficiencies - under both the Federal Rules of Evidence and <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) - with Mr. Lieberman as a proposed expert in general and with his proffered testimony and opinions in particular. Defendants' third iteration of Mr. Lieberman's proposed testimony set forth above largely follows, and in most cases parrots, the arguments and information defendants put forth in their opposition to the government's MIL #3 (Dkt. No. 108). The government responded to those arguments and information fully in its Reply in Support of MIL #3 (Dkt. No. 117), and it does not restate them here (other than to say they apply with equal force as incorporated herein).

However, the government reiterates that the burden is on defendants to prove the admissibility of Mr. Lieberman's testimony, <u>Lust v. Merrell Dow Pharmaceuticals, Inc.</u>, 89 F.3d 594, 598 (9th Cir. 1996), and they continue to fail to meet that burden in this case. Defendants' initial disclosure of Mr. Lieberman's proffered testimony (Dkt. Nos. 82-1 through 82-3) laid bare the numerous deficiencies in the foundation, reliability, relevance, and

helpfulness of his proffered opinions, as detailed in the government's MIL #3.  Defendants' latest attempt to overcome those shortfalls, which they injected into this case, largely mirrors that of their opposition to MIL #3, which this Court already has indicated provides insufficient grounds to support the admissibility of Mr. Lieberman's testimony.  In short, nothing has changed, and Mr. Lieberman should be precluded from testifying at trial.