**LAW OFFICE OF JEROME J. HAIG**
**JEROME J. HAIG, Attorney at Law**
State Bar No. 131903
21143 Hawthorne Boulevard, Suite 454
Torrance, California 90503
Telephone: (424) 488-0686 – office
              (424) 999-5673 – mobile
Fax:          (424) 271-5990
E-mail:    jerome@jeromehaiglaw.com

Attorney for Defendant
James Vlha

**EDWARD M. ROBINSON (CA Bar 126244)**
**RACHAEL ROBINSON (CA Bar 313991)**
**BRIAN ROBINSON (CA Bar 333650)**
21515 Hawthorne Blvd, Suite 730
Torrance, CA 90503
Office:  (310) 316-9333
Facsimile: (310) 316-6442
eroblaw@gmail.com

Attorneys for Defendant
*Travis Schlotterbeck*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br><br>TRAVIS SCHLOTTERBECK and JAMES VLHA,<br><br>　　　　　Defendants. | Case No. CR 19-343-GW<br><br>**EX PARTE MOTION TO CONTINUE TRIAL OF DEFENDANTS BASED UPON NEW SUPREME COURT DECISION IMPACTING THE DEFENDANT'S 2ND AMENDMENT RIGHTS AGAINST FURTHER PROSECUTION**<br><br>Date:　June 28, 2022<br>Time:　10:00 am |

Defendants Travis Schlotterbeck and James Vlha, by and through their counsel of record, move Ex Parte for a Continuance of the Trial Date to allow briefing on the issue of the constitutionality of this prosecution in light of the Supreme Court's decision in *New York State Rifle & Pistol Assn. v. Bruen* (20-843, decided 6/23/22).

Respectfully submitted,

DATED: June 27, 2022    By    /s/ Jerome Haig
                              JEROME J. HAIG
                              Attorney for Defendant
                              James Vlha

                        By    /s/ Edward Robinson
                              EDWARD M. ROBINSON
                              Attorney for Defendant
                              Travis Schlotterbeck

                        By    /s/ Rachael Robinson
                              RACHAEL ROBINSON
                              Attorney for Defendant
                              Travis Schlotterbeck

                        By    /s/ Brian Robinson
                              BRIAN ROBINSON
                              Attorney for Defendant
                              Travis Schlotterbeck

## DECLARATION OF DEFENSE COUNSEL

1.    Edward Robinson, Rachael Robinson, and Brian Robinson are attorneys licensed to practice law in the State of California and the Central District of California and counsel of record for Defendant Travis Schlotterbeck.

2.    Jerome Haig is an attorney licensed to practice law in the State of California and the Central District of California and counsel of record for Defendant James Vlha.

3.    On June 23, 2022, the United States Supreme Court issued the landmark opinion in *New York State Rifle & Pistol Assn. v. Bruen* (20-843, decided 6/23/22).

4.    Part II of the Court's opinion in *Bruen* rejected much lower-court jurisprudence since *District of Columbia* v. *Heller,* 554 U.S. 570 (2008), creating a new textual and historical approach for the consideration of Second Amendment claims:

> "In keeping with *Heller*, we hold that when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct.  To justify its regulation, the government may not simply posit that the regulation promotes an important interest. Rather, the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation.  Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."...

"*Heller* and *McDonald*[1] do not support applying means-end scrutiny in the Second Amendment context. Instead, the **government must affirmatively prove** that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms....

"We reiterate that the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

5.  Given this sea change in the scrutiny applied to the government's regulation of firearms, the constitutionality of the charges in the indictment must be reconsidered. Critically, part of the defendants' argument is that they aided and abetted an individual who was otherwise engaged in constitutionally protected conduct – the right to keep and bear arms. As such, the government must prove that the firearms regulations in the indictment is "part of the historical tradition that delimits the outer bounds of the right to keep and bear arms. . ."

6.  The defendants need adequate time to brief the continued legality of the current prosecution. This will entail a thorough historical analysis of gun laws and regulations at the time of the nation's founding, including, for example:

    a.    How weapons were built and sold;

    b.    Regulations on who could possess a firearm;

    c.    Licensing restrictions for potential owners, if any; and

    d.    Federal Firearm Licensing requirements.

---

[1] *McDonald v. Chicago*, 561 U.S. 742 (2010).

7.  As to Count 3, a motion to dismiss under *Bruen* is warranted. Accepting then Judge Amy Comey Barrett's analysis as to why a historical approach to the 2nd Amendment may invalidate 18 U.S.C. 922(g), a constitutional challenge is warranted and likely meritorious:

> "History is consistent with common sense: it demonstrates that legislatures have the power to prohibit dangerous people from possessing guns. But that power extends only to people who are *dangerous*. Founding-era legislatures did not strip felons of the right to bear arms simply because of their status as felons. Nor have the parties introduced any evidence that founding-era legislatures imposed virtue-based restrictions on the right; such restrictions applied to civic rights like voting and jury service, not to individual rights like the right to possess a gun. In 1791 — and for well more than a century afterward — legislatures disqualified categories of people from the right to bear arms only when they judged that doing so was necessary to protect the public safety."[2]

8.  Trial is scheduled for July 22, 2022, at 8:00 am.

9.  On June 27, 2022, we advised Assistant United States Attorneys Brian Faerstein and Dan Boyle regarding the requested continuance of the trial. They advised that the government is opposed to the defendant's request to continue the trial.

---

[2] *Kantar v. Barr*, 919 F.3d 437 (7th Cir. 2019). This dissenting opinion relying on historical tradition is now consistent with the Supreme Court's standard of scrutiny in *Bruen*. Furthermore, the majority opinion in Kanter v. Barr has been abrogated by *Bruen*.

We declare under penalty of perjury that this declaration is true and correct. Executed this 27th day of June 2022, in Torrance, CA.

/s/ Jerome Haig
———————————————
Jerome J. Haig

/s/ Edward Robinson
———————————————
Edward Robinson

/s/ Rachael Robinson
———————————————
Rachael Robinson

/s/ Brian Robinson
———————————————
Brian Robinson

6