TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
     1300/1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3819/2426
     Facsimile: (213) 894-0141/0142
     E-mail:    Brian.Faerstein@usdoj.gov
                Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-343-GW |
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENDANTS' *EX PARTE* MOTION TO CONTINUE TRIAL |
| v. | |
| TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA, | Hearing Date: June 28, 2022<br>Hearing Time: 10:00 a.m.<br>Location:    Courtroom of the<br>             Hon. George H. Wu |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brian Faerstein and Dan Boyle, hereby files its opposition to defendants' Ex Parte Motion to Continue Trial of Defendants Based Upon New Supreme Court Decision Impacting the Defendants' 2nd Amendment Rights Against Further Prosecution (Dkt. No. 133).

Defendants filed their ex parte motion at approximately 5:00 p.m. on June 27, 2022, late in the day before the Court's continued pretrial conference in this proceeding the next morning at 10:00 a.m. on June 28, 2022. The government submits its response to defendants' motion, which the government can develop further during the continued pretrial conference. In brief, defendants seek yet another continuance of trial to conduct a historical analysis of firearms law that simply does not apply in this case. Defendants' motion should be denied.

First, as an initial matter, for much the same reason defendants' first motion to dismiss the indictment under Federal Rule of Criminal Procedure 12(b) was untimely, any such additional Rule 12(b) motion also would be untimely and waived at this stage of the proceeding.[1] (See Dkt. No. 128 at 2.)

Second, and more fundamentally, defendants' attempt to import the Supreme Court's reasoning in New York State Rifle & Pistol Association, Inc. v. Bruen, --S.Ct.--, 2022 WL 2251305, at *1 (2022), to the charges and circumstances of this case is wholly misplaced. In Bruen, the Supreme Court held that "the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." Id. at *5. In explaining its reasoning, the Court further held that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively

---

[1] The Supreme Court granted certiorari in the case upon which defendants' rely – New York State Rifle & Pistol Association, Inc. v. Bruen (No. 20-843, June 23, 2022) – in April 2021, prior to this Court's final Rule 12 pretrial motion deadline in July 2021 in this case. The Supreme Court heard oral argument in Bruen on November 3, 2021. Defendants have been on notice of the issues raised in Bruen for some time and have waived their right to seek to apply those issues here.

protects that conduct." Id. at *8 (emphasis added).  In such case, the government is required to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." Id.

Critically, however, the Court made clear that the "plain text" of the Second Amendment – in particular, "the right of the people to keep and bear Arms" – "guarantee[s] the individual right to possess and carry weapons in case of confrontation." Id. at *9 (quoting District of Columbia v. Heller, 554 U.S. 570, 592 (2008)).  The Court repeatedly spoke of the implicated conduct as "an individual right to self-defense." Id.; see also, e.g., id. at *12 (Second Amendment "'surely elevates above all other interests the right of law abiding, responsible citizens to use arms' for self-defense" (quoting Heller, 554 U.S. at 635)); Id. at *13 ("As we stated in Heller and repeated in McDonald[ v. Chicago, 561 U.S. 742 (2010)], 'individual self-defense is the 'central component' of the Second Amendment right.'") (emphasis in original); id. at * 14 ("Heller further confirmed that the right to 'bear arms' refers to the right to 'wear, bear, or carry . . . upon the person or in the clothing or in a pocket, for the purpose . . . of being armed and ready for offense or defensive action in a case of conflict with another person.'"); id. at *15 ("self-defense is 'the central component of the [Second Amendment] right itself'") (emphasis in original).

Thus, the "plain text" of the Second Amendment, in the Supreme Court's recent jurisprudence, pertains to the "possess[ion] and carry[ing]" of weapons for the purpose of "self-defense."  The charges in the instant case – engaging in the business of manufacturing firearms without a license and sale of a firearm to a

3

felon – are not implicated by the Court's interpretation of the Second Amendment's "plain text" and corresponding protections. Bruen is thus irrelevant to the alleged conduct here, and no purported analysis of the "Nation's historical tradition of firearm regulation" is required.

Third, three of the Justices in the majority (Justices Alito and Kavanaugh and Chief Justice Roberts) authored or joined in concurrences stating their view that the Court's holding in Bruen was narrowly drawn. Justice Alito emphasized, "[a]ll that we decide in this case is that the Second Amendment protects the right of law-abiding people to carry a gun outside the home for self-defense." Id. at *37 (Alito, J. concurring); see also id. at *34 ("That is all we decide. Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun."). Justice Kavanaugh, joined by Chief Justice Roberts, wrote separately to "underscore two important points about the limits of the Court's decision," reiterating that "[p]roperly interpreted, the Second Amendment allows a 'variety' of gun regulations." Id. at *38, *39 (Kavanaugh, J. concurring) (quoting Heller, 554 U.S. at 636). Justice Kavanaugh and Chief Justice Roberts reaffirmed the Supreme Court's recognition in its holdings in Heller and McDonald that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill . . . or laws imposing conditions and qualifications on the commercial sale of firearms." Id. at *39 (quoting Heller, 554 U.S. at 626-27, and McDonald, 561 U.S. at 786).

