**EDWARD M. ROBINSON (CA Bar 126244)**
**BRIAN A. ROBINSON (CA Bar 333650)**
21515 Hawthorne Blvd, Suite 730
Torrance, CA 90503
Office:  (310) 316-9333
Facsimile: (310) 316-6442
eroblaw@gmail.com

Attorneys for Defendant
*Travis Schlotterbeck*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS SCHLOTTERBECK<br><br>Defendant. | Case No. 19-cr-00343-GW-1<br><br>**DEFENDANTS' JOINT MOTION TO DISMISS THE INDICTMENT PER FED. R. CRIM. P. 12(b)(3)(A); EXHIBIT IN SUPPORT**<br><br>DATE: July 11, 2022<br>TIME: 8:30 AM<br>Courtroom of the<br>Honorable George H. Wu |

1

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

ARGUMENT........................................................................................................2

   I. THE INDICTMENT MUST BE DISMISSED AS THE CHARGES IN THE INDICTMENT RUN AFOUL OF THE SECOND AMENDMENT .................2

      A.  Legal Standard ...................................................................................3

      B.  Count Three .......................................................................................3

      C.  Counts One and Two .........................................................................4

CONCLUSION ....................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*District of Columbia v. Heller*
　554 U.S. 570 (2008)..................................................................................3

*Kanter v. Barr*
　919 F.3d 437 (7th Cir. 2019) .....................................................................4

*New York State Rifle and Pistol Assn v. Bruen*
　597 U.S. __ (2022).............................................................................1, 3, 5

**Statutes**

18 U.S.C. § 371..............................................................................................1
18 U.S.C. § 922.......................................................................................1, 2, 4

## INTRODUCTION

Mr. Schlotterbeck and Mr. Vhla are charged in a three-count indictment alleging that they conspired with each other and others to manufacture firearms without the appropriate federal firearms license. They are also charged with the substantive count of manufacturing five firearms for profit without the appropriate federal firearms license in violation of 18 U.S.C. §§ 371 and 922(a)(1)(A). The indictment alleges that the defendants aided and abetted each other and alleged co-conspirators in the substantive count of manufacturing firearms without a license. (*See* Doc. 1, Count 2.) Finally, Mr. Schlotterbeck is charged in count 3 with selling a firearm to a prohibited person in violation of 18 U.S.C. §922(d).

On June 23, 2022, the United States Supreme Court issued the landmark opinion in *New York State Rifle and Pistol Assn v. Bruen*, 597 U.S. __ (2022). This opinions new application of the textual and historical text in determining what government regulations run afoul with the Second Amendment established a sea change on the law concerning Second Amendment claims.

The means-end strict scrutiny approach to determining whether a government regulation was constitutional under the Second Amendment has been abandoned. It has been replaced with a text and history analysis. *Bruen*, 597 U.S. at 10. Under the *Bruen* case, in all analysis of a Second Amendment claim, like this one to dismiss the charges in the indictment, it is presumed that "[the] individual's conduct" is constitutionally protected. *Id*. at 8. In order to justify government regulation, like the ones in the indictment concerning manufacturing firearms without a license for profit and selling a firearm to a felon, it is no longer constitutional even if that "regulation promotes an important interest." Now, "the government must demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation. Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's" unqualified right to possess a firearm. *Id*. With respect to counts one and two, the government cannot meet

1

its heavy burden to establish that Mr. Schlotterbeck and Mr. Vlha's conduct would be subject to regulation at the time of the ratification of the Second Amendment.

Additionally, concerning count three in this case, Mr. Schlotterbeck is charged with violating 18 U.S.C. § 922(b)(1)—sale of a firearm to a felon. The statute criminalizing this behavior only defines the felony, rendering the purchaser a prohibited person thereby criminalizing the sale, as a term of imprisonment exceeding one-year. As will be set forth below, the government cannot carry its heavy burden establishing that the sale to all felons, regardless of the nature of the offense, is consistent with regulations on the right to possess a firearm at the time of the ratification of the Second Amendment. Thus, for these reasons, and those set forth below, the indictment must be dismissed.

## ARGUMENT

### I. THE INDICTMENT MUST BE DISMISSED AS THE CHARGES IN THE INDICTMENT RUN AFOUL OF THE SECOND AMENDMENT

It hardly needs to be said that agreeing with, causing, or transacting with another in legal and constitutionally protected conduct is not a crime. The allegation in count three of the indictment against Mr. Schlotterbeck is premised on the requirement that the purchaser of the weapon in count three was a "prohibited person" under 18 U.S.C. § 922(g) and therefore was unable to exercise his Second Amendment right to possess a firearm. This now outdated interpretation of the Second Amendment and the statutes blanket prohibition on felons has now been rendered unconstitutional.

Concerning counts one and two, manufacturing a firearm to sell for profit was not regulated conduct at the time of the ratification of the Second Amendment. To criminalize that conduct as a necessary means to protect the public runs afoul of the text of the Second Amendment, is not supported by historical analysis concerning the time of the ratification and is now the waste product of the abandoned means-end testing concerning the right to bear arms.

2

A. <u>Legal Standard</u>

As stated above, the *Bruen* court rejected the two-step means-end scrutiny test and adopted a new two-step, burden-shifting approach that is concerned only with "text and history." *Bruen*, 597 U.S. at 10. At step one, courts ask whether "the Second Amendment's plain text covers an individual's conduct." If it does, then "the Constitution presumptively protects that conduct." *Id*. at 14-15. At step two, the burden shifts to the government to "justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." *Id*. at 15.

In meeting its burden, the government must show that in 1791, when the Second Amendment was enacted, there was a robust tradition of regulations that are "relevantly similar" to the challenged statute. Courts may look to "historical precedent from before, during, and even after the founding" to determine whether a particular category of firearm regulation was understood to be permissible when the Second Amendment was ratified. But the farther back or forward you go from 1791, the less relevant that precedent becomes, especially if it "contradicts" evidence from the period immediately surrounding 1791. As set forth in *Bruen*, "not all history is created equal[,] '[c]onstitutional rights are enshrined with the scope they were understood to have *when the people adopted them*.'" *Id*. at 25; citing *District of Columbia v. Heller*, 554 U.S. 570, 634-635 (2008) (emphasis in original). If "multiple plausible interpretations" of a particular historical source are presented to the court, the court must "favor the one that is more consistent with the Second Amendment's commandment." *Bruen*, 597 U.S. at 35, fn. 11.

B. <u>Count Three</u>

With respect to Mr. Schlotterbeck and count three, the indictment alleges an unconstitutional criminal regulation of Mr. Schlotterbeck's conduct. In full recognition of *Bruen's* command that the government must bear the burden of proving that this regulation does not run afoul of the Second Amendment, under the new analysis, attached as an exhibit, is then Judge now Justice Amy Comey Barrett's dissenting

3

1 opinion in the case of *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019). In that case, then
2 Judge Barrett meticulously analyzes the history of regulating a felon's right to possess a
3 firearm. Justice Barrett concludes in her dissent that the felon in possession charge set
4 forth in 922(g)(1) violates the Second Amendment. The majority opinion upholding the
5 constitutionality of the transcendent definition of felons in 922(g) has been abrogated
6 by the *Bruen* decision.
7       Benefiting from Justice Barrett's detailed analysis, the government will not be
8 able to meet its burden of proof and production. The statute in count three on its face
9 fails the textual and historical analysis, and as applied to Mr. Schlotterbeck,
10 criminalizes an otherwise constitutional transaction. There was no indication that the
11 felon reference in the indictment was dangerous or "a threat to the public safety."
12 *Kanter*, 919 F.3d at 458 (Barrett, J., dissenting.) On its face and as applied, the
13 allegation in count three violates the Second Amendment and must be dismissed.
14       C. <u>Counts One and Two</u>
15       With respect to counts one and two, the indictment alleges an unconstitutional
16 criminal regulation of both Mr. Schlotterbeck's and Mr. Vlha's conduct. Like count
17 three, the government will not be able to meets its burden of proving that this
18 regulation—unlicensed manufacturing of firearms for profit—does not run afoul of the
19 Second Amendment.
20       At the time of the ratification of the Second Amendment, regulations on the
21 manufacturing of firearms among the states were almost non-existent. *See* Exhibit B.
22 There were no federal laws or regulations restricting the manufacturing of firearms
23 until 1934, nearly 150-years after the ratification of the Second Amendment. This
24 regulation, the National Firearms Act of 1934, however, only applied to automatic
25 firearms and did not impose a licensing requirement on the manufacture, sale and
26
27
28

transfer, rather it merely imposed a federal tax. *See* Exhibit C. The Federal Firearms Act of 1938 was the first federal regulation imposing a license requirement on firearm manufacturers.[1] *Id*.

As such, the statutes in counts one and two on their faces fail the textual and historical analysis and as applied to Mr. Schlotterbeck and Mr. Vlha, criminalize otherwise constitutionally protected conduct. On their faces and as applied, the allegations in counts one and two violate the Second Amendment and must be dismissed.[2]

## CONCLUSION

For the foregoing reasons, Mr. Schlotterbeck and Mr. Vlha request that this Court dismiss the indictment against both defendants. In the alternative, defendants request that this court stay the proceedings pending further development in the law.

Respectfully submitted,

DATED: July 1, 2022            By  /s/ Edward M. Robinson
                                   Edward M. Robinson
                                   Brian A. Robinson
                                   Attorney for Defendant
                                   *Travis Schlotterbeck*

                               By /s/ Jerome J Haig
                                   Jerome J Haig
                                   Attorney for Defendant
                                   *James Bradley Vlha*

---

[1] As stated in the *Bruen* opinion, "not all history is created equal." *Bruen*, 597 U.S. at 25. The historical analysis must focus on the time period of the ratification of the Second Amendment.

[2] While Justice Kavanaugh's concurrence argues that this new interpretation does not affect licensing regulations, for obvious reasons this position was not adopted in the majority opinion and is thus not the law of the land.

5