TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorney
Environmental and Community Safety Crimes Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture Section
1300/1400 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-3819/2426
Facsimile: (213) 894-0141/0142
E-mail: Brian.Faerstein@usdoj.gov
Daniel.Boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS SCHLOTTERBECK and JAMES BRADLEY VLHA,<br><br>Defendants. | No. CR 19-00343-GW<br><br><u>AMENDED DISPUTED SUPPLEMENTAL PROPOSED JURY INSTRUCTION</u><br><br>Trial Date: July 22, 2022<br>Trial Time: 8:30 a.m.<br>Location: Courtroom of the Hon. George H. Wu |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Brian R. Faerstein and Dan G. Boyle, defendant TRAVIS SCHLOTTERBECK, by and through his counsel of record Edward Robinson, and defendant JAMES BRADLEY VLHA, by and through his counsel of record Jerome J. Haig, hereby submit an Amended Disputed Supplemental Proposed Jury Instruction in the above-captioned case.

Specifically, the amended proposed jury instruction set forth herein amends the parties' Disputed Supplemental Proposed Jury Instruction filed on June 14, 2022 (Dkt. No. 125) pertaining to an instruction for willfully causing an act under 18 U.S.C. § 2(b). The amended version revises the proposed jury instruction, which is based on the Ninth Circuit's Model Criminal Jury Instructions, to apply not only to Count Three of the indictment but also to Count Two as well, for the reasons described in the government's position set forth herein.

Defendants separately filed an objection to the proposed jury instruction set forth herein (Dkt. No. 138), on the constitutional grounds set forth in Defendants' Joint Motion to Dismiss the Indictment filed on July 1, 2022 (Dkt. No. 136). For ease of the Court's review, defendants' objection on that ground is incorporated into this joint filing as well.

//

//

//

The parties respectfully reserve the right to supplement these jury instructions as needed.

Dated: July 1, 2022

Respectfully submitted,

TRACY L. WILKISON
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney

*/s/ Brian Faerstein*
BRIAN R. FAERSTEIN
DAN G. BOYLE
Assistant United States Attorneys
Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: July 1, 2022

*/s/ with email authorization*
EDWARD ROBINSON
Attorney for Defendant
TRAVIS SCHLOTTERBECK

Dated: July 1, 2022

*/s/ with email authorization*
JEROME J. HAIG
Attorney for Defendant
JAMES BRADLEY VLHA

**INDEX OF AMENDED DISPUTED SUPPLEMENTAL PROPOSED JURY INSTRUCTION**


| No. | Title | Source | Page |
|---|---|---|---|
| **Instructions at the End of Case** | | | |
| 2 | Aiding and Abetting (18 U.S.C. § 2(b)) | Ninth Circuit Model Criminal Jury Instructions, No. 4.2 | 1 |

**COURT'S INSTRUCTION NO. _____**

**GOVERNMENT'S AMENDED PROPOSED DISPUTED INSTRUCTION NO. 2**

(If Applicable)

With respect to Counts Two and Three, a defendant may be found guilty of the crime charged even if the defendant did not personally commit the act constituting the crime if the defendant willfully caused an act to be done that if directly performed by him would be an offense against the United States. A defendant who puts in motion or causes the commission of an indispensable element of the offense may be found guilty as if he had committed this element himself.

Ninth Circuit Criminal Model Jury Instructions, No. 4.2 [Aiding and Abetting (18 U.S.C. § 2(b))] (modified to reflect facts of the case)

**GOVERNMENT'S POSITION RE: DISPUTED INSTRUCTION NO. 2:**

The government proposes the Ninth Circuit's Criminal Model Jury Instruction for the willful causation theory of responsibility set forth in 18 U.S.C. § 2(b), as applied to Count Two against defendants Travis Schlotterbeck and James Bradley Vlha and Count Three against defendant Schlotterbeck only.[1]

With respect to Count Two, defendants are charged with engaging in the business of manufacturing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A). The government will present evidence proving, among other things, that defendants and co-conspirator Ping-Yi "Jesse" Kwan worked together to manufacture for sale multiple completed AR-15-type firearms. Defendants and co-conspirator Kwan took custom orders for AR-15-type firearms (both rifles and pistols), obtained the firearm parts, arranged for certain parts (specifically, unfinished lower receivers) to be drilled for use, and assembled and finished the AR-15-type firearms for sale.

Defendants moved to dismiss the indictment, raising, among other things, an as-applied challenge to the definition of "manufacturing" as used in the definition of "engaged in the business" as applied to a manufacturer of firearms, under 18 U.S.C. § 921(a)(21)(A). (See Dkt. No. 113.) Defendants asserted that they

---

[1] In the parties' initial Disputed Supplemental Proposed Jury Instruction (Dkt. No. 125), the government proposed the willful causation instruction as to Count Three. However, the government also reserved the right to seek to apply the instruction to Count Two as well, in light of issues then being litigated regarding defendants' first motion to dismiss in this case, which has since been fully briefed and decided by the Court. (See Dkt. No. 125 4 n.1.)

were merely assembling AR-15-type firearms, and that the definition of "manufacturing" did not clearly encompass assembly as opposed to making something "from raw materials by hand or by machinery." (Id. at 7-8.) The Court denied defendants' motion (Dkt. Nos. 128, 130), but defendants have indicated that they intend to continue to assert their position at trial and, in the event of convictions, on appeal, that more than assembly of the AR-15-type firearms is required. As set forth in its opposition to defendants' motion to dismiss, the government maintains that assembly of the firearms alone is sufficient for proving engaging in the business of manufacturing firearms without a license. (See Dkt. No. 120 at 16-18.)

But, as further explained in its opposition, the government's evidence will further demonstrate that defendants and co-conspirator Kwan also arranged to machine certain components of the completed firearms as part of their business to manufacture completed firearms for sale. For the first two firearm transactions alleged in the indictment, defendants and co-conspirator Kwan willfully caused the customer (first, an ATF confidential informant, and second, an ATF undercover agent) to participate in the machining of a lower receiver by providing the unfinished lower receiver to the customer, escorting the customer into a third-party machine shop, and paying for the lower receiver to be machined. The evidence will show that this initial step in the first two transactions, while willfully caused by defendants, was merely a charade. For the next four transactions, once the customers were in defendants' circle of trust, defendants and co-conspirator Kwan willfully caused the lower receivers to be machined without any trace of customer involvement,

arranging and paying for the lower receivers to be machined by a third party. Other evidence, including from defendant Schlotterbeck's cell phone, will demonstrate that defendants similarly arranged for lower receivers to be milled out for other customers to whom they agreed to manufacture completed AR-15-type firearms. This conduct of arranging for lower receivers to be drilled for use also is alleged in the indictment. (See, e.g., Dkt. No. 1 at 3.)

Thus, defendants' conduct of willfully causing this machining step (in addition to other steps they directly conducted) as part of manufacturing completed firearms for sale is directly relevant to the jury's consideration of Count Two. Given defendants' theory of defense and the government's charges and evidence, the 18 U.S.C. § 2(b) model instruction for willfully causing an act to be done is appropriate as to Count Two.

With respect to Count Three, defendant Schlotterbeck is charged with knowingly selling an AR-15-type firearm to an ATF confidential informant ("CI") with knowledge or reasonable cause to believe that the CI had been convicted of a felony crime, in violation of 18 U.S.C. § 922(d)(1). Count Three alleges this sale took place "[o]n or about September 23, 2015."

As the evidence will reflect at trial, the alleged sale transaction that culminated on September 23, 2015, was negotiated through a series of recorded meetings, calls and text messages between defendant Schlotterbeck and the CI starting on July 7, 2015. Among other things, although defendant Schlotterbeck negotiated the specifications of the CI's custom-order for an AR-15-type firearm,

took the order from the CI, and accepted payment for the first half of the purchase price of $2,000 on August 27, 2015, defendant Schlotterbeck was not present when the CI picked up the firearm from defendant Vlha and co-conspirator Kwan and paid the remaining balance on September 23, 2015. The evidence will further reflect, however, that defendant Schlotterbeck willfully caused the firearm to be finished and the final sale to be consummated on September 23, 2015, through and with the aid of his co-conspirators, even though he was not present that day.

The government anticipates that defendant Schlotterbeck may argue at trial that he cannot be held accountable for the sale of the firearm because he was not present on September 23, 2015; that the actual sale involved other activities that took place before September 23, 2015; and/or that he did not sell a firearm to the CI but rather just firearm parts because the CI took part in a charade (at defendant Schlotterbeck's direction) where the CI pressed a button at a third-party machine shop to initiate the process of milling out the lower receiver during this first charged transaction in the indictment (a theory the government more generally disputes as reflected in its other briefing in this case). In all cases, should defendant Schlotterbeck expressly make any of these arguments or the jury potentially consider them implicitly as a result of other arguments the defense makes, the evidence will support the willful causation instruction for assessing defendant Schlotterbeck's guilt in Count Three for causing the sale of the firearm. The government thus should be permitted to argue that defendant Schlotterbeck "put[] in motion or cause[d] the commission

of an indispensable element of the offense" as "if he had committed this element himself."

In the indictment, Counts Two and Three do not expressly include an 18 U.S.C. § 2(b) allegation. However, the Ninth Circuit has consistently held that, "[w]hether specified or not, § 2(b) is considered embodied in every federal indictment." United States v. Michaels, 796 F.2d 1112, 1118 (9th Cir. 1986) (emphasis in original); see also United States v. Gaskins, 849 F.2d 454, 459 (9th Cir. 1988). Both aiding and abetting under 2(a) and causing the commission of a crime under 2(b) are 'implied' in federal indictments, "whether or not they have been specifically charged." United States v. Armstrong, 909 F.2d 1238, 1241-42 (9th Cir. 1990). The 18 U.S.C. § 2 theories are means of committing crimes and therefore need not be charged or found in special verdict forms. See United States v. Garcia, 400 F.3d 816, 820 (9th Cir. 2005). Because they are means, there is no possibility of constructive amendment of the indictment through arguments premised on a section 2 theory. See Armstrong, 909 F.2d at 1243.

In addition, even though Count Two expressly alleges a section 2(a) aiding and abetting theory without similarly specifying a section 2(b) willful causation theory, the "specific referral" of one section 2 theory does not "preclude the implication" of the other. Armstrong, 909 F.2d at 1242. Indeed, in Armstrong, the government initially included an express reference to a section 2(a) aiding and abetting theory in the indictment, later removing and replacing it with a section 2(b) theory in a superseding indictment. Id. at 1240. The court held that the government could submit both

section 2 theories to the jury, concluding that "[i]f both subsections are implied in every indictment, specifically mentioning one does not mean that the other cannot be implied." Id. at 1242. Such was the case in Armstrong even where the government had initially expressly alleged the section 2(a) theory but removed it from the superseding charging document.

In sum, the government's proposed section 2(b) willfully causing an act instruction is appropriate as a legal matter as well as in light of the charges and facts at issue in this case with respect to both Counts Two and Three.[2]

[2] Separately, the parties have previously stipulated to the applicability of a section 2(a) aiding and abetting instruction as it applies to Count Two. (See Dkt. No. 85 (Joint Proposed Jury Instructions) at 53.)

**DEFENDANTS' RESPONSE RE: DISPUTED INSTRUCTION NO. 2:**

Mr. Schlotterbeck and Mr. Vlha do not object to the language of this instruction.

At this point, they do not consent to it being given until and unless it is applicable to the facts presented at trial.

In addition, Mr. Schlotterbeck and Mr. Vlha object to this instruction on the constitutional grounds set forth in the DEFENDANTS' JOINT MOTION TO DISMISS THE INDICTMENT PER FED. R. CRIM. P. 12(b)(3)(A). Doc. 136.