1  STEPHANIE S. CHRISTENSEN
   Acting United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
4  Assistant United States Attorney
   Environmental and Community Safety Crimes Section
5  DAN G. BOYLE (Cal. Bar No. 332518)
   Assistant United States Attorney
6  Asset Forfeiture Section
          1300/1400 United States Courthouse
7         312 North Spring Street
          Los Angeles, California 90012
8         Telephone: (213) 894-3819/2426
          Facsimile: (213) 894-0141/0142
9         E-mail:    Brian.Faerstein@usdoj.gov
                     Daniel.Boyle2@usdoj.gov
10
   Attorneys for Plaintiff
11 UNITED STATES OF AMERICA

12              UNITED STATES DISTRICT COURT

13          FOR THE CENTRAL DISTRICT OF CALIFORNIA

14 UNITED STATES OF AMERICA,          No. CR 19-00343-GW

15          Plaintiff,               JOINT SUPPLEMENTAL POSITIONS RE
                                     DEFENSE PROPOSED EXPERT
16          v.
                                     Trial Date: July 22, 2022
17 TRAVIS SCHLOTTERBECK and          Trial Time: 8:30 a.m.
   JAMES BRADLEY VLHA,               Location:   Courtroom of the
18                                               Hon. George H. Wu
            Defendants.
19

20

21      Plaintiff United States of America, by and through its counsel

22 of record, the United States Attorney for the Central District of

23 California and Assistant United States Attorneys Brian R. Faerstein

24 and Dan G. Boyle, defendant TRAVIS SCHLOTTERBECK, by and through his

25 counsel of record Edward Robinson, and defendant JAMES BRADLEY VLHA,

26 by and through his counsel of record Jerome J. Haig, hereby submit

27

28

                                  1

this Joint Statement of the Parties' Positions regarding the proposed testimony of proposed defense expert Steven Lieberman.

Dated: July 7, 2022                    Respectfully submitted,

                                       STEPHANIE S. CHRISTENSEN
                                       Acting United States Attorney

                                       SCOTT M. GARRINGER
                                       Assistant United States Attorney


                                       /s/ *Dan Boyle*
                                       BRIAN R. FAERSTEIN
                                       DAN G. BOYLE
                                       Assistant United States Attorneys
                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA


Dated: July 7, 2022                    /s/[1]
                                       EDWARD ROBINSON
                                       Attorney for Defendant
                                       TRAVIS SCHLOTTERBECK


Dated: July 7, 2022                    /s/
                                       JEROME J. HAIG
                                       Attorney for Defendant
                                       JAMES BRADLEY VLHA

---

[1] Pursuant to C.D. Cal. LR 5-4.3.4(a)(2)(ii), AUSA Dan G. Boyle attests that all other signatories listed, and on whose behalf the filing is submitted, concur in this filing's content, and have authorized this filing.

**DEFENDANTS' POSITION RE: PROPOSED EXPERT STEVEN D. LIEBERMAN**

Pursuant to the Court's request, Mr. Schlotterbeck and Mr. Vlha submit this position in support of the admission of Steven D. Lieberman, esq. expert testimony.

In the PARTIES JOINT SUBMISSION REGARDING EXPERT DISCLOSURE, (Doc. 132) at page 7, six areas of Mr. Lieberman's expert testimony are set out.  As discussed at the hearing on June 28, 2022, these areas of expert testimony are relevant to the '80%' belief that the local gun community had with respect to legal assembling of AR-15-type firearms.  The two-part assembling where the purchaser of the un-milled lower receiver is responsible for the 'milling' of that lower receiver, created the belief amongst the gun community that the then further assembly of the weapon was not illegal.

Mr. Schlotterbeck in his SUPPLEMENTAL OPPOSITION TO GOVERNMENT'S *MOTION IN LIMINE* TO ADMIT DEFENDANT'S STATEMENTS, Doc. 129, offers excerpts of his June 21, 2021, interview with the ATF to "cure the misleading nature of the government's excerpts relating to Mr. Schlotterbeck's general knowledge of firearm licensing requirements." (Doc. 129 p. 2-6).  In this requested excerpt, Mr. Schlotterbeck explains to the interviewing ATF expert that he felt he was following the law by engaging in what has been described throughout this litigation as the '80%' assembling of the weapon.

Mr. Schlotterbeck and Mr. Vlha's defense is that the government cannot prove beyond a reasonable doubt that they acted willfully. Mr. Schlotterbeck's statements to the interviewing ATF agent go directly to his lack of willfulness.  Counsel for Mr. Schlotterbeck and Vlha are fully aware of the prohibition set forth in FRE 704(b)

1

1    and will not ask Mr. Lieberman to opine on whether he believes the
2    defendant's had a willful state of mind.

3        Corroboration of the foundation of Mr. Schlotterbeck's belief
4    that he was following the law based on the gun community's general
5    understanding of what the '80%' assembling of the milled out lower
6    receiver by a third party and the subsequent assembling is relevant
7    and the proper type of expert testimony per FRE 702.

8        This expert testimony on the predicate '80%' understanding of
9    the gun community does not deprive the jury of its decision on
10   whether the defendants acted willfully.  To exclude this predicate
11   testimony based on too strict a reading of FRE 704(b) would, "not
12   only…exclude an expert's opinion as to whether a defendant did or
13   did not have the requisite mental state, [it] would also exclude an
14   expert's opinion on any matter from which the factfinder might infer
15   a defendant's mental state." *United States v. Morales*, 108 F.3d
16   1031, 1037 (9th Cir. 1997).

17       It is expected that the government's expert is able to testify
18   to this '80%' belief in the gun community.  Certainly, if that
19   belief was such that the ATF had internal discussions and gave
20   notices that address this concern, it is reasonable to conclude that
21   the ATF's understanding and response is the type of foundational
22   predicate that Mr. Lieberman can testify to.  The jury could then
23   properly "infer" from this that the government has failed to prove
24   willfulness beyond a reasonable doubt.

25       For these reasons Mr. Schlotterbeck and Mr. Vlha ask that Mr.
26   Lieberman be allowed to testify to this area as an expert.

27

28

**GOVERNMENT'S RESPONSE RE: PROPOSED EXPERT STEVEN D. LIEBERMAN**

The Government maintains its objections to Mr. Lieberman's proposed expert testimony, and, for the sake of brevity, incorporates its prior objections on the issue (see ECF Nos. 82, 117, 132), and responds here only to defendants' most recent submission.

*First*, in their fourth iteration of Mr. Lieberman's proposed testimony, defendants continue to offer only vague suggestions as to what exactly Mr. Lieberman will testify to. Despite the Court's request for additional clarity at the most recent pre-trial conference, all defendants now offer is a reference to their prior submissions and a general statement that Mr. Lieberman will testify as to "the '80%' belief that the local gun community had with respect to legal assembling of AR-15-type firearms." The Court has repeatedly expressed skepticism about the possible relevance of Mr. Lieberman's proposed testimony, and defendants' latest submission does little to clarify this ambiguity. Pursuant to Federal Criminal Rule 16(b)(1)(C), defendants must provide "a written summary of any testimony that the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial." Defendants continue to fail to meet this modest standard: defendant's newest submission does not explain, *inter alia*, (1) exactly what "the '80%' belief" is, (2) who constitutes the "local gun community," (3) what basis this community had for purportedly holding this belief, (4) what this community purportedly believed

constituted "legal assembling," and (5) what, if any, "facts or data" support these conclusions. See Fed.R.Evid. 703, 705.[2]

*Second*, assuming that Mr. Lieberman's testimony would be focused on the understanding of the "local gun community" as to the legality of certain AR-15 manufacturing techniques, this testimony lacks foundation and is irrelevant under Fed.R.Evid. 401. The "local gun community" is not on trial in this case, and allowing an expert to opine on the mental state of an amorphous and undefined community does not tend to prove any element in dispute here. Defendants suggest that Mr. Lieberman's testimony would "corroborat[e]" their purported beliefs, and thus disprove the element of willfulness, but before Mr. Lieberman could corroborate anything, there would need to be some foundational evidence that defendants subscribed to "the '80%' belief" which Mr. Lieberman proposes to testify about. Defendants assume that they will be permitted to offer defendant Schlotterbeck's self-serving statements pursuant to the Rule of Completeness in order to lay a foundation for Mr. Lieberman to corroborate (see ECF No. 107), but the Court has not ruled on this request. Even if the Court were to find that the Rule of Completeness applies here, such "completing" statements would only be admissible if the government actually chooses to offer defendant Schlotterbeck's related statement.[3] Put another way, the government

---

[2] While an expert is not ordinarily required to disclose all underlying facts and data absent a Court order, the government submits that the Court's multiple previous orders requiring further disclosures as to Mr. Lieberman's proposed testimony justify such disclosure here.

[3] In their Court-ordered supplement regarding this issue, defendants identified only one of the government's proposed statements which required clarification on the issue of firearm

4

is under no obligation to offer defendant Schlotterbeck's purportedly-incomplete statement at trial, and if the government does not do so, then there is nothing for Mr. Schlotterbeck to complete, and thus, there would be no foundation for Mr. Lieberman's testimony. Even more problematically, the government has not offered *any statements* from defendant Vlha, so there is simply no basis for defendant Vlha to "corroborate" any personal belief he might have through Mr. Lieberman's testimony. Absent some foundational showing, Mr. Lieberman's testimony about the opinions of the gun community generally – however the same might be defined – is simply untethered to the facts at issue here.

*Third*, Mr. Lieberman's proposed testimony continues to threaten to violate Fed.R.Evid. 704(b) ("In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone."). Defendants appear to be seeking to skirt Rule 704(b)'s prohibition on ultimate issue testimony by offering Mr. Lieberman to opine on the beliefs of the "local gun community," and then argue that defendants shared this belief. But this is simply ultimate issue testimony snuck in through the back door.[4] As

licensing: Exhibit C to government's MIL #1. See ECF No. 109, at 1 (categorizing government's proposed statements into three groups), at 2-3 ("Mr. Schlotterbeck's statements offered to cure the misleading nature of the government's excerpts relating to Mr. Schlotterbeck's general knowledge of firearm licensing requirements").

[4] Defendants' cited authority, United States v. Morales, 108 F.3d 1031, 1037 (9th Cir. 1997), does not hold otherwise. In Morales, a defendant charged with false recordkeeping wanted to offer expert testimony "as to a predicate matter—that Morales had a

the Ninth Circuit held in <u>United States v. Campos</u>, "a prohibited opinion or inference under Rule 704(b) is testimony from which it necessarily follows, if the testimony is credited, that the defendant did or did not possess the requisite *mens rea*." 217 F.3d 707, 711 (9th Cir. 2000) (cleaned up); <u>see also</u> <u>United States v. Finley</u>, 301 F.3d 1000, 1014-15 (9th Cir. 2002) ("Expert testimony that compels the jury to conclude that the defendant did or did not possess the requisite mens rea does not 'assist the trier of fact' under Rule 702 because such testimony encroaches on the jury's vital and exclusive function to make credibility determinations."). There is no meaningful distinction between Mr. Lieberman testifying as to the defendants' mental state, and his testifying to the mental state of the "local gun community," and then asking the jury to infer this mental state applies to defendants as part of that community.

*Fourth and finally*, Mr. Lieberman's proposed testimony is likely to be confusing to the jury, and when balanced against the minimal (if any) probative value, should be excluded pursuant to Rule 403. It remains unclear how Mr. Lieberman's testimony as to the beliefs of the local gun community about self-made "80%" firearms would be relevant here, where the evidence will show that only two of the six firearms defendants are alleged to have manufactured and

---

weak grasp of bookkeeping principles." <u>Id</u>. The Circuit held such testimony did not violate Rule 704(b), as "the jury would still have had to draw its own inference from that predicate testimony to answer the ultimate factual question." <u>Id</u>. Unlike in <u>Morales</u>, Mr. Lieberman would not be testifying to a predicate fact that the jury might base an inference on (for example, defendants' knowledge of firearm manufacturing laws), rather, Mr. Lieberman would testify as to uncharged third-parties' purported beliefs, then ask the jury to infer that defendants' shared that mental state. The beliefs of third parties, however, are not a predicate fact which supports any inference as to defendants here.

sold even arguably involved (token) participation by the buyer in the machining of lower receivers at the initial step of the manufacturing process.[5] As the government explained at length in its response to the defendants' motion to dismiss on vagueness grounds, this case is about the manufacture and sale of completed firearms – not lower receivers. <u>See</u> ECF No. 120, at 9-13. Expert testimony about the gun community's purported belief as to the laws surrounding manufacturing of '80%' AR-15 lower receivers is likely to mislead and confuse jurors, while wasting the Court and jury's time on an issue which has no conceivable bearing on the majority of the weapons defendants are alleged to have manufactured.

---

[5] The government also expects to present additional evidence at trial of defendants' manufacturing for sale AR-15-type firearms beyond the six transactions involving those customers working with or on behalf of ATF.