**EDWARD M. ROBINSON (CA Bar 126244)**
21515 Hawthorne Blvd, Suite 730
Torrance, CA 90503
Office: (310) 316-9333
Facsimile: (310) 316-6442
eroblaw@gmail.com

Attorneys for Defendant
*Travis Schlotterbeck*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TRAVIS SCHLOTTERBECK,<br><br>Defendant. | Case No. 19-cr-00343-GW-1<br><br>**DEFENDANT TRAVIS SCHLOTTERBECK'S REPLY RE. GOVERNMENT'S SENTENCING MEMORANDUM**<br><br>Hearing Date: November 17, 2022<br>Hearing Time: 8:00 AM<br>Location: Courtroom of the Hon. George H. Wu |

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................1

ARGUMENT .....................................................................................................................1

    I.    The Government's Arguments Regarding the Dangerous Nature of Firearms....1

    II.   Unwarranted Sentencing Disparity........................................................................4

CONCLUSION...................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**

*Kimbrough v. United States*,
    552 U.S. 85 (2007) ................................................................................................ 3

*New York State Rifle & Pistol Assoc. Inc. v. Bruen*,
    142 S.Ct. 2111 (2022) ............................................................................................ 1

*Rita v. United States*,
    551 U.S. 338 (2007) ............................................................................................... 3

*Tapia v. United States*,
    564 U.S. 319 (2011) ............................................................................................... 3

*United States v. Booker*,
    543 U.S. 220 (2005) ........................................................................................... 1, 3

*United States v. Pepper*,
    562 U.S. 476 (2011) ............................................................................................... 3

**Statutes**

18 U.S.C. § 3553 ....................................................................................................... 1

# INTRODUCTION

Mr. Schlotterbeck and counsel do not in any way through this response suggest that firearms are not responsible for the mass killings in this country. That goes without saying. The government's position paper is, in many ways, an excellent screed against the current nature and shortcomings of the United States firearm laws and regulations. For instance, the assault weapons ban expired in 2004, Congress will not allow the CDC to research firearms deaths and their causes, and it was not until most recently, long after Mr. Schlottterbeck's offense conduct, that Congress engaged in any form of firearms regulation, which this Supreme Court may have undone with the *New York State Rifle & Pistol Assoc. Inc. v. Bruen*, 142 S.Ct. 2111 (2022) case.

However, in focusing extensively on the horrors of gun violence, the government ignores the mandate of 18 U.S.C. § 3553(a), as well as *United States v. Booker*, 543 U.S. 220 (2005) and its progeny, that a sentence be individually tailored to who a defendant is and the nature and circumstances of that individual defendant's offense. The government's position attempts to paint an honorably discharged combat veteran, who has served in combat, who is decorated for that service and suffers from PTSD as a result of that service, as ultimately responsible for the gun violence epidemic in this country. The government also ignores that a 37-month sentence would be grossly disproportionate to others whose conduct was more egregious, for whom this United States Attorney's Office granted extraordinary leniency.

Thus, for these reasons, and those set forth below, Mr. Schlotterbeck respectfully requests that this Court consider who he is as a person, and abide by the mandate of section 3553(a), and sentence him to a term of time served.

# ARGUMENT

## I. The Government's Arguments Regarding the Dangerous Nature of Firearms

Mr. Schlotterbeck pled guilty to manufacturing firearms without a license and to selling a firearm to a cooperating codefendant who claimed to be a prohibited person.

In that sale, the cooperator tugged on Mr. Schlotterbeck's military heartstrings, claiming to be a veteran himself. Mr. Schlotterbeck has accepted responsibility for his conduct, and he understands the gravity of it. Mr. Schlotterbeck has explained how his military service and his PTSD "fogged" his judgment as he grasped for a sense of normalcy while attempting to readjust to civilian life. (Doc. 166, Exhibit A.) Mr. Schlotterbeck has done everything possible to rectify the situation. His unique personal history and characteristics, along with the fact that it is clear that "respect for the law and recidivism are unlikely concerns for this defendant[]" must be taken into account when determining a sentence that is sufficient but not greater than necessary. (Doc. 160 at 6.) The government's request of 37-months utterly fails to do so.

  With respect to the manufacturing count and the nature and circumstances of the offense, in light of the government's position paper addressing the extraordinary danger of firearms (Doc. 168 at 14-16), it must be noted that (1) ghost guns are legal, (2) AR-15s are legal, and (3) making your own firearms is legal and does not require an FFL or background check. What made Mr. Schlotterbeck's conduct unlawful, unlike this other conduct, was the exchange of money to assemble firearms and his efforts to make a profit. Mr. Schlotterbeck understands the gravity of his conduct and accepts responsibility for it. But the government's arguments regarding the danger of firearms and the proliferation of unregulated ghost guns on our streets applies with equal force to all of this *legal* conduct.

  Moreover, the list of mass shootings in the government's memorandum includes predominantly firearms that were purchased *legally*. (Doc. 168 at 15.) In fact, only three shootings on the government's list include shooters who did not legally purchase the firearms used. The following mass shootings highlighted by the government involved firearms legally purchased by the shooter: May 24, 2022 Uvalde Shooting; May 14, 2022 Buffalo Shooting; March 22, 2021 Boulder Shooting; August 4, 2019 Dayton Shooting; October 27, 2018 Tree of Life Shooting; February 14, 2018 Marjory Stoneman Shooting; October 1, 2017 Las Vegas Shooting; June 12, 2016 Pulse

nightclub Shooting; December 2, 2015 San Bernardino Shooting; July 20, 2012 Aurora Shooting. *See* https://apnews.com/article/uvalde-school-shooting-buffalo-supermarket-texas-d1415e5a50eb85a50d5464970a225b2d . The December 14, 2012 Sandy Hook Shooting involved a firearm legally purchased by the shooter's mother. The August 31, 2019 Midland shooting occurred because of a private party sale in which the seller followed the law – the purchase violated it unbeknownst to the seller. Finally, the November 5, 2017 Sutherland Springs Shooting involved firearms purchased through licensed firearms dealers, made possible through a failure by the Air Force to report. *Id*. Not one of these shootings involved the unlawful sale or manufacturing of a firearm.[1]

This list and argument by the government is a devastating indictment on the unregulated nature of the United States' firearms laws. With respect to Mr. Schlotterbeck, however, it is merely a distraction from the Court's obligation to impose an individualized sentence, as guaranteed by *Booker*, 543 U.S. 220, *Kimbrough v. United States*, 552 U.S. 85, 90 (2007), *Tapia v. United States*, 564 U.S. 319, 325 (2011), *Rita v. United States*, 551 U.S. 338 (2007), and other Supreme Court cases. It also ignores the Supreme Court's holding that "a court's duty is always to sentence the defendant as he stands before the court on the day of sentencing." *United States v. Pepper*, 562 U.S. 476, 492 (2011). It ignores Mr. Schlotterbeck's service, the way in which his PTSD led him down a dark path, and the fact that Mr. Schlotterbeck has worked hard to address his PTSD, move beyond those dark choices and rebuild his life.

Moreover, the government includes menacing photographs in its exhibits to its sentencing memorandum. With the exception of a fully milled lower receiver, the photographs included involve material and firearm components that are unregulated, and therefore can be purchased without an identification or background check. Again, these arguments serve to distract from the mandate that this Court impose an

---

[1] The government abandoned the theory that Mr. Schlotterbeck unlawfully dealt in firearms.

3

individualized sentence that is "minimally sufficient" to account for who a defendant actually is.

## II. Unwarranted Sentencing Disparity

In its sentencing memorandum, the government only addresses a sentencing disparity between Mr. Schlotterbeck and Mr. Vhla. It ignores other similarly situated defendants for whom this office has shown extraordinary lenience. It also ignores the leniency Courts have shown other, more culpable defendants involved in federal firearms crimes.

As noted in Mr. Schlotterbeck's sentencing memorandum, in the case *United States v. Roh*, the government proved beyond a reasonable doubt at trial that defendant Roh willfully sold hundreds of completed firearms, including AR-15s, without a license. (*See* 21-cr-00243 at Doc. 113-2, p.22.) Included in its proof at trial was evidence that defendant Roh had been repeatedly placed on notice that his conduct was unlawful, yet he persisted. Despite this proof beyond a reasonable doubt, the government – post trial – offered defendant Roh a diversion agreement.

Every argument the government makes against Mr. Schlotterbeck regarding the extraordinarily dangerous nature of firearms applies with equal or greater force to defendant Roh's conduct.[2] Defendant Roh engaged in his unlawful conduct in the midst of this devastating gun epidemic, defendant Roh sold AR-15 assault rifles to strangers, and defendant Roh was repeatedly placed on notice that ATF considered his conduct unlawful. (*See* 21-cr-00243 at Doc. 113-2.) Unlike Mr. Schlotterbeck, defendant Roh did not accept responsibility for his conduct until after a judge found that the government had proven his guilt beyond a reasonable doubt, yet defendant Roh now finds himself without a criminal conviction, let alone custody time. Given this backdrop, the government's complaint now that "[t]he USPO's recommendation of a

---

[2] Eight of the mass shootings highlighted in the government's position paper regarding Mr. Schottterbeck had occurred before the government agreed to diversion for defendant Roh.

4

nine-month downward variance (to 24 months in custody) sends the wrong message" is ironic. (*See* Doc. 168 at 17.)

Mr. Schlotterbeck's two felony convictions and time on supervised release is a significant punishment in comparison to this similarly situated defendant. There can be no sincere justification for the extremely lenient nature of the government's agreement in Roh and the government's request for a 37-month sentence here. That the government makes no effort to distinguish these two cases highlights the point.³

## CONCLUSION

For the reasons set forth above, as well as those set forth in Mr. Schlotterbeck's sentencing memorandum, counsel for Mr. Schlotterbeck respectfully requests that this Court sentence Mr. Schlotterbeck to a term of time served followed by a term of one-year supervised release.

Respectfully submitted,

DATED: November 11, 2022       By   */s/ Edward M. Robinson*
                                    Edward M. Robinson

                                    Attorneys for Defendant
                                    *Travis Schlotterbeck*

---

³ A sentence of 15-month – the recommended sentence for defendant Vhla – remains an unwarranted disparity given the significance of defendant's Roh's conduct.

5