

```
 1                    UNITED STATES DISTRICT COURT

 2          CENTRAL DISTRICT OF CALIFORNIA - CENTRAL DIVISION

 3             HONORABLE GEORGE H. WU, U.S. DISTRICT JUDGE

 4

 5   UNITED STATES OF AMERICA,

 6                      Plaintiff,

 7          vs.                            Case No. CR 19-343-GW

 8   TRAVIS SCHLOTTERBECK,
     JAMES BRADLEY VLHA,
 9                      Defendants.
     _____/
10

11

12

13                    REPORTER'S TRANSCRIPT OF
                      CHANGE OF PLEA HEARING
                      Thursday, July 14, 2022
14                          2:00 p.m.
                      LOS ANGELES, CALIFORNIA
15

16

17

18

19

20

21

22   _____

23             TERRI A. HOURIGAN, CSR NO. 3838, CCRR
                FEDERAL OFFICIAL COURT REPORTER
                350 WEST FIRST STREET, ROOM 4311
24              LOS ANGELES, CALIFORNIA  90012
                      (213) 894-2849
25
```

UNITED STATES DISTRICT COURT

```
 1                    APPEARANCES OF COUNSEL:

 2

 3   FOR THE PLAINTIFF:

 4        UNITED STATES ATTORNEY'S OFFICE
          United States Attorney
 5        BY:  BRIAN R. FAERSTEIN
               DANIEL BOYLE
 6        Assistant United States Attorneys
          United States Courthouse
 7        312 North Spring Street
          Los Angeles, California  90012
 8

 9
     FOR THE DEFENDANT:  TRAVIS SCHLOTTERBECK
10
          EDWARD M. ROBINSON, A PROFESSIONAL LAW CORPORATION
11        BY:  EDWARD M. ROBINSON
               RACHAEL A. ROBINSON
12        Attorneys at Law
          21515 Hawthorne Boulevard, Suite 730
13        Torrance, California  90503

14

15   FOR THE DEFENDANT:  JAMES BRADLEY VLHA

16        LAW OFFICE OF JEROME J. HAIG
          BY: JEROME J. HAIG
17        Attorney at Law
          21143 Hawthorne Boulevard, Suite 454
18        Torrance, California  90503

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

```
 1            LOS ANGELES, CALIFORNIA; THURSDAY, JULY 14, 2022

 2                             8:30 a.m.

 3                             --oOo--

 4

 5            THE COURTROOM DEPUTY:  Please come to order.  This

 6   United States District Court is again in session.

 7            THE COURT:  All right.  Let me call the matter of

 8   United States versus Schlotterbeck and Vlha.

 9            I see everybody is on the videoconferencing, so I

10   don't think I need to announce appearances.

11            I do have in front of me -- I guess, the parties

12   have reached written plea agreements; is that correct?

13            MR. FAERSTEIN:  Yes, Your Honor.

14            THE COURT:  All right.  Is it -- just so I don't

15   have to sit here and read it in front of you -- is it a

16   situation where it's a plea agreement, but the parties reserve

17   an appellate issue?

18            MR. FAERSTEIN:  That's correct, Your Honor.

19            Defense will be reserving the right to appeal or

20   challenge, one, determination, the most recent motion to

21   dismiss with respect to the Supreme Court's decision in the

22   Bruen case.

23            THE COURT:  Okay.  I want to make sure all of my

24   little comments I have made in there are going to be in front

25   of the Appellate Court -- it's just a joke.  I'm sure it will
```

1    be.  We will see what they say.  I have no problem with that,

2    if that's what makes the world go around.

3            Let me also indicate, Mr. Haig, do you want me to

4    tell you the answer is -- you asked me what my inclination was,

5    and I guess it was Docket No. 126?

6            MR. HAIG:  Yes, we're all on pins and needles.

7            THE COURT:  I would be more inclined to the

8    government's version than the defendants' version.

9            The main reason is this:  I mean, the government

10   takes most of the language from the Ninth Circuit model rules,

11   so therefore, why -- my feeling is I get reversed all of the

12   time, but if I get reversed on something that the Ninth Circuit

13   said I could use, I could turn to them, and say, well, it's

14   your fault, not mine, and so it's, like, bad parenting, so that

15   is the reason I would be more inclined to the government's

16   position.

17           Also, I think that certain things, for example,

18   the government does throw in -- even though I understand the

19   defense makes this argument, but I mean, the government uses

20   the language from *Bryant*.

21           Even though I understand the defense's position

22   as well, there are complexities that are involved in this case,

23   but underlying the *Bryant* case was this exact statutory

24   provision in this very similar situation, but in that case it

25   was dealership, but instead, the issue was willfulness.

1      I would use the government's insofar as that is

2  concerned.

3      Again, the government's version also uses the

4  other statutory definitions, like, for example, definition of

5  principle objective of obtaining livelihood and profit and

6  those kind of things.

7      So for those reasons, I would go along with that.

8  Not to say I would have used the government's proposed

9  instructions 100 percent, but I was more inclined to the

10  government's position than the defense version for those

11  reasons.

12      MR. HAIG:  Thank you.

13      THE COURT:  All right.  What I presume I will do at

14  this point in time is I will take the pleas -- I will take the

15  pleas together; is that all right?

16      I don't have to do them individually, do I?

17      MR. ROBINSON:  No objection on behalf of

18  Mr. Schlotterbeck, Your Honor.

19      MR. HAIG:  Same with Mr. Vlha, Your Honor.

20      Also, I think both defendants did file requests

21  for videoconference for the change of plea hearing that

22  requires a Court's finding of good cause.

23      I would ask the Court to adopt the findings of

24  good cause from those documents.

25      THE COURT:  I presume there is no objection; if

1    there is no objection, I will adopt the findings of good cause

2    that permits us to do this by way by videoconferencing rather

3    than in court in person appearance.

4            MR. FAERSTEIN:  Your Honor, if I may, I hate to be

5    the wet blanket here, but in terms of the plea agreements, the

6    defendants are pleading to different -- they are both pleading

7    to Count 1, but defendant Schlotterbeck is also pleading to

8    Count 3, so there are different penalties in play and also

9    different elements with respect to Count 3.

10           THE COURT:  Let me stop you.

11               I will ask that during the process the government

12   to explain all that on the record, so that you won't have to

13   worry about that.

14               When I say "take them together," I do take the

15   pleas simultaneously, but the full explanations of a lot of

16   this stuff will come from the government.

17               Is that what your worry is?

18           MR. FAERSTEIN:  Yes, Your Honor.  My only concern is

19   making sure we have a clear record and knowingly, intelligent,

20   as Your Honor knows.

21           THE COURT:  Trust me, it will be laborious in its

22   scope.  That's the reason why I'm having you say a lot of it so

23   I don't have to say a lot of it.

24               Let me indicate to the defendants, let me ask

25   Mr. Schlotterbeck and Mr. Vlha, both of you can see and hear

```
 1   me, right?

 2            DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

 3            DEFENDANT VLHA:  Yes.

 4            THE COURT:  We are here for taking of your pleas,

 5   and the way we're going to go about doing this is I will be

 6   placing both of you under oath, I will be asking you certain

 7   questions.  If you give me intentionally false answers to any

 8   of those questions, that can result in further criminal

 9   prosecution, either in the form of a perjury charge or some

10   other count.

11            Do you understand that, Mr. Schlotterbeck?

12            DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

13            THE COURT:  Do you understand, Mr. Vlha?

14            DEFENDANT VLHA:  Yes, Your Honor.

15            THE COURT:  Now, if at any point in time during the

16   process, if I speak too fast or you don't understand what I'm

17   saying or you want to talk with your attorney for whatever

18   reason, feel free to tell me to stop and you guys can talk to

19   your counsel outside of the hearing and observations of other

20   persons participating in this videoconferencing and have those

21   questions answered or the issues resolved.

22            Do both of you understand that?

23            DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

24            DEFENDANT VLHA:  Yes.

25            THE COURT:  Okay.  Let me ask the defense, can
```

```
 1    either of you think of any reason why we should not go forward
 2    with a plea agreement at this point in time?
 3              MR. ROBINSON:  On behalf of Mr. Schlotterbeck, no,
 4    Your Honor.
 5              MR. HAIG:  No, Your Honor, on behalf of Mr. Vlha.
 6              THE COURT:  I was asking that of your clients,
 7    rather than of you.
 8                Mr. Schlotterbeck?
 9              DEFENDANT SCHLOTTERBECK:  No, Your Honor.
10              THE COURT:  Mr. Vlha?
11              DEFENDANT VLHA:  No, Your Honor.
12              THE COURT:  Okay.  Let me have the clerk swear in
13    the defendants.
14              THE COURTROOM DEPUTY:  Mr. Schlotterbeck, please
15    raise your right hand.
16                    (Oath was administered.)
17              DEFENDANT SCHLOTTERBECK:  I do.
18              THE COURTROOM DEPUTY:  Thank you.  Mr. Vlha, please
19    raise your right hand.
20                    (Oath was administered.)
21              DEFENDANT VLHA:  I do.
22              THE COURT:  All right.  Let me ask
23    Mr. Schlotterbeck, what is your true and correct name?
24              DEFENDANT SCHLOTTERBECK:  Travis Michael
25    Schlotterbeck.
```

```
 1            THE COURT:  How old are you?

 2            DEFENDANT SCHLOTTERBECK:  37 years old.

 3            THE COURT:  How many years of schooling have you

 4   completed?

 5            DEFENDANT SCHLOTTERBECK:  Four-year batchelor's

 6   degree, Your Honor.

 7            THE COURT:  All right.  Have you ever been treated

 8   for any form of mental illness, addiction to narcotics, or

 9   alcoholism?

10            DEFENDANT SCHLOTTERBECK:  PTSD, Your Honor.

11            THE COURT:  What was that?

12            DEFENDANT SCHLOTTERBECK:  PTSD, Your Honor.

13            THE COURT:  How long ago was that?

14            DEFENDANT SCHLOTTERBECK:  Probably six or

15   seven years ago.

16            THE COURT:  Do you think you have any, like, mental

17   condition or disability that would prevent you from

18   understanding these proceedings?

19            DEFENDANT SCHLOTTERBECK:  No, Your Honor.

20            THE COURT:  Are you presently under the influence of

21   any medicine, drug, or alcoholic beverage?

22            DEFENDANT SCHLOTTERBECK:  No, Your Honor.

23            THE COURT:  And can you think of any reason why we

24   should not go forward today with a change of plea?

25            DEFENDANT SCHLOTTERBECK:  No, Your Honor.
```

1        THE COURT:  Let me ask defendant Vlha, how old are

2  you?

3        DEFENDANT VLHA:  29, Your Honor.

4        THE COURT:  What exactly is your true and correct

5  name?

6        DEFENDANT VLHA:  James Bradley Vlha.

7        THE COURT:  And have you ever been treated for any

8  form of mental illness, addiction to narcotics, or alcoholism?

9        DEFENDANT VLHA:  No.

10        THE COURT:  Are you presently under the influence of

11  any medicine, drug, or alcoholic beverage?

12        DEFENDANT VLHA:  No, Your Honor.

13        THE COURT:  Do you feel you suffer from any mental

14  condition on disability that would prevent you from

15  understanding these proceedings?

16        DEFENDANT VLHA:  No, Your Honor.

17        THE COURT:  Can you think of any reason why we

18  should not go forward with a change of plea?

19        DEFENDANT VLHA:  No, Your Honor.

20        THE COURT:  All right.  Let me ask Mr. Robinson, you

21  have discussed the change of plea with your client today?

22        MR. ROBINSON:  I have.

23        THE COURT:  And do you believe that he is in full

24  possession of his faculties and in competent to proceed?

25        MR. ROBINSON:  I do.

1          THE COURT:  Can you think of any reason why the

2     Court should not accept your client's plea of guilty today?

3          MR. ROBINSON:  I do not.

4          THE COURT:  All right.  Based on the statements of

5     the defendant and his counsel and upon my observations, I find

6     that the defendant Schlotterbeck is in full possession of his

7     faculties and is competent to proceed.

8               Let me ask Mr. Haig, you have talked with your

9     client today about these proceedings; is that correct?

10          MR. HAIG:  I have, Your Honor.

11          THE COURT:  Do you have any reason to believe he

12     should not go forward with a change of plea?

13          MR. HAIG:  No, I do not.

14          THE COURT:  Do you believe he is in full possession

15     of his faculties and is competent to proceed?

16          MR. HAIG:  Yes, Your Honor.

17          THE COURT:  All right.  Based on the statements of

18     the defendant and his counsel and upon my observations, I find

19     that the defendant Vlha is in full possession of his faculties

20     and is competent to proceed.

21               Let me have the AUSA state for the record the

22     counts that each defendant is pleading to and the elements of

23     each count.

24          MR. FAERSTEIN:  Yes, Your Honor.

25               Defendant Schlotterbeck is pleading guilty to

1     Counts 1 and 3 of the indictment.

2               Count 1 charges Title 18, United States Code,

3     Section 371 and 922(a)(1)(A), that is conspiracy to engage in

4     the business of manufacturing firearms without a license; and

5     Count 3 charges a violation of Title 18, United States Code,

6     Section 922(d)(1), and that charge is the sale of a firearm to

7     a felon.

8               With respect to the elements on Count 1, if Your

9     Honor can indulge me for a moment?

10              The elements of conspiracy to engage in the

11    business of manufacturing and dealing firearms without a

12    license are as follows:

13              First, beginning on a date unknown, but no later

14    than on or about May 21st, 2015, and continuing to a date

15    unknown but no earlier than on or about June 21st, 2017, there

16    was an agreement between two or more persons to commit at least

17    one crime as charged in the indictment.

18              Second, defendant became a member of the

19    conspiracy knowing of at least one of its objects and intending

20    to help accomplish it.

21              Third, one of the members of the conspiracy

22    performed at least one overt act for the purpose of carrying

23    out the conspiracy.

24              With respect to Count 3, which is the sale of the

25    firearm to a felon, the elements are as follows:

1          First, defendant knowingly sold an AR-15 type

2    rifle bearing no serial number to a confidential informant who

3    unbeknownst to the defendant was working for Bureau of Alcohol

4    Tobacco, Firearms and Explosives.

5          Second, defendant knew or had reasonable cause to

6    believe that the confidential informant was under indictment

7    for or had been convicted in any court of a crime punishable by

8    imprisonment for a term exceeding one year.

9          Defendant Vlha is pleading guilty to Count 1 of

10   the indictment, which I just summarized, which is a charge of

11   Title 18, United States Code, Sections 371 and 922(a)(1)(A),

12   which is conspiracy to engage in the business of manufacturing

13   and dealing in firearms.

14         I could read those elements again, just for the

15   record.

16         With respect to that count of conspiracy the

17   elements are as follows:

18         First, beginning on a date unknown, but no later

19   than on or about May 21st, 2015, and continuing to a date

20   unknown but no earlier than on or about June 21st, 2017, there

21   was an agreement between two or more persons to commit at least

22   one crime as charged in the indictment.

23         Second, defendant became a member of the

24   conspiracy knowing of at least one of its objects and intending

25   to help accomplish it.

1            And third, one of the members of the conspiracy

2  performed at least one overt act for the purpose of carrying

3  out the conspiracy.

4            THE COURT:  All right.  Let me ask defendant

5  Schlotterbeck, do you understand the two charges that you are

6  pleading to and the elements of those charges?

7            DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

8            THE COURT:  You have discussed those with your

9  counsel?

10            DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

11            THE COURT:  Okay.  Let me ask defendant Vlha -- I

12  keep putting an "r" at the end of your name, I apologize.

13            Have you discussed the elements of the charge you

14  are pleading to with your counsel?

15            DEFENDANT VLHA:  Yes, Your Honor.

16            THE COURT:  Do you feel you have an understanding of

17  the nature of that charge and its elements?

18            DEFENDANT VLHA:  Yes, Your Honor.

19            THE COURT:  Gentlemen, let me talk to you about the

20  Constitutional rights you are going to be waiving or giving up

21  if you go forward today with a change of plea.

22            First of all, you have the right to plead not

23  guilty to any offense charged against you and to persist in

24  that plea.

25            You have the right to a speedy and public trial.

1    You have the right to a trial by jury.  At the trial, you would

2    be presumed to be innocent and the government would have to

3    prove your guilt beyond a reasonable doubt.

4              If both you and the government give up the right

5    to be tried by a jury, you have the right to be tried by the

6    Court.

7              Also, you have the right to the assistance of

8    counsel to represent you even if you do not enter into a plea

9    agreement.

10             If you cannot afford counsel, the Court would

11   appoint counsel for you free of charge to represent you at the

12   trial and at all other stages of these proceedings.

13             Also, you have the right to confront and

14   cross-examine the witnesses against you.

15             That is, you have the right to have those

16   witnesses be brought into court, be sworn in, and be questioned

17   by your attorney in your presence.

18             You also have the right to use the subpoena power

19   of the Court to compel persons to come into this courtroom and

20   have them testify on your behalf.

21             You also have the right to testify on your own

22   behalf if you want to do so.

23             You also have the privilege against

24   self-incrimination; that is, you have the right to remain

25   silent and not incriminate yourself in any way.

1          For example, if you decide to go to trial, if you

2   decide not to testify, that fact could not be used against you.

3   However, if you go toward today with a change of plea, you are

4   going to be waiving your right to remain silent and you are

5   going to be incriminating yourself.

6          Also, you have the right to appeal your

7   conviction and your sentence if you go forward to a trial and

8   if you are convicted.

9          Let me ask Mr. Schlotterbeck, have you discussed

10  all of these constitutional rights with your counsel?

11          DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

12          THE COURT:  At this point in time, do you have any

13  questions about any of those rights?

14          DEFENDANT SCHLOTTERBECK:  No, Your Honor.

15          THE COURT:  Do you feel you understand each and

16  every one of them?

17          DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

18          THE COURT:  Now, do you understand if you go forward

19  today with a change of plea, you are going to be waiving all of

20  those constitutional rights I have just described except for

21  your right to counsel?

22          DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

23          THE COURT:  Let me ask, at this point, do you wish

24  to give up each and every one of those constitutional rights I

25  have just described and go forward today with a change of plea?

1          DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

2          THE COURT:  Let me ask similar questions of the

3     other defendant.

4              Sir, have you discussed all of those

5     constitutional rights with your counsel?

6          DEFENDANT VLHA:  Yes, Your Honor.

7          THE COURT:  At this point in time, do you have any

8     questions about any of them?

9          DEFENDANT VLHA:  No, Your Honor.

10         THE COURT:  Do you feel you understand each and

11    every one of them?

12         DEFENDANT VLHA:  Yes, Your Honor.

13         THE COURT:  Now, do you understand that if you go

14    forward today with a change of plea, you are going to be

15    waiving all of those constitutional rights except for your

16    right to counsel?

17         DEFENDANT VLHA:  Yes, Your Honor.

18         THE COURT:  Let me ask, at this point in time, do

19    you wish to give up each and every one of those constitutional

20    rights and go forward today with a change of plea?

21         DEFENDANT VLHA:  Yes, Your Honor.

22         THE COURT:  Let me ask Mr. Haig, do you join in the

23    waivers?

24         MR. HAIG:  I do, Your Honor.

25         THE COURT:  And do you also stipulate that each of

```
 1   these waivers is knowingly, intelligently, and voluntarily
 2   made?
 3              MR. HAIG:  Yes, Your Honor.
 4              THE COURT:  Let me ask Mr. Robinson as to your
 5   client, do you join and concur in the waivers?
 6              MR. ROBINSON:  I do.
 7              THE COURT:  Are you satisfied that each of these
 8   waivers is knowingly, intelligent, and voluntarily made?
 9              MR. ROBINSON:  I am.
10              THE COURT:  All right.  Let me have the AUSA state
11   for the defendant's understanding the sentence that each of
12   them faces if they go forward with a change of plea?
13              MR. FAERSTEIN:  Yes, Your Honor.
14                   I will try to be a little more efficient this
15   time.
16                   Both defendants are charged -- are pleading
17   guilty to Count 1, which is the conspiracy count, and the
18   maximum penalty for violation of Title 18, United States Code,
19   Section 371 is as follows:
20                   Five years imprisonment, a three-year period of
21   supervised release, a fine of $250,000 or twice the gross gain
22   or gross loss resulting from the offense, whichever is
23   greatest, and a mandatory special assessment of $100.
24                   Mr. Schlotterbeck is also pleading guilty to
25   Count 3, which carries the following statutory maximum
```

1    penalties.

2                       First -- and that is sale to a felon.

3                       First, ten years' imprisonment.

4                       Second, the three-year period of supervised

5    release.

6                       Third, a fine of $250,000 or twice the gross gain

7    or gross loss resulting from the offense, whichever is

8    greatest, and a mandatory special assessment of $100.

9                       So with respect to Mr. Schlotterbeck only, the

10   maximum penalties -- combined penalties are as follows:

11                      15 years' imprisonment; a three-year period of

12   supervised release; a fine of $500,000 or twice the gross gain

13   or gross loss resulting from the offense, whichever is

14   greatest, and a mandatory special assessment of $200.

15                 THE COURT:  All right.  Let me ask

16   Mr. Schlotterbeck, do you understand the sentence you are

17   facing if you go forward today with a change of plea?

18                 DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

19                 THE COURT:  And Mr. Vlha, do you also understand the

20   sentence you are facing?

21                 DEFENDANT VLHA:  Yes, Your Honor.

22                 THE COURT:  Let me indicate to both defendants, if I

23   sentence either one of you to any term of imprisonment, I can

24   also impose on you what is called supervised release.  What

25   that means at the time of sentencing, I will be telling you,

1    you are going to go to prison for a certain number of months,

2    and when you get out of prison for a certain period of time,

3    you have to obey certain terms and conditions.

4              If you were to violate any of those terms and

5    conditions, I can send you back to prison for those violations.

6              Do you understand that, Mr. Schlotterbeck?

7              DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

8              THE COURT:  Do you understand that, Mr. Vlha?

9              DEFENDANT VLHA:  Yes, Your Honor.

10             THE COURT:  All right.  Also, do you understand if

11   either of you are presently on a sentence of probation, parole,

12   or supervised release in any other criminal case, by pleading

13   guilty in this matter, it could cause you to become in

14   violation of the earlier set parole, probation, or supervised

15   release such that you could be sent back to prison in the

16   earlier case because you pled guilty in this case.

17             Mr. Schlotterbeck?

18             DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

19             THE COURT:  And Mr. Vlha, do you understand that?

20             DEFENDANT VLHA:  Yes, Your Honor.

21             THE COURT:  Okay.  Do you also understand that if

22   you are not a citizen of the United States, by pleading guilty

23   in this matter, that could cause you to be deported or removed

24   from the United States or could result in the denial of

25   naturalization or citizenship, a denial of residency status,

```
1    and/or a denial of amnesty in the future.

2              Do you understand that, Mr. Schlotterbeck?

3              DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

4              THE COURT:  Do you understand that, Mr. Vlha?

5              DEFENDANT VLHA:  Yes, Your Honor.

6              THE COURT:  Do you further understand that because

7    you are pleading to a felony offense, that once your plea is

8    accepted, that can cause you to be deprived of valuable civil

9    rights you either now have or could get in the future, such as

10   the right to vote, the right to hold public office, the right

11   to serve on a jury and/or the right to possess a firearm of any

12   kind.

13             Do you understand that, Mr. Schlotterbeck?

14             DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

15             THE COURT:  Do you understand that, Mr. Vlha?

16             DEFENDANT VLHA:  Yes, Your Honor.

17             THE COURT:  Okay.  Let me ask the AUSA, is there an

18   issue as to either restitution or forfeiture?

19             MR. FAERSTEIN:  No, Your Honor.

20             THE COURT:  Let me ask the defendants, do each of

21   you understand that you are going to be sentenced under the

22   Sentencing Reform Act of 1984, and under that statute, the

23   United States Sentencing Commission has issued certain

24   guidelines that the Courts must take into account and consider

25   but are not obligated to follow for purposes of selecting an
```

1    appropriate sentence.

2              Do you understand that, Mr. Schlotterbeck?

3         DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

4         THE COURT:  Do you understand that, Mr. Vlha?

5         DEFENDANT VLHA:  Yes, Your Honor.

6         THE COURT:  Now, have each of you discussed the

7    guidelines and how they can be applied in your case with your

8    counsel?

9              Mr. Schlotterbeck?

10        DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

11        THE COURT:  And do you feel at this point in time

12   that you have a general understanding of those guidelines and

13   how they can be applied in your case?

14        DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

15        THE COURT:  Do you also understand that at this

16   point in time we don't know what guidelines range would be

17   because we don't have all of the information we would need to

18   do that calculation; for example, we don't know your criminal

19   history background and all of those types of similar facts.

20              Do you understand that?

21        DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

22        THE COURT:  Okay.  Similar questions to Mr. Vlha.

23   You have talked about the guidelines with your counsel?

24        DEFENDANT VLHA:  Yes, Your Honor.

25        THE COURT:  And at this point in time, do you feel

1    you have a general understanding of those guidelines and how

2    they can be applied in your case?

3              DEFENDANT VLHA:  Yes, Your Honor.

4              THE COURT:  Do you understand at this point in time

5    we don't know what guidelines range would be, because we don't

6    have all of the information we would need to do the

7    calculation.

8                   Do you understand that?

9              DEFENDANT VLHA:  Yes, Your Honor.

10             THE COURT:  And let me ask each of the defendants,

11   do each of you have a copy of your respective plea agreements

12   in front of you?

13             DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

14             DEFENDANT VLHA:  Yes, Your Honor.

15             THE COURT:  Let me ask Mr. Schlotterbeck first,

16   turning to your plea agreement, obviously, do you recognize

17   this document?

18             DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

19             THE COURT:  Is that your signature on pages 19 and

20   20 of the document?

21             DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

22             THE COURT:  Now, prior to your signing the document,

23   did you read it?

24             DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

25             THE COURT:  After you read it, did you discuss it

1    with your counsel?

2             DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

3             THE COURT:  Did he answer any and all questions that

4    you would have in regards to the plea agreement?

5             DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

6             THE COURT:  At the time you signed the plea

7    agreement, do you feel that you fully understood all of the

8    terms and provisions of the plea agreement?

9             DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

10            THE COURT:  Is this written plea agreement the

11   entire understanding that you have with the government?

12            DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

13            THE COURT:  Has anyone made any promises,

14   representations, or guarantees of any kind to you in an effort

15   to get you to plead guilty in this case other than what is

16   contained in this written plea agreement?

17            DEFENDANT SCHLOTTERBECK:  No, Your Honor.

18            THE COURT:  Do you understand the Court is not a

19   party to the plea agreement?

20            DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

21            THE COURT:  Has anyone in any way attempted to

22   threaten either you or anyone near or dear to you to force you

23   to plea guilty in this case?

24            DEFENDANT SCHLOTTERBECK:  No, Your Honor.

25            THE COURT:  And you are pleading freely and

```
 1  voluntarily?
 2          DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
 3          THE COURT:  Do you understand that the plea
 4  agreement contains within it a limited waiver of your right to
 5  appeal in this matter.
 6              In other words, you will have waived some, but
 7  not all of your rights to appeal in this case?
 8              Do you understand that?
 9          DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
10          THE COURT:  And I did not -- I don't think mentioned
11  there was one major appeal that you are not waiving that is
12  referenced in the plea agreement.
13              Do you understand that?
14          DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
15          THE COURT:  Okay.  And let me similarly ask the
16  defendant Vlha, turning to your plea agreement, do you
17  recognize this document?
18          DEFENDANT VLHA:  Yes, Your Honor.
19          THE COURT:  And is it that your signature on
20  pages 17 and 18 of the plea agreement?
21          DEFENDANT VLHA:  Yes, Your Honor.
22          THE COURT:  And let me ask, prior to your signing
23  the plea agreement, did you read it?
24          DEFENDANT VLHA:  Yes, Your Honor.
25          THE COURT:  After you read it, did you discuss it
```

1    with your counsel?

2             DEFENDANT VLHA:  Yes, Your Honor.

3             THE COURT:  Did he answer any and all questions that

4    you had in regards to the plea agreement?

5             DEFENDANT VLHA:  Yes, Your Honor.

6             THE COURT:  At the time you signed this plea

7    agreement, did you feel you fully understood all of the terms

8    and provisions of the plea agreement?

9             DEFENDANT VLHA:  Yes, Your Honor.

10            THE COURT:  At this point in time do you have any

11   questions about the plea agreement?

12            DEFENDANT VLHA:  No, Your Honor.

13            THE COURT:  Do you understand that the Court is not

14   a party to the plea agreement and is not bound by its terms?

15            DEFENDANT VLHA:  Yes, Your Honor.

16            THE COURT:  And is this written plea agreement the

17   entire understanding you have with the government?

18            DEFENDANT VLHA:  Yes, Your Honor.

19            THE COURT:  Other than what is contained in the

20   written plea agreement, and other than what has been stated

21   here in open court, has anyone made any promises,

22   representations, or guarantees of any kind to you in an effort

23   to get you to plead guilty in this case?

24            DEFENDANT VLHA:  No, Your Honor.

25            THE COURT:  Has anyone in any way attempted to

1    threaten either you or anyone near or dear to you to force you

2    to plead guilty in this case?

3              DEFENDANT VLHA:  No, Your Honor.

4              THE COURT:  Do you also understand that the plea

5    agreement contains within it a limited waiver of your rights to

6    appeal in this matter?

7              DEFENDANT VLHA:  Yes, Your Honor.

8              THE COURT:  Did you discuss that limited waiver of

9    your appeal rights with your counsel?

10             DEFENDANT VLHA:  Yes, Your Honor.

11             THE COURT:  Is it still your intention to waive

12   those appeal rights as described in the plea agreement?

13             DEFENDANT VLHA:  Yes, Your Honor.

14             THE COURT:  All right.  Let me ask the defense

15   counsel, starting with Mr. Robinson, your client's plea

16   agreement indicates you signed off on it on pages 19 and 21; is

17   that correct?

18             MR. ROBINSON:  That's correct, Your Honor.

19             THE COURT:  And prior to your signing the plea

20   agreement, did you observe your client reading it?

21             MR. ROBINSON:  Yes.

22             THE COURT:  After he read it, did you answer any and

23   all questions that he had in regards to the plea agreement?

24             MR. ROBINSON:  I did.

25             THE COURT:  Did he sign the plea agreement in front

1    of you?

2              MR. ROBINSON:  Yes, he did.

3              THE COURT:  At the time he signed the plea

4    agreement, did you feel that he fully understood all of the

5    terms and provisions of the plea agreement?

6              MR. ROBINSON:  Yes.

7              THE COURT:  And is this written plea agreement the

8    entire understanding your client has with the government?

9              MR. ROBINSON:  It is.

10             THE COURT:  To the best of your knowledge, has

11   anyone made any promises, representations, or guarantees of any

12   kind either to you or to your client other than what is

13   expressly contained in this written plea agreement, and other

14   than what we have discussed here in open court?

15             MR. ROBINSON:  No, Your Honor.

16             THE COURT:  Have you reviewed the facts of his case

17   and all of the discovery provided to you by the government in

18   this case?

19             MR. ROBINSON:  Yes.

20             THE COURT:  Have you gone over those facts and that

21   discovery with your client?

22             MR. ROBINSON:  Yes, I have.

23             THE COURT:  Have you pursued with your client all of

24   the potential defenses that he might have to the charges in

25   this case?

```
1              MR. ROBINSON:  Yes.
2              THE COURT:  And have you advised your client
3    concerning the legality or admissibility of any statements,
4    confessions, or other evidence that the government has against
5    him?
6              MR. ROBINSON:  We have discussed that, yes.
7              THE COURT:  To the best of your knowledge, is your
8    client pleading guilty because of any illegally obtained
9    evidence in the possession of the government?
10             MR. ROBINSON:  No, Your Honor.
11             THE COURT:  Did you and your client agree that it is
12   in his best interest to enter into this plea?
13             MR. ROBINSON:  Yes, we did.
14             THE COURT:  Do you believe that your client is
15   entering into the plea freely and voluntarily?
16             MR. ROBINSON:  I do.
17             THE COURT:  Can you think of any reason why the
18   Court should not accept your client's plea of guilty?
19             MR. ROBINSON:  I do not.
20             THE COURT:  Do you join in the waiver of the jury
21   trial and concur in the plea?
22             MR. ROBINSON:  Yes, I do.
23             THE COURT:  Let me ask Mr. Haig, similarly, did your
24   client sign the plea agreement in your presence?
25             MR. HAIG:  Yes, Your Honor.
```

1          THE COURT:  And that was after you observed him

2    reading the plea agreement?

3          MR. HAIG:  That's correct, yes.

4          THE COURT:  That was also after you answered any and

5    all questions that he had in regards to the plea agreement?

6          MR. HAIG:  Yes.

7          THE COURT:  So at the time he signed the plea

8    agreement, did you feel he fully understood all of the terms

9    and provisions of the plea agreement?

10          MR. HAIG:  I do, Your Honor.

11          THE COURT:  Is this written plea agreement the

12    entire understanding your client has with the government?

13          MR. HAIG:  Yes.

14          THE COURT:  To the best of your knowledge, has

15    anyone made any promises, representations or guarantees of any

16    kind to either you or to your client to get him to plead guilty

17    in this case other than what is contained in written plea

18    agreement, and other than what we discussed here in open court?

19          MR. HAIG:  No.

20          THE COURT:  Have you reviewed the facts of this case

21    and all of the discovery provided to you by the government in

22    this case?

23          MR. HAIG:  Yes.

24          THE COURT:  Have you gone over those facts and

25    discovery with your client?

1          MR. HAIG:  Yes, Your Honor.

2          THE COURT:  Have you pursued with your client all of

3   the potential defenses he might have to the charges in this

4   case?

5          MR. HAIG:  Yes.

6          THE COURT:  Have you advised your client concerning

7   the legality or admissibility of any statements, confessions or

8   other evidence that the government has against him?

9          MR. HAIG:  Yes.

10         THE COURT:  To the best of your knowledge, is your

11  client pleading guilty because of any illegally obtained

12  evidence in the possession of the government?

13         MR. HAIG:  No.

14         THE COURT:  Did you and your client agree it is in

15  his best interest to enter into the plea?

16         MR. HAIG:  Yes.

17         THE COURT:  Do you believe your client is entering

18  into this plea freely and voluntarily?

19         MR. HAIG:  I do, Your Honor.

20         THE COURT:  Can you think of any reason why the

21  Court should not accept your client's plea of guilty?

22         MR. HAIG:  No.

23         THE COURT:  Do you join in the waiver of the jury

24  trial and concur in the plea?

25         MR. HAIG:  I do, Your Honor.

1       THE COURT:  Let me ask the AUSA, other than what is
2  expressly contained in the respective plea agreements of the
3  defendants, and other than what we have discussed here in open
4  court, has the government made any promises, representations or
5  guarantees of any kind either to the defendant or defense
6  counsel in this case in an effort to get them to plead guilty
7  in this case?
8       MR. FAERSTEIN:  No, Your Honor.
9       THE COURT:  And does the government waive its right
10  to a jury trial?
11       MR. FAERSTEIN:  Yes, Your Honor.
12       THE COURT:  All right.  Let me ask
13  Mr. Schlotterbeck, sir, are you satisfied with the
14  representation that your attorney has provided to you?
15       DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
16       THE COURT:  Have you told your lawyer everything you
17  know about your case, especially about any statements,
18  confessions, or other evidence that the government may have
19  against you?
20       DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
21       THE COURT:  Do you believe that he has fully advised
22  you concerning all of the matters that we have discussed here
23  this afternoon?
24       DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
25       THE COURT:  Do you believe that you fully understood

1  everything we have talked about here this afternoon?

2          DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

3          THE COURT:  At this point in time, do you have any

4  questions?

5          DEFENDANT SCHLOTTERBECK:  No, Your Honor.

6          THE COURT:  Can you think of any reason why the

7  Court should not accept your plea of guilty?

8          DEFENDANT SCHLOTTERBECK:  No, Your Honor.

9          THE COURT:  Do you understand that once you plead

10 guilty in this case, the only thing that is going to be left in

11 this matter is sentencing, although, it's my understanding that

12 there will also be a plea -- sorry, not a plea -- will also be

13 an appeal in this matter as well.

14              Do you understand that?

15         DEFENDANT SCHLOTTERBECK:  Yes Your Honor.

16         THE COURT:  Now, at this point, again, can you think

17 of any reason why this Court should not accept your plea of

18 guilty?

19         DEFENDANT SCHLOTTERBECK:  No, Your Honor.

20         THE COURT:  Let me ask Mr. Vlha similar questions.

21              Do you believe that you fully understood

22 everything that we have discussed here this morning?

23         DEFENDANT VLHA:  Yes, Your Honor.

24         THE COURT:  And have you told your lawyer everything

25 you know about your case, especially about any statements,

1  confessions, or other evidence that the government has against

2  you?

3        DEFENDANT VLHA:  Yes, Your Honor.

4        THE COURT:  Are you fully satisfied with the

5  representation that your attorney has provided to you?

6        DEFENDANT VLHA:  Yes, Your Honor.

7        THE COURT:  Do you wish to change any of your prior

8  answers to any of the Court's questions?

9        DEFENDANT VLHA:  No, Your Honor.

10        THE COURT:  At this point in time, do you have any

11  questions?

12        DEFENDANT VLHA:  No, Your Honor.

13        THE COURT:  So you feel you fully understood

14  everything we have talked about here today?

15        DEFENDANT VLHA:  Yes, Your Honor.

16        THE COURT:  All right.  Let me ask each defendant to

17  listen carefully -- well, let me ask this question, rather than

18  reading the factual basis that is contained in the plea

19  agreement, do both sides agree that the Court can simply

20  inquire of the respective defendants whether or not the

21  assertions in the factual bases with respect to

22  Mr. Schlotterbeck, Paragraph 13, the plea agreement whether or

23  not all of those facts are true and correct, and as to

24  Mr. Vlha, it would be Paragraph Number 10, or do you want me to

25  have the AUSA read all of the pages?

```
 1              MR. ROBINSON:  With respect to Mr. Schlotterbeck,
 2    Your Honor, we do not wish to have them read.
 3                   I will represent, and Mr. Schlotterbeck will
 4    affirm, that we have read this factual basis in detail --
 5              THE COURT:  Let me stop you.  I will ask him the
 6    questions --
 7              MR. ROBINSON:  I know.
 8              THE COURT:  It will look like the reading, so I will
 9    ask him the questions, so you don't have to worry about that.
10              MR. ROBINSON:  Okay.
11              THE COURT:  You and your client waive the reading;
12    is that correct?
13              MR. ROBINSON:  Yes, he does.  Thank you, Your Honor.
14              THE COURT:  Let me ask Mr. Haig.
15              MR. HAIG:  Yes, we waive the reading of the factual
16    basis into the record.
17              THE COURT:  Let me ask the government.
18              MR. FAERSTEIN:  Yes, Your Honor.  Assuming Your
19    Honor is going to inquire, the government is fine with that.
20              THE COURT:  Let me ask Mr. Schlotterbeck, do you
21    understand that normally I would ask the AUSA to state for the
22    record those facts that the government feels it could prove if
23    your case went to trial, and normally what happens is that if
24    there is a written plea agreement, the AUSA reads the portions
25    of the plea agreement, which has a recitation of those facts.
```

1                    In your plea agreement, those facts are listed in
2    Paragraph 13, which covers pages 7, 8 -- well, 7 through
3    page 11.
4                    Do you understand that?
5            DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
6            THE COURT:  Okay.  And let me ask you, have you read
7    with care Paragraph 13 on pages 7 through 11 of your plea
8    agreement?
9            DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
10           THE COURT:  Have you discussed those facts that are
11   contained in that paragraph with your counsel?
12           DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
13           THE COURT:  Now, is everything that is stated in
14   Paragraph 13 of your plea agreement, true and correct?
15           DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
16           THE COURT:  And is everything that is said about
17   you, about your conduct, and about your intent in that
18   paragraph, true and correct?
19           DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
20           THE COURT:  Are you pleading guilty to Counts 1 and
21   3 of the indictment because you did the things that are charged
22   in the indictment as more further described in Paragraph 13 of
23   the plea agreement?
24           DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.
25           THE COURT:  Are you pleading guilty to Counts 1 and

1  3 of the indictment because in fact you are guilty of those

2  crimes that are charged?

3          DEFENDANT SCHLOTTERBECK:  Yes, Your Honor.

4          THE COURT:  All right.  Let me ask defendant Vlha,

5  in your plea agreement, the factual basis is delineated in

6  Paragraph 10, which is located on pages 6 through the top of

7  page 10 of the plea agreement.

8          Now, did you read with care all of the contents

9  of Paragraph 10 in your plea agreement?

10         DEFENDANT VLHA:  Yes, Your Honor.

11         THE COURT:  After you did that, did you discuss that

12 in detail with your attorney?

13         DEFENDANT VLHA:  Yes, Your Honor.

14         THE COURT:  And is everything that is stated in

15 Paragraph 10 of the plea agreement, correct?

16         DEFENDANT VLHA:  Yes, Your Honor.

17         THE COURT:  Is everything that is said in that

18 paragraph about your conduct and about your intent and about

19 your actions, true and correct?

20         DEFENDANT VLHA:  Yes, Your Honor.

21         THE COURT:  Are you pleading guilty to Count 1 of

22 the indictment because you did the things that are charged in

23 Count 1 of the indictment as more further described in your

24 plea agreement?

25         DEFENDANT VLHA:  Yes, Your Honor.

1          THE COURT:  Are you pleading guilty to Count 1

2   because in fact you are guilty of the crime charged?

3          DEFENDANT VLHA:  Yes, Your Honor.

4          THE COURT:  All right.  Let me ask, is the

5   government satisfied with the factual basis?

6          MR. FAERSTEIN:  Yes, Your Honor.

7          THE COURT:  And do both sides agree that the Court

8   has complied with the requirements of Rule 11?

9          MR. FAERSTEIN:  Yes, Your Honor.

10          MR. HAIG:  Yes, Your Honor.

11          MR. ROBINSON:  Yes, Your Honor.

12          THE COURT:  Okay.  All right.  Let me ask

13   Mr. Schlotterbeck, in the matter of the *United States versus*

14   *Schlotterbeck*, which is Case No. CR 19-343, how do you plead to

15   Count 1 of the indictment which charges you with a violation of

16   18, U.S.C., Sections 371 and 922(a)(1)(A) which is conspiracy

17   to engage in the business of manufacturing and dealing in

18   firearms without a license?

19          DEFENDANT SCHLOTTERBECK:  Guilty, Your Honor.

20          THE COURT:  How do you plead to Count 3 of the

21   indictment which charges you with a violation of 18, U.S.C.,

22   Section 922(d)(1) which is sale of a firearm to a felon?

23          DEFENDANT SCHLOTTERBECK:  Guilty, Your Honor.

24          THE COURT:  All right.  Let me ask Mr. Vlha, how do

25   you plead to Count 1 of the indictment which charges you with a

1    violation of 18, U.S.C., Sections 371 and 922(a)(1)(A) which is

2    conspiracy to engage in the business of manufacturing and

3    dealing in firearms without a license?

4         DEFENDANT VLHA:  Guilty, Your Honor.

5         THE COURT:  All right.  Actually, let me ask one

6    question, I hate to bring this up at the very end of this

7    process, I just noticed an issue I just wanted to confirm, the

8    plea agreement references both the business of manufacturing

9    and dealing in firearms.

10        But at one point, I thought that the parties had

11   indicated that dealing was not an aspect of the case.  I just

12   want to make sure that we don't have a snafu here.

13        MR. FAERSTEIN:  Yes, Your Honor.  The government was

14   not going to be presenting the alternate theory of dealing at

15   trial, but with respect to the count to which they are pleading

16   guilty here, which is conspiracy, the agreement to engage in

17   the conduct, the indictment, nonetheless, is still premised on

18   both theories and they are pleading to the count in the

19   indictment.

20        Our presentation at trial was going to be

21   different or more narrow, but that is not where we are right

22   now, Your Honor.

23        THE COURT:  All right.  Let me ask defense counsel,

24   that is the defendant's understanding as well; is that correct?

25        MR. ROBINSON:  On behalf Mr. Schlotterbeck, it is,

1    and I believe the factual basis also is tailored to the

2    manufacturing object, so we don't see any --

3              THE COURT:  All right.  That is fine.

4              Mr. Haig, you feel the same way?

5              MR. HAIG:  I feel the same way.  I adopt what

6    Mr. Robinson just said, Your Honor.

7              THE COURT:  I will make the following findings:  In

8    the case of *United States versus Schlotterbeck and Vlha*, the

9    Court having questioned each of the defendants and their

10   respective counsel on their offers of a plea of guilty,

11   Mr. Schlotterbeck as to Counts 1 and 3, and Mr. Vlha as to

12   Count 1 only, all of those counts being felonies; each

13   defendant and his respective counsel having advised Court that

14   they have conferred concerning the offered pleas of guilty and

15   all aspects of the charges against the defendants and any

16   defenses that he might have; and the Court having observed each

17   defendants' intelligence, demeanor, and attitude while

18   answering the Court's questions; and the Court having also

19   observed each of the defendants did not appear to be under the

20   influence of any medicine, drug, or other substance or factor

21   that might affect his judgment or actions in any manner, the

22   Court finds that each of the defendants is fully competent and

23   capable of entering into an informed plea, that each of the

24   defendants is aware of the nature of the charge or charges that

25   they are pleading to and the consequences of their pleas.

1           The Court further finds that each of the pleas of

2    guilty is knowingly, intelligently, and voluntarily made with a

3    full understanding of the nature of the charge, the

4    consequences of the plea and the defendants' respective

5    constitutional rights.

6           The Court further finds that each of the pleas of

7    guilty is supported by an independent factual basis containing

8    each of the central elements of the offense pled to; the Court,

9    therefore, accepts the plea, orders that the pleas be entered,

10   and that the plea agreements be incorporated in the process.

11          Now, let me indicate to the defendants, well let

12   me ask this question of the attorneys first, normally what

13   happens next is the preparation of a presentence report.

14          Let me ask, do the parties envision that I would

15   hold a sentencing or do the parties envision that I would just

16   simply have the pleas entered, and thereafter, allow the

17   appeals if the parties want to appeal?

18          How do you envision this?

19          MR. FAERSTEIN:  Speaking for the government, Your

20   Honor, I think the traditional way that we would have the

21   presentence investigation period, sentencing, and then after

22   sentencing, they can file their notices of appeal.

23          THE COURT:  All right.  Is that the understanding

24   for the defense counsel as well?

25          MR. ROBINSON:  For Mr. Schlotterbeck, yes, Your

1    Honor.

2              MR. HAIG:  Yes, Your Honor.  I don't think it would

3    be ripe, because there may be sentencing issues depending on

4    what the Court says.

5              THE COURT:  Do you think I will make a mistake at

6    the sentencing time as well, is that what you are saying?

7              MR. HAIG:  No.  I didn't say that at all.  I said

8    there may be.

9              THE COURT:  All right.  Let me indicate to the

10   defendants, what is going to happen next in each of your

11   situations, each of you will be interviewed by persons from the

12   Probation Office, they will prepare a written presentence

13   report.  Each of you will be getting copies of that report as

14   well as your counsel.

15             If either of you have any objections to the

16   contents of the presentence report, you are free to file

17   objections in writing with the Court prior to the sentencing

18   hearing.

19             Also, at the sentencing hearing, both you and

20   your counsel will be allowed to speak on your behalf, so I

21   would urge you to consult with your counsel throughout the

22   process so that he can answer any and all questions that you

23   might have.

24             Let me ask counsel, when do you want me to

25   schedule a sentencing?

 1              MR. HAIG:  Your Honor, I was asking Thursday,

 2    November 10th.

 3              THE COURT:  Let me ask, is that all right with

 4    Mr. Robinson and the government counsel?

 5              MR. ROBINSON:  Rachael?

 6              MS. ROBINSON:  Isn't that when Brian is getting

 7    married?

 8              MR. HAIG:  Okay.  I don't want to --

 9              THE COURT:  Wait, who is Brian?

10              MR. FAERSTEIN:  Not me.  I'm already married, Your

11    Honor.

12              THE COURT:  Yeah, we know it wouldn't be you.  There

13    couldn't be two people in this world whose name is Brian that

14    are getting married.

15              MR. HAIG:  We can pick a different date.

16              MR. ROBINSON:  That is a good day.  Brian is getting

17    married on the 5th of November.

18              MR. FAERSTEIN:  I do expect to have a trial that

19    week -- the week before when sentencing papers would be due.

20    To the extent the 17th is available, that would be preferred,

21    but if that is not, the government will make do.

22              MR. HAIG:  17th works for us, Your Honor.

23              THE COURT:  17th for Mr. Robinson?

24              MR. ROBINSON:  Unless everybody is getting married

25    that day, that is a great day, Your Honor, November 17.

1          THE COURT:  Well, if they were getting married,

2     wouldn't that be a greater day?

3               So the 17th of November, and I want sentencing

4     positions in writing no later than November 10th, all right?

5          MR. ROBINSON:  What is a good time for sentencing,

6     Your Honor?

7          THE COURT:  Why don't we put it at 8 o'clock.

8          MR. ROBINSON:  Thank you.

9          THE COURT:  The defendants are currently out on

10    bond, right?

11         MR. HAIG:  Yes, Your Honor.

12         THE COURT:  I will leave them out on bond under all

13    same terms and conditions, except order they appear in person

14    or by video on November 17th.

15              All right.  Anything else I need to do in this

16    matter?

17         MR. HAIG:  Just to vacate the trial date, Your

18    Honor?

19         THE COURT:  Yes.

20              Thank you, everybody.  Have a very, very nice

21    day.

22              (The proceedings concluded at 3:02 p.m.)

23                                * * *

24

25

1              **CERTIFICATE OF OFFICIAL REPORTER**

2

3     COUNTY OF LOS ANGELES    )
                               )
4     STATE OF CALIFORNIA      )

5

6              I, TERRI A. HOURIGAN, Federal Official Realtime

7     Court Reporter, in and for the United States District Court for

8     the Central District of California, do hereby certify that

9     pursuant to Section 753, Title 28, United States Code that the

10    foregoing is a true and correct transcript of the

11    stenographically reported proceedings held in the

12    above-entitled matter and that the transcript page format is in

13    conformance with the regulations of the judicial conference of

14    the United States.

15

16    Date: 12th day of December, 2022.

17

18

19                          /s/ TERRI A. HOURIGAN
                  _____
20                TERRI A. HOURIGAN, CSR NO. 3838, RPR, CRR
                           Federal Court Reporter
21

22

23

24

25