Thus, the majority opinion's repeated focus on the Second Amendment's "central component" of self-defense and the concurring

opinions' express limitations of their views to that narrow holding is hardly the "sea change in the scrutiny applied to the government's regulation of firearms" (Mot. at 4) that appears to animate defendants' intention to file another motion to dismiss in this case.

Fourth, surely recognizing that the firearms manufacturing and sale to a felon charges in this case are far afield from the "central component" of the Second Amendment's protection of the right to "keep and bear arms" for self-defense, defendants mischaracterize the nature of the charges in this case. Defendants claim that they will argue they are charged with "aid[ing] and abett[ing] an individual who was otherwise engaged in constitutionally protected conduct – the right to keep and bear arms." (Mot. at 4.) Defendants are plainly wrong. The indictment charges them with conspiracy to engage and engaging in the business of manufacturing firearms without a license (Counts One and Two) and selling a firearm to a known felon (Count Three). Their alleged conduct centers upon the illegal manufacture for sale of firearms to multiple customers and the sale of a firearm to a felon, not simply possessing and carrying firearms for self-defense.

Fifth, defendants also contend that because Count Three is premised on the sale of a firearm to a prohibited person who would be barred from possessing a firearm on account of a felony, "a constitutional challenge is warranted and likely meritorious."[2]

---

[2] In support of this position, defendants rely on a dissent authored by Justice Barrett when the Justice was a judge on the Seventh Circuit Court of Appeals. (See Mot. at 5 (quoting Kanter v. Barr, 919 F.3d 437 (7th Cir. 2019)). Putting aside that a dissenting opinion from the Seventh Circuit can hardly be said to be controlling or even persuasive authority in this District, Justice Barrett wrote a separate brief concurrence in Bruen and did not speak to any aspect
*(footnote cont'd on next page)*

(Mot. at 5.)  But defendants once again ignore the narrow implication of the <u>Bruen</u> majority's holding and the concurring justices' recognition that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  <u>Bruen</u>, at *39 (quoting <u>Heller</u>, 554 U.S. at 626-27 and <u>McDonald</u>, 561 U.S. at 786).  <u>Bruen</u> does not apply to 18 U.S.C. § 922(g)(1).[3]

In any event, Count Three charges defendant Travis Schlotterbeck with the illegal sale of a firearm in violation of 18 U.S.C. § 922(d)(1), not the unlawful possession of the firearm in his own right.  The alleged illegal sale conduct has nothing to do with possession or carrying firearms for self-defense and thus does not implicate the "plain text" of the Second Amendment.  Moreover, the Ninth Circuit Model Criminal Jury Instruction for 18 U.S.C. § 922(d)(1) does not even require the government to prove that the buyer of the firearm was in fact a prohibited person.  <u>See</u> Ninth Circuit Model Criminal Jury Instruction No. 14.11.  Thus, the fact of the buyer's actual status (and any restriction of their ability to possess firearms) is irrelevant to the charge.

---

of her supposed views on limiting felons under 18 U.S.C. § 922(g)(1) to "dangerous" felons or the invalidation of 18 U.S.C. § 922(g)(1) more broadly, neither of which is supported in any way by <u>Bruen</u>.

[3] Indeed, following <u>Heller</u> and <u>McDonald</u>, the Ninth Circuit has repeatedly upheld the constitutionality of 18 U.S.C. § 922(g)(1).  <u>See, e.g.</u>, <u>United States v. Vongxay</u>, 594 F.3d 1111, 1115, 1118 (9th Cir. 2010) ("§ 922(g)(1) does not violate the Second Amendment as it applies to . . . a convicted felon," because "felons are categorically different from the individuals who have a fundamental right to bear arms."); <u>United States v. Smith</u>, 329 Fed. Appx. 109, 111 n.1 (9th Cir. 2009) ("Heller did not disturb . . . [precedent] that felons have no constitutional right to possess firearms."); <u>United States v. Phillips</u>, 827 F.3d 1171, 1174 (9th Cir. 2016) (rejecting, as foreclosed by <u>Vongxay</u>, felon's Second Amendment challenge to his § 922(g)(1) conviction based on nature of predicate felony), cert. denied, 138 S. Ct. 56 (2017).

Finally, defendants claim that they "need adequate time to brief the continued legality of the current prosecution" which "will entail a thorough historical analysis of gun laws and regulations at the time of the nation's founding." (Mot. at 4.) But, for all the reasons discussed above, such analysis is neither warranted nor necessary because defendants cannot show that any of the charged conduct in this case is covered by the "plain text" of the Second Amendment. Defendants have skipped over the first step of the analysis because they cannot get past it.

Accordingly, for the foregoing reasons and any additional argument to be held during the continued pretrial conference, the government respectfully requests that this Court deny defendants' <u>ex parte</u> motion to continue trial.

| | |
|---|---|
| Dated: June 28, 2022 | Respectfully submitted, |
| | TRACY L. WILKISON<br>United States Attorney |
| | SCOTT M. GARRINGER<br>Assistant United States Attorney<br>Chief, Criminal Division |
| | _____/s/_____<br>BRIAN R. FAERSTEIN<br>DAN G. BOYLE<br>Assistant United States Attorney |
| | Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |